John S. Kyle, Esq. (SBN 199196)
jkyle@klhipbiz.com
Jeffrey B. Harris, Esq. (SBN 202422)
jharris@klhipbiz.com
Laura K. Gantney, Esq. (SBN 199297)
lgantney@klhipbiz.com
KYLE HARRIS LLP
2305 Historic Decatur Road, Suite 100
San Diego, CA 91206
Tel:   (619) 600-0086

Attorneys for Defendants
DRP HOLDINGS, LLC; INLAND
VALLEY INVESTMENTS, LLC;
PROMENADE SQUARE, LLC

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BORREGO COMMUNITY HEALTH FOUNDATION, a California non-profit public benefit corporation, | **CASE NO. 3:21-CV-01417-L-AGS** |
| Plaintiff, | **DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)** |
| v. | |
| INLAND VALLEY INVESTMENTS, LLC, a California limited liability company; DRP HOLDINGS, LLC, a California limited liability company; PROMENADE SQUARE, LLC, a California limited liability company; WILL LIGHTBOURNE, Director, California Department of Healthcare Services; and DOES 1 through 50, inclusive, | Date:        September 20, 2021<br>Time:        10:30 a.m.<br>Courtroom:    5B<br><br>Hon. M. James Lorenz<br><br>**NO ORAL ARGUMENT PURSUANT TO CivLR 7.1(d)(1)** |
| Defendants. | |

## NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

**TO:   PLAINTIFF AND ITS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on September 20, 2021, at 10:30 a.m., or as soon thereafter as the matter may be heard in the above-entitled court, located at the Edward J. Schwartz Courthouse, 221 West Broadway, San Diego, California 92101—or via teleconference, video conference, or telephone conference as directed by the Court in accordance with its COVID-19 procedures—Defendants Inland Valley Investments, LLC, DRP Holdings, LLC and Promenade Square, LLC will move the Court to dismiss each and every claim alleged in Plaintiff's Second Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

This Motion is made on the grounds that Plaintiff's Second Amended Complaint ("SAC") fails to state a claim upon which relief can be granted against any of these Defendants.  Plaintiff's SAC and each and every claim should be dismissed as Plaintiff has failed to meet the pleading standards articulated by the United States Supreme Court in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007) and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009).  Plaintiff's SAC also fails to meet the heightened pleading standard required to state claims grounded in fraud as required by Fed. R. Civ. P. 9(b).  All of Plaintiff's claims except its claim for interpleader are barred by the applicable statutes of limitations.

## GROUNDS FOR MOTION

Defendants seek dismissal of all of Plaintiff's claims:

1.     Fraud—Imposition of a Constructive Trust

- Failure to state a claim for relief
- Failure to plead with particularity
- Claim is time-barred by the applicable statute of limitations

2.     Reformation Based on Fraud

- Failure to state a claim for relief

KYLE HARRIS LLP
2305 HISTORIC DECATUR ROAD, SUITE 100
SAN DIEGO, CA 92106

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT

KYLE HARRIS LLP
2305 HISTORIC DECATUR ROAD, SUITE 100
SAN DIEGO, CA 92106

- Failure to plead with particularity
- Claim is time-barred by the applicable statute of limitations

3. Rescission Based on Fraud

- Failure to state a claim for relief
- Failure to plead with particularity
- Claim is time-barred by the applicable statute of limitations

4. Money Had and Received (based on fraud)

- Failure to state a claim for relief
- Failure to plead with particularity
- Claim is time-barred by the applicable statute of limitations

5. California Business and Professions Code § 17200 (based on fraud)

- Failure to state a claim for relief
- Failure to plead with particularity
- Claim is time-barred by the applicable statute of limitations

6. Declaratory Relief (based on fraud)

- Failure to state a claim for relief
- Failure to plead with particularity
- Claim is time-barred by the applicable statute of limitations

7. Interpleader

- Failure to state a claim for relief

8. Injunction (based on fraud)

- Failure to state a claim for relief
- Failure to plead with particularity
- Claim is time-barred by the applicable statute of limitations

9. RICO (based on fraud)

- Failure to state a claim for relief
- Failure to plead with particularity
- Claim is time-barred by the applicable statute of limitations

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT

1    The Motion will be based on this Notice of Motion and Motion, the

2  Memorandum of Points and Authorities filed concurrently herewith, the Request

3  for Judicial Notice and attached exhibits filed concurrently herewith, the

4  Declaration of John S. Kyle, Esq. filed concurrently herewith, the pleadings and

5  papers filed herein, any oral argument entertained by the Court, and any such other

6  evidence as the Court deems fitting and proper.

Dated:  August 20, 2021

Respectfully submitted,

KYLE HARRIS LLP


By:   /s/ John S. Kyle
      John S. Kyle, Esq.
      Jeffrey B. Harris, Esq.
      Laura K. Gantney, Esq.

      Attorneys for Defendants
      DRP HOLDINGS, LLC; INLAND
      VALLEY INVESTMENTS, LLC; and
      PROMENADE SQUARE, LLC

KYLE HARRIS LLP
2305 HISTORIC DECATUR ROAD, SUITE 100
SAN DIEGO, CA 92106

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT

John S. Kyle, Esq. (SBN 199196)
jkyle@klhipbiz.com
Jeffrey B. Harris, Esq. (SBN 202422)
jharris@klhipbiz.com
Laura K. Gantney, Esq. (SBN 199297)
lgantney@klhipbiz.com
KYLE HARRIS LLP
2305 Historic Decatur Road, Suite 100
San Diego, CA  91206
Tel:    (619) 600-0086

Attorneys for Defendants
DRP HOLDINGS, LLC; INLAND
VALLEY INVESTMENTS, LLC;
PROMENADE SQUARE, LLC

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BORREGO COMMUNITY HEALTH FOUNDATION, a California non-profit public benefit corporation,<br><br>        Plaintiff,<br><br>v.<br><br>INLAND VALLEY INVESTMENTS, LLC, a California limited liability company; DRP HOLDINGS, LLC, a California limited liability company; PROMENADE SQUARE, LLC, a California limited liability company; WILL LIGHTBOURNE, Director, California Department of Healthcare Services; and DOES 1 through 50, inclusive,<br><br>        Defendants. | **CASE NO. 3:21-CV-01417-L-AGS**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT [F.R.C.P § 12(b)(6)]**<br><br>Date:        September 20, 2021<br>Time:       10:30 a.m.<br>Courtroom:   5B<br><br>Hon. M. James Lorenz |

# **TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION……………………………………………..1

II.     RELEVANT FACTS………………………………………..1

III.    RELEVANT PROCEDURAL BACKGROUND………………..2

IV.     LEGAL STANDARD…………………………………………3

V.      ARGUMENT…………………………………………………4

    A. BCHF Fails To State Any Plausible Claim For Relief………4

    B.  Claim 1 Does Not State a Cognizable Claim For Relief…….7

            1.  BCHF Fails To Plead Fraud with Rule 9(b)
                Particularity…………………………………………7

            2.  BCHF's First Claim (Imposition of Constructive Trust) is
                Time Barred…………………………………………….11

    C.  Claim 2 Does Not State A Cognizable Claim for Relief……15

            1.  BCHF Fails To Plead Reformation With Rule 9
                Particularity………………………………………..15

            2.  BCHF's Second Claim (Reformation) is Time Barred.16

    D.  The Third Claim Does Not State a Cognizable Claim for
        Relief………………………………………………………...16

            1.  BCHF Fails to Plead Rescission With Rule 9(b)
                Particularity………………………………………..16

            2.  BCHF's Third Claim (Rescission) is Time Barred…..16

    E. The Fourth Claim Does Not State a Cognizable Claim for
       Relief……………………………………………………….17

            1.  BCHF Fails To Plead Money Had And Received With
                Rule 9(b) Particularity……………………………..17

            2.  BCHF's Fourth Claim (Money Had And Received) is

KYLE HARRIS LLP
2305 HISTORIC DECATUR ROAD, SUITE 100
SAN DIEGO, CA 92106

KYLE HARRIS LLP
2305 HISTORIC DECATUR ROAD, SUITE 100
SAN DIEGO, CA 92106

Time Barred…………………………………………….17

F. The Fifth Claim Fails to State a Cognizable Claim for
Relief………………………………………………………17

   1. BCHF Fails to Plead Unfair Competition With Rule 9(b)
Particularity………………………………………………..17

   2. BCHF's Fifth Claim (Unfair Competition) is Time
Barred……………………………………………………...18

G. The Sixth Claim Does Not State a Cognizable Claim for
Relief……………………………………………………...18

   1. BCHF Plaintiff Fails to Plead Declaratory Relief Rule
9(b) Particularity…………………………………………..18

   2. BCHF's Sixth Claim (Declaratory Relief) is Time
Barred……………………………………………………...18

H. The Seventh Claim Does Not State a Cognizable Claim for
Relief……………………………………………………...18

   1. BCHF's Agreement with DHCS Does Not Support
Interpleader………………………………………………..19

I. The Eighth Claim Does Not State a Cognizable Claim for
Relief……………………………………………………...21

   1. BCHF Fails to Plead Entitlement to Injunction With Rule
9(b) Particularity…………………………………………..21

   2. BCHF's Eighth Claim (Injunction) is Time Barred….22

J. Claim 9 Fails to State a Cognizable Claim…………………..22

   1. BCHF Fails To Plead RICO With Rule 9(b)
Particularity………………………………………………..22

   2. BCHF Fails to Allege Predicate RICO acts………….23

   3. BCHF Fails to Allege Any Defendant Controlled Any
Aspect of The Enterprise……………………………..23

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

4.  BCHF Fails to Allege Any Defendant Engaged In a Pattern of Racketeering Activity………………………..24

5.  BCHF's Ninth Claim (RICO) is Time Barred………..25

KYLE HARRIS LLP
2305 HISTORIC DECATUR ROAD, SUITE 100
SAN DIEGO, CA 92106

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

# TABLE OF AUTHORITIES

**Cases**                                                                                                 **Page(s)**

*Amer. Gen. Life Ins. Co. v. Eisehnhauer,*
    2015 WL 13039439 *4-5 (C.D. Cal. May 7, 2015)………..……………21

*American Home Ins. Co. v. Travelers Indemnity Co.,*
    122 Cal.App.3d 951, 963 (1981) …………………………………………16

*Applied Equip. Corp. v. Litton Saudi Arabia Ltd.,*
    7 Cal.4th 503 (1994) ………………………………………………………10

*Ashcroft v. Iqbal,*
    556 U.S. 662, 677 (2009) ................................................................... 3

*Bartelme v. Merced Irrigation District*,
    31 F.2d 10, 12-13 (9th Cir. 1929) ................................................... 16

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544, 570 (2007) ................................................................... 3

*Berkson v. Del Monte Corp.,*
    743 F.2d 53, 55 (1st Cir. 1984) ...................................................... 25

*Bradbury v. Higginson,*
    167 Cal. 553, 557-558 (1914)........................................................ 16

*Cansino v. Bank of America,*
    224 Cal.App.4th 1462, 1472 (2014) ................................................. 8

*Carr v. King,*
    24 Cal. App. 713, 724 (1914) ........................................................ 15

*Casualty Insurance Company v. Rees-Investment Co.,*
    14 Cal.App.3d 716, 719 (1971) .................................................... 19

*City of South Pasadena v. Department of Transportation,*
    29 Cal.App.4th 1280, 1293 (1994) ............................................... 21

*Davis v. HSBC Bank Nevada, N.A.,*
    691 F.3d 1152, 1159 – 60 (9th Cir. 2012) .................................... 21

*East Bay Mun. Utility Dist. v. Dept. of Forestry & Fire Protection,*
    43 Cal.App.4th 1113, 1126, (1996) .............................................. 22

KYLE HARRIS LLP
2305 HISTORIC DECATUR ROAD, SUITE 100
SAN DIEGO, CA 92106

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

*Eclectic Properties East, LLC v. Marcus & Millichap*
    751 F.3d 990, 999 n.5 (9th Cir. 2014)..................................... 4

*Edwards v. Marin Park, Inc.,*
    356 F.3d 1058, 1065-66 (9th Cir. 2004) ................................. 23

*Emcco Ins. Co. v. Fankford Trust Co.,*
    352 F. Supp. 130, 133 (E.D. Pa. 1972) ................................... 21

*Favila v. Katten Muchin Rosenman LLP,*
    188 Cal.App.4th 189, 211 (2010) ........................................... 10

*Ferguson v. Yaspan,*
    233 Cal. App. 4th 676, 683 (2014) ......................................... 16

*Fox v. Ethicon Endo-- Surgery, Inc.,*
    35 Cal. 4th 797, 807-08, (2005) ............................................. 13

*Goodfellow v. Barritt,*
    130 Cal. App. 548, 557-558 (1933) ....................................... 16

*Gordon v. City of Oakland,*
    627 F.3d 1092, 1094 (9th Cir. 2010) ....................................... 4

*Goren v. New Visions Int'l, Inc.,*
    156 F.3d 721, 728 (7th Cir.1998) ........................................... 24

*Grisham v. Philip Morris U.S.A., Inc.,*
    40 C4th 623, 639 (2007).......................................................... 18

*Harris County Texas v. MERSCORP Inc.,*
    (5th Cir. 2015) 791 F3d 545, 552 ........................................... 18

*Harry v. Countrywide Home Loans, Inc.,*
    902 F.3d 16, 18-19 (1st Cir. 2018) ......................................... 25

*Hatch v. Collins,*
    225 Cal. App. 3d 1104, 1110 (1990)........................................ 11

*Higgins v. Higgins,*
    11 Cal. App. 5th 648, 659-660, 663 (2017) ......................... 11, 22

KYLE HARRIS LLP
2305 HISTORIC DECATUR ROAD, SUITE 100
SAN DIEGO, CA 92106

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

*Howard v. Am. Online Inc.*,
    208 F.3d 741, 751 (9th Cir. 2000) ................................................. 23

*In re Crazy Eddie Secs. Litig.*,
    714 F.Supp. 1285, 1292–93 (E.D.N.Y.1989) ............................... 22

*In re Outlaw Lab'y, LP Litig.*,
    No. 18-cv-840-GPC-BGS, 2020 WL 1953584, at *10 (S.D. Cal.
    Apr. 23, 2020) ................................................................................ 24

*In re Vaccine Cases*,
    134 CA4th 438, 458 (2005) .......................................................... 18

*Kearns v. Ford Motor Co.*,
    567 F.3d 1120, 1126-27 (9th Cir. 2009) ........................................ 8

*Kidron v. Movie Acquisition Corp.*
    40 Cal.App.4th 1571, 1582 (1995) ............................................ 9, 10

*Kline v. Turner*,
    (2001) 87 Cal. App.4th 1369, 1374 (2001) ................................... 14

*Lazar v. Sup. Ct.*,
    12 Cal.4th 631, 645 (1996) ............................................................. 8

*Lee v. W. Coast Life Ins. Co.*,
    688 F.3d 1004, 1009 (2012) .......................................................... 19

*Lemoge Elec. v. San Mateo County*,
    46 Cal.2d 659, 663 (1956) ............................................................ 15

*Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*,
    431 F3d 353, 365 (9th Cir. 2005) ................................................. 25

*Maguire v. Hibernia Savings & Loan Soc.*,
    23 Cal.2d 719, 733-734 (1944) .................................................... 18

*Mack v. Kuckenmeister.*
    619 F.3d 1010, 1024 (9th Cir.2010) ............................................. 19

*Murphy v. Travelers Ins. Co.*, 534 F.2d 1155, 1159,
    (5th Cir. 1976) .............................................................................. 19

KYLE HARRIS LLP
2305 HISTORIC DECATUR ROAD, SUITE 100
SAN DIEGO, CA 92106

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

*Navarro v. Block*,
250 F.3d 729, 732 (9th Cir. 2001) ................................................................ 3

*Pacific Recovery Solutions v. Cigna Behavioral Health, Inc.*,
No. 5:20-cv-02251-EJD, 2021 WL 1176677, *9 (N.D. Cal. Mar. 29, 2021).23

*People ex rel. Kennedy v. Beaumont Investments, Ltd.*,
111 Cal.App.4th 102, 137 (2003) ................................................................ 15

*Reves v. Ernst & Young*,
507 U.S. 170, 183 (1993) ................................................................ 23, 24

*Rhodeman v. Ocwen Loan Servicing, LLC*,
No. EDCV 18-2363, 2020 WL 4727289, *7 (S.D. Cal. July 30, 2020).......9

*Roberts v. Levine*,
No. 19-cv-567-WQH-BLM, 2019 WL 5650626, *13
(S.D. Cal. Oct. 31, 2019) ................................................................ 10

*Robertson v. Dean Witter Reynolds, Inc.*,
749 F.2d 530, 534 (9th Cir. 1984)................................................................ 3

*Rosal v. First Fed. Bank of Cal.*,
671 F. Supp. 2d 1111, 1131 (N.D. Cal. 2009)............................................ 11

*Sedima, S.P.R.L. v. Imrex Co., Inc.*,
473 U.S. 479, 496 n. 14 (1985) ................................................................ 24

*Shroyer v. New Cingular Wireless Serv., Inc.*,
622 F.3d 1035, 1041 (9th Cir. 2010)............................................................ 3

*Shupe v. Nelson*,
254 Cal.App.2d 693, 700 (1967) ................................................................ 15

*State Farm Fire & Casualty Co. v. Tashire*,
386 U.S. 523, 530 (1967) ................................................................ 19

*Swartz v. KPMG LLP*,
476 F.3d 756, 764-65 (9th Cir. 2007) ................................................................ 11

KYLE HARRIS LLP
2305 HISTORIC DECATUR ROAD, SUITE 100
SAN DIEGO, CA 92106

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Synopsis, Inc. v. Ubiquiti Networks, Inc.,*
   313 F. Supp. 3d 1056, 1076 (N.D. Cal. 2018) .......................................... 23

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.,*
   551 US 308, 322 (2007) ............................................................................ 20

*US v. Corinthian Colleges,*
   655 F.3d 984, 999 (2011) ......................................................................... 20

*Vess v. Ciba-Geigy Corp. USA,*
   317 F.3d 1097, 1105-06 (9th Cir. 2003) ............................................... 4, 22

*Walter v. Drayson,*
   538 F.3d 1244, 1247 (9th Cir. 2008) .................................................. 23, 24

*Wasco Prods., Inc. v. Southwall Tech., Inc.,*
   435 F.3d 989, 991-92 (9th Cir. 2006) ...................................................... 14

*Wausau Ins. Companies v. Gifford,*
   954 F.2d 1098, 1100 (5th Cir. 1992) ........................................................ 19

*Wyatt v. Union Mortg. Co.,*
   24 Cal. 3d 773, 784-787 (1979) ............................................................... 15

*Zakar v. CHL Mortg. Pass-Through Trust 2006,*
   No. 11cv0457, 2011 WL 4899953, *3 (S.D. Cal. Oct. 13, 2011)................. 8

## Codes

California Business and Professions Code § 17200.......................................... 17

Civil Code § 3399 .......................................................................................... 15

C.C.P. § 338(d) ................................................................................. 16, 18, 22

C.C.P. § 339(1) ............................................................................................... 17

45 CFR 75 subpart E ............................................................................... 5, 13

45 CFR 75.308(a) .................................................................................... 5, 13

Fed. R. Civ. P. 8(a)(2)...................................................................................... 4

KYLE HARRIS LLP
2305 HISTORIC DECATUR ROAD, SUITE 100
SAN DIEGO, CA 92106

ix

Fed. R. Civ. P. 12(b)(6) ........................................................................ 3

Fed. R. Civ. P. 15(a) ............................................................................. 4

18 U.S.C. § 1961(1) ............................................................................ 23

18 U.S.C. § 1962(c) ...................................................................... 23, 24

18 U.S.C. § 1962(d) ........................................................................... 23

## **Other**

U.S. Health Resources & Services Administration, *Health Center Program Compliance Manual* (August 20, 2018) ............................................ 5, 13

KYLE HARRIS LLP
2305 HISTORIC DECATUR ROAD, SUITE 100
SAN DIEGO, CA 92106

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

# I.   INTRODUCTION

Plaintiff Borrego Community Health Foundation ("BCHF" or "Plaintiff") alleges that it is a non-profit Federally Qualified Health Center ("FQHC") with annual federally funded health program revenues in the nine figures. It further alleges that its former and now deceased CEO, Bruce Hebets ("Hebets") engaged in an elaborate scheme of fraud and concealment with Defendants for nearly nine years, while the entire Board of BCHF performed no diligence and remained blissfully unaware of the scheme until the FBI raided BCHF's own premises and obtained BCHF's own documents that revealed the fraud. BCHF, however, does not—and cannot—plead particularized facts to substantiate this scheme as Rule 9(b) requires. Further, all of BCHF's claims except interpleader are barred by applicable statutes of limitation; the interpleader claim fails for want of competing claims to a single res; and the RICO claim fails because BCHF does not plead the requisite predicate acts, that Defendants exercised control over the enterprise, or a pattern of racketeering activity.

# II.   RELEVANT FACTS

This action concerns three separate commercial leases. On or about September 21, 2012, Defendant Promenade Square, LLC ("Promenade Square"), as landlord, entered into a lease with BCHF, as tenant, concerning an unfinished shell property in El Cajon, California ("Promenade Square Lease").  A copy of the lease is attached as Exhibit A to Plaintiff's Second Amended Complaint ("SAC").[1] The parties entered into five amendments to the Promenade Square Lease, entering into Amendment No. 5 on or about December 4, 2019. *Id.* The amendments generally reflected an increase in square footage to be leased, and corresponding increases in Tenant Improvement Allowances invested by Landlord, together with commensurate increases in monthly rent and/or duration of the lease.

On or about September 15, 2015, Defendant DRP Holdings, LLC ("DRP Holdings"), as landlord, entered into a lease with BCHF, as tenant, concerning a San

---

[1] The Court may find the SAC in Defendants' Notice of Removal, Dkt No. 1-15.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

KYLE HARRIS LLP
2305 HISTORIC DECATUR ROAD, SUITE 100
SAN DIEGO, CA 92106

KYLE HARRIS LLP
2305 HISTORIC DECATUR ROAD, SUITE 100
SAN DIEGO, CA 92106

1 Bernardino, California property to be acquired and built-out to BCHF's specifications
2 ("DRP Holdings Lease"). A copy of the lease is attached as Exhibit B to the SAC.

3     On or about February 2, 2016, Defendant DRP Holdings, as landlord, entered
4 into a lease with BCHF, as tenant, concerning a Barstow, California property to be
5 acquired and built-out to BCHF's specifications ("Inland Valley Lease"). A copy of
6 the lease is attached as Exhibit C to Plaintiff's SAC. The parties entered into an
7 amendment to the Inland Valley Lease on or about April 3, 3016, reflecting an
8 increase in the size of the space to be leased and the Tenant Improvement Allowance
9 to be invested, with commensurate changes to the rent rate. *Id.* DRP Holdings
10 assigned the Inland Valley Lease to Defendant Inland Valley Investments, LLC
11 ("Inland Valley") on or about August 29, 2017.

12     In or about October 2020, state and federal law enforcement authorities raided
13 BCHF's office in connection with a fraud investigation. (SAC at ¶ 30.) Thereafter,
14 BCHF stopped making lease payments to Defendants. Other than filing this action,
15 BCHF has not advised Defendants that BCHF is ready or willing to vacate any of the
16 three properties that are subject to the three leases described above.

## III.   RELEVANT PROCEDURAL BACKGROUND

18     BCHF filed its original Complaint on June 4, 2021 in in the Superior Court of
19 the County of San Diego, styled *Borrego Community Health Foundation v. Inland
20 Valley Investments, LLC, et al.*, Case No. 37-2021-00024676-CU-FR-CTL ("State
21 Court Action"). (Dkt No. 1-3) On or about June 7, 2021, BCHF filed a First Amended
22 Complaint ("FAC") in the State Court Action. (Dkt No. 1-7) Between July 2, 2021
23 and July 14, 2021, counsel for BCHF and Defendants met and conferred about certain
24 deficiencies in the FAC. BCHF agreed to file a SAC in an effort to cure such
25 deficiencies.

26     On or about July 30, 2021, BCHF its SAC filed in the State Court Action.[2]
27 (Dkt No. 1-15) In the SAC, Plaintiff asserts for the first time a claim under 18 U.S.C.

[2] On or about August 4, 2021, Plaintiff filed a document entitled "Notice of Errata Re Second Amended Complaint" in the State Court Action, purporting to correct its

KYLE HARRIS LLP
2305 HISTORIC DECATUR ROAD, SUITE 100
SAN DIEGO, CA 92106

§ 1962(c), violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). On August 6, 2021, Defendant DRP Holdings filed a Notice of Removal. (Dkt No. 1.) On or about August 12, 2021, Defendants Inland Valley and Promenade Square filed a Joinder In Notice of Removal of Action. (Dkt No. 2).

**IV. LEGAL STANDARD**

A motion under Rule 12(b)(6) tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted where the complaint lacks a cognizable legal theory. *Shroyer v. New Cingular Wireless Serv., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

As discussed in detail below, to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly,* 550 U.S. at 557). Further, the Court need not accept as true "legal conclusions" contained in the complaint. *Id.* The Court's review requires context-specific analysis involving the Court's "judicial experience and common s*ense." Id.* at 679 *(*citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Id.* Finally, although leave to amend a deficient complaint shall be freely given when justice so

---

omitted mention of Doe defendants in certain claims. (Dkt. 1-16) Defendants consider the SAC the operative pleading, as the Notice of Errata Re Second Amended Complaint does not appear to be a properly amended pleading. Defendants' points in this Motion apply equally to either the SAC or the Notice of Errata Re Second Amended Complaint.

1    requires, Fed.R.Civ.P. 15(a), "leave may be denied if amendment of the complaint

2    would be futile." *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010).

3    **V. ARGUMENT**

4        **A.    BCHF Fails To State Any Plausible Claim For Relief.**

5        Because the entire SAC depends on an alleged elaborate fraudulent scheme, it

6    must meet the pleading standards of FRCP 9(b) and the *Twombly/Iqbal* plausibility

7    test. In other words, such claims must be pled with particularity *and* be plausible.

8    *Twombly*, 550 U.S. at 569; *Eclectic Properties East, LLC v. Marcus & Millichap* 751

9    F.3d 990, 999 n.5 (9th Cir. 2014). Conclusory allegations are insufficient to satisfy

10   FRCP 8(a)(2)'s requirement of statement showing that "Plaintiff is entitled to relief."

11   *Twombly* at 557. They are also insufficient to satisfy Rule 9(b).

12       The Court may consider only well-pleaded factual allegations in determining

13   plausibility. The Court should disregard fraud allegations that fail to meet rule 9(b)

14   particularity, and then must evaluate the remaining specific factual allegations to see if

15   BCHF states a plausible claim. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1105-

16   06 (9th Cir. 2003). Moreover, allegations are implausible if there are "obvious

17   alternative explanations" for the facts alleged indicating lawful conduct, not the

18   unlawful conduct BCHF urges. *Iqbal* at 662. As with claims sounding in fraud, RICO

19   claims also require "a significant level of factual specificity" to show that relief is

20   plausible. *Eclectic Properties,* 751 F.3d at 997-998. Conclusory allegations bereft of

21   factual specificity are insufficient. *Id.*

22       For the reasons below, BCHF's SAC—its third attempt to plead a plausible

23   case, fails once its conclusory allegations are stripped away and its particularized

24   factual allegations are examined. The gravamen of BCHF's SAC is an alleged

25   fraudulent scheme between its late CEO Hebets and Daryl Priest ("Priest"), a

26   prominent East County real estate developer who BCHF alleges was Hebets' high

27   school friend. SAC ¶¶ 6, 16, 17, 29, 37-48, 51, 55-67. BCHF alleges a fantastical

28   scheme in which Priest would allegedly buy and build medical clinics and then rent

KYLE HARRIS LLP
2305 HISTORIC DECATUR ROAD, SUITE 100
SAN DIEGO, CA 92106

them to BCHF at illegal prices—*i.e.* above arbitrary "fair market values" (as allegedly determined by an unidentified analyst by unknown and unverified methods). SAC ¶¶ 6, 31-32. BCHF further alleges that its Board (in breach of their statutorily-mandated duties) was oblivious to the leases and their terms for over eight years—from 2012 until the FBI raided BCHF's offices in October, 2020 (such raid being for reasons unrelated to the leases). SAC ¶¶ 2-6, 8-9. 29, 38, 41, 44, 47, 49-50, 55-58, 60-62, 102, 107. BCHF alleges that its Board remained oblivious despite BCHF's admissions that it operates in one of the most heavily-regulated industries in the nation, that it submitted mandatory annual budget and cost reporting to the government in accordance with the detailed regulations under which it operates,[3] and despite BCHF having paid rent on the leases without question or complaint for the entire eight years. (SAC ¶¶ 3-4, 7-8, 18, 20, 32, 58, 60, 103-104.)   But the leases and amendments attached to the SAC reveal perfectly rational alternative explanations for their terms. Defendants took extreme risk at BCHF's request, millions of dollars were paid to acquire two properties in remote locations, over $5 million more was spent to construct purpose-built medical facilities to BCHF's specifications. (Exhibits A, B and C to SAC.)

    Rather than arms-length business transactions pursuant to which Defendants invested millions of dollars before BCHF paid a cent in rent, resulting in millions of dollars to be amortized over the life of the leases—a plausible conclusion based on the terms of the leases and amendments attached to the SAC—BCHF alleges a vague and ambiguous, long-term and egregious fraud that would literally require the collusion of dozens people over the course of nearly a decade. And according to the SAC, it's not BCHF that's making the claim–it's the unnamed "monitor" BCHF agreed to install at the point of a gun, without which the government refused to abate the Notice

---

[3] *See* 45 CFR 75.308(a) and 45 FCR 75 subpart E (cost principles sections 75.400-75.477); *see also* U.S. Health Resources & Services Admin., *Health Center Program Compliance Manual* (Aug. 20, 2018), Ch.17: Budget, pp.69-70 [available at https://bphc.hrsa.gov/sites/default/files/bphc/programrequirements/pdf/hc-compliance-manual.pdf] (citing 45 CFR 75.308(a) and 45 CFR 75 Subpart E).

KYLE HARRIS LLP
2305 HISTORIC DECATUR ROAD, SUITE 100
SAN DIEGO, CA 92106

1    of Reimbursement Suspension cutting off BCHF's access to what it alleges were 90%

2    of its revenues. (SAC ¶ 34, 10:26 ("This lawsuit is BCHF's good faith attempt to

3    comply with those directives").)  So as a result of the unnamed monitor's unilateral

4    decision, unsupported by any due process afforded to Defendants, BCHF stopped

5    paying rent in January 2021 (SAC ¶7.a, 4:16-19; ¶35, 11:5) and smeared the

6    reputation of Priest, the man who invested $7 million dollars to allow BCHF to grow

7    to better meet its statutory mandate of providing medical care in underserved

8    communities (such as Barstow and San Bernardino). BCHF now seeks tens of

9    millions of dollars in damages based on an alleged fraudulent scheme arising out of an

10   purported childhood friendship.  But its story defies belief.

11         This is just the type of case the *Iqbal/Twombly* opinions say a Court should

12   dismiss before reaching the discovery phase. Bereft of any factual specificity, BCHF's

13   claims are just not plausible. The only factual bases on which BCHF alleges this

14   grand scheme are: Hebets and Priest were purportedly high school friends, and that

15   Priest owns a different company that has contracted with Plaintiff to perform various

16   services unrelated to the leases and property at issue here. (SAC ¶¶ 6, 16, 37.)  From

17   those two factual allegations (SAC ¶¶ 6, 16, 37)–BCHF leaps to the conclusion that

18   Priest was so close to Hebets that BCHF, as a matter of law obvious to it and any

19   contracting counterparty, was legally prohibited by conflict of interest principles from

20   contracting with any company in which Priest had an interest. (SAC ¶¶ 16, 37.)  Of

21   course, BCHF does not plead with any particularity why a purported high-school

22   friendship and/or the alleged unrelated contract creates such a far-reaching effect.

23   Indeed, BCHF does not even identify the purported contract it alleges has such vast

24   consequences, nor when it was entered, who negotiated it, what its terms were—

25   nothing. BCHF must do much more to plead fraud with Rule 9 specificity.

26         Simply put, BCHF makes a series of conclusory allegations which do not name

27   the who, what, where and when of fraud. In fact, it remarkably alleges that Defendants

28   were "presumed" to know that the regulatory scheme prohibited the three landlords

KYLE HARRIS LLP
2305 HISTORIC DECATUR ROAD, SUITE 100
SAN DIEGO, CA 92106

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

from entering into the subject leases and their amendments, simply by virtue of Priest being an experienced real estate developer. SAC ¶¶ 51, 64. BCHF then infers from such conclusory presumption that Priest is a crook who intentionally defrauded taxpayers out of millions of dollars. BCHF cannot plead intent to defraud based on a "presumption."  Further, BCHF fails to allege any facts from which the Court could infer an actual legal prohibition, or Defendants' knowledge of it. BCHF alleges its payment of rent on the three medical clinics constitutes an illegal embezzlement scheme, ignoring the obvious commercial reality that tenants in possession pay rent to landlords pursuant to leases that give tenants such possession. BCHF calls that an embezzlement scheme that constitutes a RICO violation. Such an inference is not plausible. That's not embezzlement. That's an ordinary commercial transaction. Commerce would stop in its tracks if commercial landlords' ordinary commercial activity constituted a federal crime. Plaintiff's preferred conclusions are not plausible without specific facts alleged to show why an ordinary commercial transaction is a fraudulent scheme.

BCHF also conclusorily alleges that its Board never knew of the leases and their terms, but could and would have easily determined that the leases were illegal had they done even minimal diligence. (SAC ¶¶ 5-6, 107.)  BCHF, however, makes no attempt to explain how the Board could possibly have overlooked the leases when the Board reviewed and approved annual budgets, made mandatory cost reports to the government under the regulatory requirements, and paid rent without question for over eight years before the government raided its facilities. The Court would have to suspend its disbelief entirely to find such a tale is plausible. Moreover, BCHF fails to allege how or why the Board's alleged gross-negligence is imputable to Defendants.

**B.     Claim 1 Does Not State a Cognizable Claim For Relief.**

**1.     BCHF Fails To Plead Fraud with Rule 9(b) Particularity.**

KYLE HARRIS LLP
2305 HISTORIC DECATUR ROAD, SUITE 100
SAN DIEGO, CA 92106

BCHF's first claim seeks the imposition of a constructive trust based on fraud.[4] (SAC ¶¶ 54-67.) Claims sounding in fraud must comply with the heightened pleading requirements of F.R.C.P. 9(b). The requirement applies equally to a cause of action for fraud as well as to deceit based on concealment. *Cansino v. Bank of America* (2014) 224 Cal.App.4th 1462, 1472; *see also Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126-27 (9th Cir. 2009).

In addition, a party is held to a higher standard in asserting a fraud claim against a corporate defendant. *Zakar v. CHL Mortg. Pass-Through Trust 2006*, No. 11cv0457, 2011 WL 4899953, *3 (S.D. Cal. Oct. 13, 2011). The plaintiff must allege the names of the persons who made the allegedly fraudulent misrepresentations on behalf of the corporation, their authority to speak, to whom they spoke, what they said or wrote, and to whom it was said or written. *Lazar v. Sup. Ct.* 12 Cal.4th 631, 645 (1996). Here, no such allegations exist.  BCHF does not say what Priest or any agent of Defendants purportedly said or did that constitutes a misrepresentation.

Instead, BCHF alleges that its own former CEO Hebets repeatedly breached his fiduciary duties over a course of years; that its own Board failed in its duty to exercise oversight over a course of years; and that somehow landlords are vicariously accountable for BCHF's own failures. (SAC at ¶¶ 37-48.) At best, <u>only vague and ambiguous</u> allegations are directed at Defendants Promenade, DRP or Inland Valley. Such allegations consist entirely of unsupported legal conclusions, devoid of specific facts to support the allegations, and/or fail to allege anything more than that the three subject leases are favorable to Defendants based on some unidentified determination of arbitrary "fair market rent." For example, BCHF alleges that:

- Beginning in 2012 and continuing through December 2016, Hebets and Priest caused BCHF and several Priest-owned entities to enter into various contracts under which millions of dollars of federally funded healthcare program funds were unlawfully diverted to the Priest-owned entities. (SAC ¶ 37)

---

[4] This brief follows federal court convention and refers to BCHF's "causes of action" as "claims for relief" or "claims."

KYLE HARRIS LLP
2305 HISTORIC DECATUR ROAD, SUITE 100
SAN DIEGO, CA 92106

- Promenade, DRP, and Inland Valley **are presumed to know** FMR for their respective leases, that the stated rent is over FMR, and that the lease terms of 30+ years are far beyond fair market lease terms (in the absence of terms allowing BCHF to terminate the lease on reasonable notice). (SAC ¶ 51)

- Promenade, DRP, and Inland Valley **are charged with knowledge** that they were each entering into an over-FMR lease with a non-profit FQHC. (SAC ¶ 51)

- In committing the acts and omissions alleged above, Hebets, acting as BCHF's Chief Executive Officer at the time, knowingly acted in concert with each of the Priest LLCs to enter into 30+ year leases at more than twice FMR. (SAC ¶ 55)

- [T[he Priest LLCs were always aware that the Priest Leases called for payment by a non-profit FQHC so far in excess of FMR that no reasonable Board would consider their approval, much less approve them. (SAC ¶ 63)

- [E]each of the Priest LLCs knowingly and willfully conspired and agreed with Hebets and Does 1-50, inclusive, to damage BCHF by and through Hebets' and others' fraud and deceit as described in detail above. (SAC ¶ 65)

These allegations fall far short of Rule 9 specificity. BCHF fails to allege that Promenade, DRP or Inland Valley concealed or suppressed any fact from BCHF, that any Defendant owed a fiduciary duty to BCHF or any type of duty to disclose anything to BCHF,[5] or that any Defendant intentionally and knowingly concealed or suppressed any material fact with specific intent to defraud BCHF.

Moreover, if BCHF intended to allege civil conspiracy to conceal against Promenade, DRP or Inland Valley, it still fails to plead facts sufficient to hold those Defendants liable for the conduct of Hebets. The "basis of a civil conspiracy is the formation of a group of two or more persons who have agreed to a common plan or design to commit a tortious act." *Kidron v. Movie Acquisition Corp.* 40 Cal.App.4th 1571, 1582 (1995). To state a cause of action for conspiracy, the complaint must

---

[5] Defendants dispute BCHF's unsupported assertions that any of the three leases calls for payment in excess of "fair market rent." However, even if BCHF amended its claims to assert more detailed allegations that would support its view of "fair market rent," it could not state a claim for fraudulent concealment against Defendants. Unlike billing for unperformed services, billing in excess of fair market value does not impose a duty to disclose. *Rhodeman v. Ocwen Loan Servicing, LLC*, No. EDCV 18-2363, 2020 WL 4727289, *7 (S.D. Cal. July 30, 2020).

9

allege (1) the formation of a group of two or more persons who agreed to a common plan or design to commit a tortious act; (2) a wrongful act committed pursuant to the agreement; and (3) resulting damages. *Roberts v. Levine*, No. 19-cv-567, 2019 WL 5650626, *13 (S.D. Cal. Oct. 31, 2019) (citing *Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal.4th 503 (1994)). The conspiring defendants must have "actual knowledge that a tort is planned and concur in the tortious scheme with knowledge of its unlawful purpose." *Kidron* at 1582. Additionally, "[k]nowledge of the planned tort must be combined with intent to aid in its commission." *Id.* Since fraud is the object of an alleged conspiracy, BCHF must plead fraud and conspiracy with specificity. *Favila v. Katten Muchin Rosenman LLP*, 188 Cal.App.4th 189, 211 (2010).

BCHF has not come close to satisfying this high pleading standard. It does not provide detailed allegations that any Defendant made a specific agreement to commit any wrongful act with Hebets. Instead, BCHF alleges that Priest, and therefore Defendants, were "presumed" to know the leases were illegal because they were purportedly charging rates above "fair market rent." But BCHF fails to take into account other explanations for the terms of the leases. (SAC ¶¶ 51, 64.) BCHF likewise fails to allege that the Board could not have obtained the leases and learned their terms through the exercise of reasonable diligence. In fact, BCHF alleges that the Board **was not reasonably diligent**. (SAC ¶¶ 5-6, 8-9, 49-50, 57, 60-61, 107.) BCHF pleads that the alleged fraud was not discovered until law enforcement raided Plaintiff's offices in October 2020 (SAC ¶ 62), and then the leases "were reviewed" in the "course of the investigation" (SAC ¶ 31), with no explanation at all for why its Board was purportedly asleep at the wheel for nearly a decade, or why its alleged sleepiness should be imputed to Defendants. Plaintiff's SAC seeks tens of millions of dollars predicted on the specious conclusion that its Board's alleged failure to know the terms of the leases at issue is evidence of Defendants' fraud. That is ludicrous.

Critically, Rule 9(b) does not allow a complaint to "merely lump multiple defendants together but requires plaintiffs to differentiate allegations when suing more

KYLE HARRIS LLP
2305 HISTORIC DECATUR ROAD, SUITE 100
SAN DIEGO, CA 92106

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

than one defendant and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007) (internal quotation omitted). While Hebets, as BCHF's CEO, may have owed a fiduciary duty to BCHF, none of the Defendants owed such a duty. A party who is not in a fiduciary relationship with the plaintiff cannot be held liable for conspiracy to breach a duty owed only by a fiduciary, or for conspiracy to commit constructive fraud. *See, e.g.*, *Kidron*, *supra*, at 1597-1598.

Finally, BCHF alleges, without specific supporting allegations, that the three leases are fraudulent because "Promenade, DRP, and Inland Valley are more likely than not 'disqualified persons' under the Internal Revenue Code and Treasury regulations." (SAC at ¶¶ 16, 37 and 83.) BCHF alleges Promenade, DRP, and Inland Valley are disqualified persons solely because: (1) Priest is purportedly a longtime personal friend of Hebets, and Priest is the sole owner, member and manager of Promenade, DRP, and Inland Valley; and (2) Priest additionally owned and operated an unidentified "management services organization that had managerial control over discrete portions of BCHF" during an unidentified time period. (SAC at ¶¶ 16 and 37.) These allegations omit the requisite "who, when, where and by what means" supporting allegations with respect to the three Defendants. The allegations fail to explain why those facts would render each Defendant a "disqualified person."

**2. BCHF's First Claim (Imposition of Constructive Trust) is Time Barred.**

The statute of limitations on a fraud claim is three-years. C.C.P. § 338(d). *Rosal v. First Fed. Bank of Cal.*, 671 F. Supp. 2d 1111, 1131 (N.D. Cal. 2009). The gravamen of BCHF's claim for imposition of constructive trust is fraud. The applicable statute of limitations is determined by the *gravamen* of the complaint, not its caption or form of pleading. The equitable action (constructive trust) is subject to the statute of limitations that governs the underlying substantive right. *See Hatch v. Collins*, 225 Cal.App.3d 1104, 1110 (1990); *Higgins v. Higgins*, 11 Cal.App.5th 648, 659-660, 663 (2017).

KYLE HARRIS LLP
2305 HISTORIC DECATUR ROAD, SUITE 100
SAN DIEGO, CA 92106

BCHF's claim for constructive trust is grounded in purported fraud based on the alleged failure of Hebets to disclose the three leases or their material terms to the BCHF Board at the time Hebets executed the leases. (SAC ¶¶ 55-62.) The alleged fraud occurred at the time Hebets executed each lease. Thus, the first claim (imposition of constructive trust) accrued as follows: Promenade Lease—September 21, 2012; DRP Lease—September 15, 2015; and Inland Valley Lease—February 2, 2016. (SAC ¶ 40, 12:12-14 and EX. A; SAC ¶ 43, 12:22-24 and EX. B; and SAC ¶ 46, 13:5-8 and EX. C.) Accordingly, the statute ran on BCHF's claim for constructive trust as follows: Promenade Lease—**September 21, 2015;** DRP Lease—**September 15, 2018;** and Inland Valley Lease—**February 2, 2019**.

BCHF did not file its <u>initial complaint</u> in California Superior Court until **June 4, 2021** (Dkt. 1, at EX. B, ROA #1), more than six years past the statute of limitations date for the Promenade Lease; nearly three years past the statute of limitations date for the DRP Lease; and over two years past statute of limitations date for the Inland Valley Lease. Accordingly, all of BCHF's fraud-based claims are time barred.

BCHF attempts to circumvent the running of the three-year statute by alleging that its entire Board of directors was asleep at the switch for nearly *nine years*, *i.e.* ever since BCHF entered into the Promenade Lease in September 2012. Remarkably, BCHF alleges that its entire Board did not know of the existence or terms of the three purportedly fraudulent leases at the time BCHF agreed to them. BCHF also alleges, however, that "[b]eginning no later than 2012, certain (now former) BCHF executives **and Board members caused BCHF to enter into contracts** with companies owned in whole or in part by Priest." (SAC ¶9, 9:17-18.) BCHF inconsistently alleges that members of its Board were both unaware of the three leases and yet caused BCHF to enter them.  This allegation alone is fatal to BCHF's constructive trust claim.

Likewise, BCHF's remarkable claim that its Board did not discover the alleged fraud until the government raided *BCHF's facilities on October 20, 2020* is a laughable demonstration of BCHF's desperation. SAC ¶¶ 30 and 62. In other words,

KYLE HARRIS LLP
2305 HISTORIC DECATUR ROAD, SUITE 100
SAN DIEGO, CA 92106

BCHF purportedly discovered the allegedly fraudulent leases when the government seized from BCHF's office its own documents that revealed the alleged fraud. But it doesn't allege how the raid led it to such discovery, nine years, six years and five years after the leases were executed.

The allegations of concealment are not plausible on their face. BCHF admits, as it must, that the regulatory scheme required the Board to review and approve BCHF's budgets annually before BCHF submitted the proposed budgets to HRSA for approval. The annual budgets had to include operating expenses, including the costs associated with leases for real property, in accordance with Cost Principles under 45 CFR Part 75[6]:

- SAC ¶3 states, "As a FQHC, BCHF operates pursuant to a comprehensive scheme of state and federal laws and regulations under which: Rates for federally funded medical services paid by the State of California are set for each BCHF clinic based in part on mandatory cost reports submitted to the United States Center for Medicare & Medicaid Services ("CMS")…"

- SAC ¶7(b) explains "As such, CMS recognizes the fair market value of facility costs reasonably incurred and truthfully reported by FQHCs in determining the reimbursement rates to be paid clinics operated by the FQHC."

- SAC ¶7(b) also notes the "mandatory cost reports required under title 42 of the United States Code section 1395g…"

Accordingly, it is simply not plausible that BCHF's entire Board remained unaware of the three leases and their terms for up to nine years.

"The discovery rule only delays accrual until the plaintiff has, or should have, inquiry notice of the cause of action." *Fox v. Ethicon Endo—Surgery, Inc.*, 35 Cal.4th 797, 807-08, (2005) ("A plaintiff whose complaint shows on its face that his claim would be barred without the benefit of the discovery rule must specifically plead facts

---

[6] *See* 45 CFR 75.308(a) and 45 CFR 75 Subpart E (Cost Principles (sects. 75.400 – 75.477); *see also* U.S. Health Resources & Services Administration, *Health Center Program Compliance Manual* (August 20, 2018), Ch. 17: Budget, pp.69 – 70 [available at https://bphc.hrsa.gov/sites/default/files/bphc/programrequirements/pdf/hc-compliance-manual.pdf] (citing 45 CFR 75.308(a) and 45 CFR 75 Subpart E).

to show (1) the time and manner of discovery and (2) <u>the inability to have made</u> <u>earlier discovery despite reasonable diligence.</u>") (emphasis added)). To allege equitable tolling based on fraudulent concealment, a complaint must meet the particularity requirements of Rule 9(b). *See Wasco Prods., Inc. v. Southwall Tech., Inc.*, 435 F.3d 989, 991-92 (9th Cir. 2006) (requiring a plaintiff to meet Rule 9(b) pleading standards where plaintiff's tolling argument sounds in fraud).

Because the fraud BCHF complains of occurred outside three years prior to the filing of the BCHF's original complaint and because BCHF admittedly paid the allegedly excessive rents for up to nine years without complaint or question (*See* SAC ¶ 7 ("The leases were paid…"); ¶ 20 ("BCHF has already paid the Priest LLC's approximately $11,500,000 over FMV…"; ¶¶ 31-32), BCHF bears the heavy burden to <u>specifically</u> plead facts showing the time and manner of its discovery and its inability to have made earlier discovery <u>despite reasonable diligence</u> through examination of sources open to it, including the corporate books. *Casualty Insurance Co. v. Rees Investment Co.*, 14 Cal.App.3d 716, 719 (1971) (emphasis added.); *see also Kline v. Turner*, 87 Cal. App.4th 1369, 1374 (2001). BCHF falls well short.

To the contrary, BCHF alleges that any reasonably prudent Board member would have easily discovered the purported fraud had they exercised <u>any</u> diligence:

- "Board oversight of executive action is therefore essential to BCHF's placement of facility leases…" (SAC ¶8)

- "No informed rational FQHC board could lawfully approve these leases." (SAC ¶6, 3:21-22)

- "**With minimum due diligence**, the over-FMR price and excessive duration of the Promenade, DRP, and Inland Valley Leases, combined with the absence of any term allowing BCHF to terminate a lease prior to their respective lease terms, would have been readily apparent." (SAC ¶49, 13:16-18 (emphasis added))

- "**With a minimum of due diligence**, the over-FMR price and excessive duration of the Priest Leases, combined with the absence of any terms allowing BCHF to terminate any of the Priest Leases prior to 2046 would have been readily apparent." (SAC ¶61, 16:26-28 (emphasis added))

- "As further detailed below, these leases were never subject to due diligence." (SAC ¶6, 3:17)

14

Accepting all these allegations as true, all BCHF alleges is that the Board would have easily uncovered the fantastical-fraudulent scheme BCHF alleges had its Board members even minimally done their jobs and not breached their fiduciary duties. Defendants, however, are not accountable for the Board's failures. BCHF admits that its Board performed no diligence at all. Those allegations doom its first claim (constructive trust).[7]

### C.   Claim 2 Does Not State A Cognizable Claim for Relief.

#### 1. BCHF Fails To Plead Reformation With Rule 9 Particularity.

BCHF's second claim seeks reformation based on fraud. (SAC at ¶¶ 68-76.) For the reasons set forth above, BCHF fails to plead the underlying fraud with the requisite particularity and the Court should dismiss its reformation claim.

Civil Code § 3399 governs reformation: "When, through fraud or a mutual mistake of the parties, or a mistake of one party, which the other at the time knew or suspected, a written contract does not truly express the intention of the parties, it may be revised, on the application of a party aggrieved, so as to express that intention . . . ."  The purpose of reformation is to correct a written instrument in order to effectuate a common intention of both parties which was incorrectly reduced to writing. *Lemoge Elec. v. San Mateo County,* 46 Cal.2d 659, 663 (1956). To state a case for reformation of a written instrument, the pleader must show that by reason of fraud practiced by one of the parties, "there were thus omitted from the instrument certain material terms and conditions, or, in other words, that the language of the writing failed, for some reason, to express the intention of the parties."  *Carr v. King*, 24 Cal. App. 713, 724 (1914). The "intention of the parties" refers to "a single intention which is entertained by both parties." *Shupe v. Nelson*, 254 Cal.App.2d 693, 700 (1967). Although a court

---

[7] As discussed above, BCHF fails to plead conspiracy with requisite particularity. As such, BCHF cannot avail itself of tolling based on the "last overt act" doctrine. *See Wyatt v. Union Mortg. Co.*, 24 Cal. 3d 773, 784-787 (1979). "Proof of civil conspiracy triggers the 'last overt act' doctrine." *People ex rel. Kennedy v. Beaumont Investments, Ltd.*, 111 Cal.App.4th 102, 137 (2003) (citing *Wyatt*). Here, BCHF has not sufficiently pled any conspiracy, let alone proven by clear and convincing evidence any such conspiracy.

KYLE HARRIS LLP
2305 HISTORIC DECATUR ROAD, SUITE 100
SAN DIEGO, CA 92106

may reform a contract to conform it to the real agreement, it has no power to make a new contract. *Amer. Home Ins. Co. v. Travelers Indem. Co.* 122 Cal.App.3d 951, 963 (1981); *Bartelme v. Merced Irrigation Dist.*, 31 F.2d 10, 12-13 (9th Cir. 1929).

Here, BCHF does not allege "what the real agreement was" with respect to each lease at the time it was executed. BCHF does not allege that Defendants ever agreed to any lease terms other than those set forth in the leases. While BCHF pleads that the lease terms should be different, it fails to allege that Defendants entertained that same intention at the time the parties entered into the leases. Accordingly, BCHF does not plead a meeting of the minds to support reformation and the claim fails.

### 2. BCHF's Second Claim (Reformation) is Time Barred

The gravamen of BCHF's reformation claim is the same alleged fraud and concealment that serves as the basis for its claim to constructive trust. (*Compare* SAC ¶¶55-62 and ¶¶ 69-72.) California courts have long held that the three-year limitations period for fraud under C.C.P. § 338(d) is applicable to actions seeking the *equitable* remedy of *reformation. Bradbury v. Higginson*, 167 Cal. 553, 557-558 (1914); *Goodfellow v. Barritt*, 130 Cal. App. 548, 557-558 (1933). Accordingly, the arguments above regarding the first claim (imposition of constructive trust) apply equally to the second claim (reformation) and the statute has run.

### D. Claim 3 Does Not State a Cognizable Claim for Relief.

### 1. BCHF Fails To Plead Rescission With Rule 9(b) Particularity.

BCHF's third claim seeks rescission of the three leases based on fraud. (SAC ¶¶ 77-80.) For the reasons set forth above, BCHF's fails to plead the underlying fraud with the requisite particularity and the Court should dismiss its rescission claim.

### 2. BCHF's Third Claim (Rescission) is Time Barred

Rescission is subject to a four-year statute of limitations under C.C.P. § 337(c); *see Ferguson v. Yaspan*, 233 Cal. App. 4th 676, 683 (2014). The four-year statute ran as follows: Promenade Lease—**September 21, 2016;** DRP Lease—**September 15, 2019;** and Inland Valley Lease—**February 2, 2020**.

KYLE HARRIS LLP
2305 HISTORIC DECATUR ROAD, SUITE 100
SAN DIEGO, CA 92106

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

Because the same alleged fraud and concealment serves as the basis for the both the first claim (constructive trust) and the third claim (rescission), the same arguments apply and the four-year statute bars BCHF's rescission claim.

**E.     Claim 4 Does Not State a Cognizable Claim for Relief.**

**1.      BCHF Fails To Plead Money Had And Received With Rule 9(b) Particularity.**

BCHF's fourth claim for Money Had and Received is also based on the same alleged fraud. (SAC at ¶¶ 77-80.) For the reasons set forth above, BCHF's fourth claim fails to plead the underlying fraud with the requisite particularity and the Court should dismiss its money had and received claim.

**2.      BCHF's Fourth Claim (Money Had And Received) is Time Barred.**

"The statute of limitations to bring a claim for money had and received is two years and does not run until the discovery of the loss." C.C.P. § 339(1). The two-year statute ran as follows: Promenade Lease—**September 21, 2014;** DRP Lease—**September 15, 2016;** and Inland Valley Lease—**February 2, 2017**.

Because the fourth claim is based upon the third claim (rescission) (SAC ¶82) and is also based upon the same alleged fraud and concealment that serves as the basis for the first claim (constructive trust) (SAC ¶83), the same arguments apply. The two-year statute bars BCHF's claim for money had and received.

**F.     Claim 5 Fails to State a Cognizable Claim For Relief.**

**1.      BCHF Fails To Plead Unfair Competition With Rule 9(b) Particularity.**

BCHF's fifth claim for violation of California Business and Professions Code § 17200 is also based on the same alleged fraud and unlawful conduct. (SAC ¶¶ 85-88.) Rule 9(b)'s heightened pleading standard applies to UCL claims where the claims are grounded in fraud. *Kearns*, 567 F.3d at 1125. Thus, the pleading *as a whole* must satisfy the particularity requirement of Rule 9(b), and the Court need not separately analyze the UCL claim under the unfairness prong. *Id.* at 1127. For the same reasons set forth above, BCHF fails to plead the underlying fraud with the requisite

KYLE HARRIS LLP
2305 HISTORIC DECATUR ROAD, SUITE 100
SAN DIEGO, CA 92106

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

specificity, fails to allege facts demonstrating that members of the public are likely to be deceived, and the Court should dismiss its UCL claim.

### 2.    BCHF's Fifth Claim (Unfair Competition) is Time Barred.

An action for "unfair competition" (Bus. & Prof. § 17200) must be filed within four years after accrual. Bus. & Prof. C. § 17208; *see Grisham v. Philip Morris U.S.A., Inc.*, 40 Cal. 4th 623, 639 (2007); *In re Vaccine Cases* 134 Cal.App.4th 438, 458 (2005). Because the same alleged fraud and concealment serves as the basis for both the first claim (constructive trust) and fifth claim (violation of B&P Code §17200 et seq.), the same arguments apply and the four-year statute of limitations ran on the dates set forth for the rescission claim above. BCHF's UCL claim is time barred.

### G.    Claim 6 Does Not State a Cognizable Claim for Relief.

#### 1.    BCHF Fails To Plead Declaratory Relief With Rule 9(b) Particularity.

BCHF's sixth claim (declaratory relief) is also based on the same alleged fraud. SAC ¶¶ 89-90. Rule 9(b)'s heightened pleading standard applies to that claim. Moreover, declaratory relief is a procedural device for granting a remedy. It does not create any substantive rights or causes of action. *Harris County Texas v. MERSCORP Inc.*, 791 F3d 545, 552 (5th Cir. 2015).

#### 2.    BCHF's Sixth Claim (Declaratory Relief) is Time Barred.

The gravamen of BCHF's sixth claim (declaratory relief) is the same alleged fraud and concealment that serves as the basis for its claim to constructive trust. (SAC ¶¶89-90.) Accordingly, the three-year statute of limitations in C.C.P. §338(d) applies to the sixth claim (declaratory relief). *See Maguire v. Hibernia Savings & Loan Soc.*, 23 Cal.2d 719, 733-734 (1944). Because the same alleged fraud and concealment serves as the basis for the both the first claim (constructive trust) and the sixth claim (declaratory relief), the same arguments apply and the three-year statute ran as set forth above for the first claim for relief.

### H.    Claim 7 Does Not State a Cognizable Claim For Relief.

KYLE HARRIS LLP
2305 HISTORIC DECATUR ROAD, SUITE 100
SAN DIEGO, CA 92106

BCHF's attempt to interplead Will Lightbourne in his capacity as Director, California Department of Health Care Services ("DHCS") is irreparably deficient. The SAC itself, as well as the agreements with DHCS to which it refers, demonstrate that BCHF cannot interplead DHCS as a matter of law.

"The courts and authorities have uniformly held that a single, identifiable fund is a prerequisite to an interpleader action." *Wausau Ins. Companies v. Gifford*, 954 F.2d 1098, 1100 (5th Cir. 1992) (citing *State Farm Fire & Casualty Co. v. Tashire,* 386 U.S. 523, 530 (1967). "The purpose of interpleader is for the stakeholder to 'protect itself against the problems posed by multiple claimants to a single fund.'" *Lee v. West Coast Life Ins. Co.*, 688 F.3d 1004, 1009 (2012) (quoting *Mack v. Kuckenmeister,* 619 F.3d 1010, 1024 (9th Cir.2010)).

BCHF's interpleader violates the "single fund" rule. BCHF alleges that "BCHF faces contrary competing claims *on its money*." (SAC ¶93 (emphasis added).) An inchoate claim "against the general assets of a party rather than specific, identifiable 'property' is not a proper subject for interpleader relief." *Murphy v. Travelers Ins. Co.*, 534 F.2d 1155, 1159 (5th Cir. 1976). While DHCS might one day conclude that BCHF overcharges Medi-Cal (or other programs), possibly including some component of over-reimbursements for rents paid to Defendants, that is a far cry from DHCS and Defendants having competing claims to a single fund, as is required for interpleader relief. Moreover, BCHF has not pled that DHCS is actually a claimant. At best it pleads DHCS *might* be a claimant at some unspecified time in the future.

### 1. BCHF's Agreement with DHCS Does Not Support Interpleader.

The February 2021 agreement between BCHF and DHCS makes clear that interpleader is not warranted. BCHF alleges:

> 34. In order to remain in operation, BCHF signed an agreement with DHCS in February 2021 under which an independent monitor selected by DHCS would institute a robust corporate integrity and compliance program at BCHF. As is relevant here, DHCS' monitor has directed BCHF to: (1) stop paying above FMR on the Priest Leases; and, (2) take action to address over-FMR payments, excessive 30-year lease terms, and the failure to include lease provisions under which BCHF may

KYLE HARRIS LLP
2305 HISTORIC DECATUR ROAD, SUITE 100
SAN DIEGO, CA 92106

terminate the leases. This lawsuit is BCHF's good faith attempt to comply with those directives

The Court should consider that agreement (hereinafter the "February 2021 Agreement") between DHCS and Plaintiff in determining whether interpleader is appropriate. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.* 551 US 308, 322 (2007) (court ruling on motion to dismiss must consider not only the complaint but also sources incorporated by reference). The Ninth Circuit has explained that documents not actually attached to a pleading are properly considered in a motion to dismiss where the complaint refers to the document, is central to the claim in question, and is not reasonably susceptible to questions of authenticity. *US v. Corinthian Colleges*, 655 F.3d 984, 999 (2011). The various references to the agreement between Plaintiff and DHCS are central to BCHF's claim that it must not only pursue this litigation but must obtain interpleader relief in order to satisfy competing claimants.[8]

But the February 2021 Agreement does not even *mention* the Defendants, or the leases that are the subject of this lawsuit. Instead, it paints a general picture of a threat by DHCS to withhold or recoup funds *generally* from Plaintiff over a *host* of concerns about improprieties unrelated to Defendants. (Exh. 2 attached to Request for Judicial Notice *passim*.)  Moreover, the February 2021 Agreement is "an integrated writing representing the complete, final, and exclusive embodiment of their Agreement." (*Id*. at para g.v (p11).)  This agreement belies the notion that DHCS and Defendants have competing claims against a single, identifiable fund.[9]  The February

---

[8] BCHF provided this document to Defendants.  (Declaration of John S. Kyle at ¶¶ 2, 4 & RJN at Ex. 2.)
[9] The Court should also consider Exh. 1 to the Request for Judicial Notice. That document is the August 3, 2021 Corrective Action Plan initiated by DHCS for BCHF. While it mentions the leases relevant to this dispute beginning on the bottom of page 5, **the Required Action on page 6 related to the leases neither directs BCHF to file this lawsuit or withhold payments to Defendants**; nor does it state any intention by DHCS to recoup any funds associated with rents paid or owed by BCHF to Defendants.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

KYLE HARRIS LLP
2305 HISTORIC DECATUR ROAD, SUITE 100
SAN DIEGO, CA 92106

1    2021 Agreement evidences no claim by DHCS to any money at all, let alone to the

2    same money owed to Defendants.[10]

3         For these reasons, the Court must dismiss with prejudice the claim for

4    interpleader. Should the Court allow BCHF to further amend its complaint,

5    Defendants respectfully request that the Court exercise its discretion to require BCHF

6    to attach complete copies of its written agreements with DHCS and the independent

7    monitor to that amended pleading; notably two of the three agreements referenced and

8    "incorporated" into the February agreement were not provided, making the agreement

9    incomplete on its face. *See Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1159-

10   60 (9th Cir. 2012). Moreover, should the Court allow BCHF to pursue interpleader

11   relief, Defendants reserve the right to seek a bond in the amount of the total due under

12   all three leases. *See, e.g., Emcco Ins. Co. v. Fankford Trust Co.,* 352 F. Supp. 130, 133

13   (E.D. Pa. 1972) (deposit or bond commonly required under FRCP 22 Interpleader);

14   *see also Amer. Gen. Life Ins. Co. v. Eisehnhauer*, 2015 WL 13039439 *4-5 (C.D. Cal.

15   May 7, 2015) (quoting *Emcco* and ordering bond).

16   **I.    Claim 8 Does Not State a Cognizable Claim for Relief.**

17       **1.  BCHF Fails to Plead Entitlement to Injunction With Rule 9(b)**
          **Particularity.**

18        BCHF includes a separate claim for injunctive relief pursuant to its claims for

19   interpleader and UCL violations. (SAC at ¶¶ 95-98.) Injunctive relief is a remedy, not

20   a cause of action. *City of South Pasadena v. Department of Transportation*, 29

21   Cal.App.4th 1280, 1293 (1994). For the reasons set forth above that demonstrate

22   Plaintiff's failure to plead the necessary facts to support the alleged fraudulent scheme

23   underpinning all its claims, the Court should dismiss this claim.

24        Further, California law provides that "an injunction properly issues only where

25   the right to be protected is clear, injury is impending and so immediately likely as

26

27   ---
  [10] The February 2021 Agreement also reveals what the SAC implies: DHCS is
working *with* BCHF in this litigation, not against it. The February 2021 Agreement

28   gives the independent monitor almost plenary power over BCHF. (para. b.iii (p3));
(*id*. at b.viii (p4)); and (*id.* at b.xiii (p6)). The monitor, in turn, takes direction
exclusively from, and works exclusively for, DHCS (para. b.v (p4))

KYLE HARRIS LLP
2305 HISTORIC DECATUR ROAD, SUITE 100
SAN DIEGO, CA 92106

1    only to be avoided by issuance of the injunction." *East Bay Mun. Utility Dist. v. Dept.*

2    *of Forestry & Fire Protection,*43 Cal.App.4th 1113, 1126, (1996). Here, BCHF has

3    not pled any facts which demonstrate it has a clear right to protection or that injury is

4    immediately impending. BCHF cannot obtain an injunction on the basis simply that it

5    believes that the rent is too high. If it could, any tenant in California could enjoin any

6    landlord from enforcing a lease based simply on an unsubstantiated allegation that the

7    lease exceeds the tenant's arbitrarily stated "fair market rent."  That cannot be the law.

8              **2.      BCHF's Eighth Claim (Injunction) is Time Barred.**

9              The gravamen of this claim is the same alleged fraud and concealment that

10   serves as the basis for its claim to constructive trust and other claims. (SAC ¶¶91-92;

11   95-97.) Accordingly, the three-year statute of limitations in C.C.P. §338(d) applies to

12   the eighth claim (injunction). As BCHF recognizes, "injunction" is a remedy and not a

13   claim for relief in and of itself." (SAC ¶96.) As such, the equitable action (injunction)

14   is subject to the statute of limitations governing the underlying substantive right and is

15   time-barred. *See Higgins v. Higgins*, 11 Cal.App.5th 648, 659-660, 663 (2017).

16        **J.      Claim 9 Fails to State a Cognizable Claim.**

17             **1.      BCHF Fails To Plead RICO With Rule 9(b) Particularity.**

18             Plaintiff's ninth claim alleges violation of RICO under 18 U.S.C. § 1962(c).

19   (SAC at ¶ 100). Where the predicate acts alleged to support a RICO claim are based

20   on fraud, the policies underlying Rule 9(b) are "especially important in RICO cases

21   because of the harm to a person's reputation that allegations of 'racketeering' may

22   do." *In re Crazy Eddie Secs. Litig.*, 714 F.Supp. 1285, 1292–93 (E.D.N.Y.1989).

23   Thus, the heightened pleading standard requires "the who, what, when, where, and

24   how of the misconduct charged." *Vess*, 317 F.3d at1106.

25             BCHF comes nowhere close to complying with Rule 9(b). Rather than

26   providing more detailed factual allegations in the RICO claim than BCHF asserted

27   elsewhere, BCHF simply repeats the same conclusory allegations. (SAC at ¶¶ 99-

28   117.) The SAC lacks any specifics as to the "who, what, when, where, and how" **each**

KYLE HARRIS LLP
2305 HISTORIC DECATUR ROAD, SUITE 100
SAN DIEGO, CA 92106

KYLE HARRIS LLP
2305 HISTORIC DECATUR ROAD, SUITE 100
SAN DIEGO, CA 92106

**Defendant** allegedly committed "federal healthcare offenses" with respect the three separate leases. The RICO claim is subject to dismissal based on this deficiency alone. *See Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065-66 (9th Cir. 2004) (affirming dismissal of RICO fraud claim for failure to allege "the time, place, and specific content of the false representations…").[11]

### 2.   BCHF Fails to Allege Predicate RICO acts.

To state a claim under § 1962(c), a plaintiff must also allege "a pattern...of racketeering activity."   *Walter v. Drayson*, 538 F.3d 1244, 1247 (9th Cir. 2008). "Racketeering activity" is defined as "the commission of a predicate act that is one of an enumerated list of federal crimes" under 18 U.S.C. § 1961(1). *Synopsis, Inc. v. Ubiquiti Networks, Inc.*, 313 F. Supp. 3d 1056, 1076 (N.D. Cal. 2018). "Federal healthcare offenses" are not among the statutory list of predicate acts under 18 U.S.C. § 1961(1). *Pacific Recovery Solutions v. Cigna Behavioral Health, Inc.*, No. 5:20-cv-02251-EJD, 2021 WL 1176677, *9 (N.D. Cal. Mar. 29, 2021). BCHF identifies solely federal healthcare offenses (18 U.S.C. §§ 669, 1035, 1347, 287, 371, 666, 1001, and 1349) in its allegations concerning its "list of predicate acts and the specific statutes that were violated." (SAC ¶ 104.) BCHF's, one-sentence attempt to couch the alleged conduct as "an act indictable under 18 USC § 1957 ("Engaging in monetary transactions in property derived from specified unlawful activity")" is entirely conclusory and not supported by any factual allegations in the SAC. (SAC ¶ 115.)

### 3.   BCHF Fails to Allege That Any Defendant Controlled Any Aspect of The Enterprise.

To plead a RICO violation, BCHF must allege sufficient facts to establish the "conduct" element. *Reves v. Ernst & Young*, 507 U.S. 170, 183 (1993). "In order to

---

[11] Included in Plaintiff's Ninth Cause of Action for Defendants' alleged violation of 18 U.S.C. § 1962(c) is a single sentence that the "facts described herein demonstrate the existence of a conspiracy between Hebets, Priest, and the defendants. (18 USC 1962(d).)." (SAC at ¶ 110.) But to establish a RICO conspiracy, Plaintiff must allege either (1) an agreement that is a substantive violation of RICO, or (2) that each of the defendants agreed to commit, or participated in, a violation of two predicate offenses. *Howard v. Am. Online Inc.*, 208 F.3d 741, 751 (9th Cir. 2000) (citing 18 U.S.C. § 1962(d)). BCHF fails to allege any particularized agreement as to each Defendant.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

KYLE HARRIS LLP
2305 HISTORIC DECATUR ROAD, SUITE 100
SAN DIEGO, CA 92106

'participate, directly or indirectly, in the conduct of such enterprise's affairs,' one must have some part in directing those affairs." *Id.* at 179 (quoting 18 U.S.C. § 1962(c)). "[S]imply performing services for an enterprise, even with knowledge of the enterprise's illicit nature, is not enough to subject an individual to RICO liability under § 1962(c); instead, the individual must have participated in the operation and the management of the enterprise itself." *Goren v. New Visions Int'l, Inc.,* 156 F.3d 721, 728 (7th Cir.1998).

To assess whether a defendant had a sufficient role in operation or management to meet the standard of § 1962(c) and *Reves*, courts consider whether the defendant (1) gave or took directions; (2) occupied a position in the chain of command through which the affairs of the enterprise are conducted; (3) knowingly implemented decisions of upper management; or (4) was indispensable to achievement of the enterprise's goal in that the defendant's position is 'vital' to the mission's success. *In re Outlaw Lab'y, LP Litig.,* No. 18-cv-840-GPC-BGS, 2020 WL 1953584, at *10 (S.D. Cal. Apr. 23, 2020) (citing *Walter v. Drayson*, 538 F.3d 1244, 1249 (9th Cir. 2008)). The SAC is devoid of any facts that any Defendant participated in the operation or management of BCHF (the "enterprise") in any way. To the contrary, BCHF makes clear the limited role Defendants had, alleging the "current defendants are associated with the Enterprise in that they are the Enterprise's landlords for 3 locations." (SAC at ¶105, subparagraph d.) By BCHF's own allegations, no Defendant gave directions or participated in the management of BCHF.

### 4. BCHF Fails to Allege Any Defendant Engaged In a Pattern of Racketeering Activity

Section 1962(c) prohibits a person from participating in the conduct of the affairs of an enterprise through a *pattern* of racketeering activity. *Sedima, S.P.R.L. v. Imrex Co., Inc.,* 473 U.S. 479, 496 n. 14 (1985) (quoting S.Rep. No. 617, 91st Cong., *1363 2d Sess. 158 (1969). Here, the conduct alleged against each Defendant (entering into one commercial lease with BCHF) does not rise to the "pattern" of

activity required by RICO.  Moreover, because Hebets is now deceased, no threat of continued criminal activity remains.

### 5.   BCHF's Ninth Claim (RICO) is Time Barred.

The Supreme Court (by analogy to the Clayton Act) has established a four-year limitations period for civil RICO claims. A RICO claim accrues for purposes of the statute of limitations when plaintiff "had enough information to warrant an investigation which, <u>if reasonably diligent</u>, would have led to discovery of the fraud." *Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*, 431 F3d 353, 365 (9th Cir. 2005). The doctrine of fraudulent concealment for tolling the statute on a RICO claim does not apply. *See, e.g.*, *Harry v. Countrywide Home Loans, Inc.*, 902 F.3d 16, 18-19 (1st Cir. 2018); *Berkson v. Del Monte Corp.*, 743 F.2d 53, 55 (1st Cir. 1984) (Claimant must plead and prove its diligent efforts to discover the alleged fraud).

As discussed above, BCHF admits that its Board was not reasonably diligent. Therefore, BCHF cannot rely upon the doctrine of fraudulent concealment. Moreover, BCHF fails to plead fraud and concealment with adequate particularity. Accordingly, the Court cannot permit BCHF to avoid the statute of limitations based on a theory it has failed to plead. Because the same alleged fraud and concealment serves as the basis for the both the first claim (constructive trust) and the ninth claim (RICO), the same arguments apply and the applicable four-year statute ran as set forth above.

Dated:  August 20, 2021

Respectfully submitted,

KYLE HARRIS LLP


By:   /s/ John S. Kyle
        John S. Kyle, Esq.
        Jeffrey B. Harris, Esq.
        Laura K. Gantney, Esq.
        KYLE HARRIS LLP

        Attorneys for Defendants
        DRP HOLDINGS, LLC; INLAND
        VALLEY INVESTMENTS, LLC; and
        PROMENADE SQUARE, LLC

KYLE HARRIS LLP
2305 HISTORIC DECATUR ROAD, SUITE 100
SAN DIEGO, CA 92106

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

Jeffrey B. Harris, Esq. (SBN 202422)
jharris@klhipbiz.com
John S. Kyle, Esq. (SBN 199196)
jkyle@klhipbiz.com
Laura K. Gantney, Esq. (SBN 199297)
lgantney@klhipbiz.com
KYLE HARRIS LLP
2305 Historic Decatur Road, Suite 100
San Diego, CA  91206
Tel:   (619) 600-0086

Attorneys for Defendants
DRP HOLDINGS, LLC; INLAND
VALLEY INVESTMENTS, LLC;
PROMENADE SQUARE, LLC

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BORREGO COMMUNITY HEALTH FOUNDATION, a California non-profit public benefit corporation,<br><br>Plaintiff,<br><br>v.<br><br>INLAND VALLEY INVESTMENTS, LLC, a California limited liability company; DRP HOLDINGS, LLC, a California limited liability company; PROMENADE SQUARE, LLC, a California limited liability company; WILL LIGHTBOURNE, Director, California Department of Healthcare Services; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO.  3:21-CV-01417-L-AGS<br><br>**DECLARATION OF JOHN S. KYLE, ESQ. IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS** |

I, John S. Kyle, declare:

KYLE HARRIS LLP
2305 HISTORIC DECATUR ROAD, SUITE 100
SAN DIEGO, CA 92106

1      1.    I am an attorney licensed before this Court and a partner of Kyle Harris, LLP, attorneys of record for Defendants DRP Holdings, LLC; Inland Valley Investments, LLC and Promenade Square, LLC. I have personal knowledge of the facts stated below and could testify competently thereto if called upon to do so.

2.    On August 11, 2021, at approximately 1:50 p.m., I received an email from counsel for Plaintiff Borrego Community Health Foundation, Gregory Hatton, with an attachment consisting of a 26 page pdf ("Email Attachment"). The Email Attachment was labeled as "Borrego Corrective Action Plan 8-3-21 w attachments."

3.    Attachment 1 to Defendants' concurrently-filed Request for Judicial Notice is a true and correct copy of an August 3, 2021 letter from DHCS Deputy Director Bruce Lim, CPA, attached to which is a 6 page, unsigned document titled "Department of Health Care Services Borrego Community Health Foundation Corrective Action Plan August 3, 2021." Attachment 1 is a true and correct copy of the first 8 pages of the Email Attachment that I received on August 11, 2021 from Mr. Hatton.

4.    Attachment 2 to Defendants' concurrently-filed Request for Judicial Notice is a true and correct copy of a document on pleading paper titled "Agreement Between The California Department of Health Care Services and Borrego Community Health Foundation To Modify November 18, 2020 Payment Suspension Pursuant to Welfare and Institutions Code, section 14107.11," with signatures dated February 25 and 26, 2021. Attachment 2 is a true and correct copy of pages 9 through 21 of the Email Attachment that I received on August 11, 2021 from Mr. Hatton.

DECLARATION OF JOHN S. KYLE, ESQ. IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

1    5.    Attachment 3 to Defendants' concurrently-filed Request for Judicial

2  Notice is a true and correct copy of a 5 page document titled "DHCS and Borrego

3  Term Sheet" bearing signatures dated January 27, 2021.   Attachment 3 is a true

4  and correct copy of pages 22 through 26 of the Email Attachment that I received

5  on August 11, 2021 from Mr. Hatton.

6        I declare under penalty of perjury under the laws of the United States of

7  America that the foregoing is true and correct of my own personal knowledge as of

8  August 20, 2021.

9

10                         By:    /s/ John S. Kyle

11                              John S. Kyle, Esq.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KYLE HARRIS LLP
2305 HISTORIC DECATUR ROAD, SUITE 100
SAN DIEGO, CA 92106

DECLARATION OF JOHN S. KYLE, ESQ. IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS