John S. Kyle, Esq. (SBN 199196)
jkyle@klhipbiz.com
Jeffrey B. Harris, Esq. (SBN 202422)
jharris@klhipbiz.com
Laura K. Gantney, Esq. (SBN 199297)
lgantney@klhipbiz.com
KYLE HARRIS LLP
2305 Historic Decatur Road, Suite 100
San Diego, CA 91206
Tel: (619) 600-0086

Attorneys for Defendants
DRP HOLDINGS, LLC; INLAND
VALLEY INVESTMENTS, LLC;
PROMENADE SQUARE, LLC

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BORREGO COMMUNITY HEALTH FOUNDATION, a California non-profit public benefit corporation,<br><br>Plaintiff,<br><br>v.<br><br>INLAND VALLEY INVESTMENTS, LLC, a California limited liability company; DRP HOLDINGS, LLC, a California limited liability company; PROMENADE SQUARE, LLC, a California limited liability company; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO. 3:21-CV-01417-L-AGS<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**<br><br>Date: May 9, 2022<br>Time: 10:30 a.m.<br>Courtroom: 5B<br><br>Hon. M. James Lorenz<br><br>**NO ORAL ARGUMENT PURSUANT TO CIV. L.R. 7.1** |

## NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT

TO:  **PLAINTIFF AND ITS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on May 9, 2022, at 10:30 a.m., or as soon thereafter as the matter may be heard in the above-entitled court, located at the Edward J. Schwartz Courthouse, 221 West Broadway, San Diego, California 92101—or via teleconference, video conference, or telephone conference as directed by the Court in accordance with its COVID-19 procedures—Defendants Inland Valley Investments, LLC, DRP Holdings, LLC and Promenade Square, LLC will move the Court to dismiss each and every claim alleged in Plaintiff's Third Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

This Motion is made on the grounds that Plaintiff's Third Amended Complaint ("TAC") fails to state a claim upon which relief can be granted against any of these Defendants.  Plaintiff's TAC and each and every claim should be dismissed as all of Plaintiff's claims are barred by the applicable statutes of limitations.  Plaintiff has also failed to meet the heightened pleading standard required to state claims grounded in fraud as required by Fed. R. Civ. P. 9(b). Further, Plaintiff's TAC and each and every claim should be dismissed because Plaintiff has failed to meet the pleading standards articulated by the United States Supreme Court in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007) and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009).

## <u>GROUNDS FOR MOTION</u>

Defendants seek dismissal of all of Plaintiff's claims:

1.  Fraud—Imposition of a Constructive Trust

- Failure to state a claim for relief
- Failure to plead with particularity
- Claim is time-barred by the applicable statute of limitations

2.  Reformation Based on Fraud

- Failure to state a claim for relief
- Failure to plead with particularity

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS THIRD AMENDED COMPLAINT

KYLE HARRIS LLP
2305 HISTORIC DECATUR ROAD, SUITE 100
SAN DIEGO, CA 92106

- Claim is time-barred by the applicable statute of limitations

3. Rescission Based on Fraud
    - Failure to state a claim for relief
    - Failure to plead with particularity
    - Claim is time-barred by the applicable statute of limitations

4. Money Had and Received (based on fraud)
    - Failure to state a claim for relief
    - Failure to plead with particularity
    - Claim is time-barred by the applicable statute of limitations

5. California Business and Professions Code § 17200 (based on fraud)
    - Failure to state a claim for relief
    - Failure to plead with particularity
    - Claim is time-barred by the applicable statute of limitations

6. Declaratory Relief (based on fraud)
    - Failure to state a claim for relief
    - Failure to plead with particularity
    - Claim is time-barred by the applicable statute of limitations

7. RICO (based on fraud)
    - Failure to state a claim for relief
    - Failure to plead with particularity
    - Claim is time-barred by the applicable statute of limitations

The Motion will be based on this Notice of Motion and Motion, the Memorandum of Points and Authorities filed concurrently herewith, the Request for Judicial Notice and attached exhibits filed concurrently herewith, the Declaration of Laura K. Gantney, Esq. filed concurrently herewith, the pleadings

/ /
/ /
/ /

KYLE HARRIS LLP
2305 HISTORIC DECATUR ROAD, SUITE 100
SAN DIEGO, CA 92106

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS THIRD AMENDED COMPLAINT

and papers filed herein, any oral argument entertained by the Court, and any such other evidence as the Court deems fitting and proper.

Dated: April 5, 2022

Respectfully submitted,

KYLE HARRIS LLP

By: ___/s/ John S. Kyle___
John S. Kyle, Esq.
Jeffrey B. Harris, Esq.
Laura K. Gantney, Esq.

Attorneys for Defendants
DRP HOLDINGS, LLC; INLAND
VALLEY INVESTMENTS, LLC; and
PROMENADE SQUARE, LLC

KYLE HARRIS LLP
2305 HISTORIC DECATUR ROAD, SUITE 100
SAN DIEGO, CA 92106

John S. Kyle, Esq. (SBN 199196)
jkyle@klhipbiz.com
Jeffrey B. Harris, Esq. (SBN 202422)
jharris@klhipbiz.com
Laura K. Gantney, Esq. (SBN 199297)
lgantney@klhipbiz.com
KYLE HARRIS LLP
2305 Historic Decatur Road, Suite 100
San Diego, CA  91206
Tel:    (619) 600-0086

Attorneys for Defendants
DRP HOLDINGS, LLC; INLAND
VALLEY INVESTMENTS, LLC;
PROMENADE SQUARE, LLC

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BORREGO COMMUNITY HEALTH FOUNDATION, a California non-profit public benefit corporation,<br><br>Plaintiff,<br><br>v.<br><br>INLAND VALLEY INVESTMENTS, LLC, a California limited liability company; DRP HOLDINGS, LLC, a California limited liability company; PROMENADE SQUARE, LLC, a California limited liability company; and DOES 1 through 50, inclusive,<br><br>Defendants. | **CASE NO. 3:21-CV-01417-L-AGS**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT [F.R.C.P § 12(b)(6)]**<br><br>Date:        May 9, 2022<br>Time:       10:30 a.m.<br>Courtroom:      5B<br><br>Hon. M. James Lorenz<br><br>**NO ORAL ARGUMENT PURSUANT TO CIV. L.R. 7.1** |

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................... 1

II.   RELEVANT FACTS ............................................................. 2

III.  RELEVANT PROCEDURAL BACKGROUND .................................. 3

IV.   LEGAL STANDARD ............................................................ 4

V.    ARGUMENT ...................................................................... 5

    A.    BCHF's Seventh Claim (RICO) is Time-Barred.................... 5

        1.    The Statute of Limitations on BCHF's RICO Claim
            Accrued In 2012, 2015 and 2016............................5

        2.    BCHF Failed To Plead Facts To Support Equitable
            Tolling...................................................................7

    B.    Claim 7 Fails To State a Cognizable Claim.........................8

        1.    BCHF Fails To Plead RICO With Rule 9(b)
            Particularity.................................................... 8

        2.    BCHF Fails To Plausibly Allege The Conduct Element
            Of Its RICO Claim......................................... 11

        3.    BCHF Fails to Adequately Plead That Any Defendant
            Engaged In Racketeering Activity........................ 13

        4.    BCHF Fails to Allege Any Defendant Engaged In A
            Pattern of Racketeering Activity........................ 15

        5.    BCHF Fails To Adequately Plead RICO Conspiracy
            Under 18 U.S.C. § 1962(d).............................. 16

    C.    Claim 1 Does Not State a Cognizable Claim For Relief......... 17

        1.    BCHF Fails To Plausibly Plead Fraud With Rule 9(b)
            Particularity................................................. 17

        2.    BCHF's First Claim (Imposition of Constructive Trust)
            Is Time Barred.........................................................19

D.  Claim 2 Does Not State a Plausible Claim For Relief............ 21

    1.  BCHF Fails to Plead Reformation With Rule 9 Particularity…………………………………………………… 21

    2.  BCHF's Second Claim (Reformation) Is Time-Barred… 22

E.  Claim 3 Does Not State a Cognizable Claim For Relief………. 22

    1.  BCHF Fails to Plead Rescission With Rule 9(b) Particularity……………………………………………………… 22

    2.  BCHF's Third Claim (Rescission) Is Time-Barred….…… 22

F.  Claim 4 Does Not State a Cognizable Claim For Relief…..…… 23

    1.  BCHF Fails to Plead Money Had And Received With Rule 9(b) Particularity………………………….…… 23

    2.  BCHF's Fourth Claim (Money Had and Received) Is Time-Barred…………………………………….……... 23

G.  Claim 5 Fails To State a Cognizable Claim For Relief……….. 23

    1.  BCHF Fails to Plead Unfair Competition With Rule 9(b) Particularity……………………………………………23

    2.  BCHF's Fifth Claim (Unfair Competition) is Time-Barred……………………………………………… 23

H.  Claim 6 Does Not State a Cognizable Claim For Relief………. 24

    1.  BCHF Fails to Plead Declaratory Relief With Rule 9(b) Particularity…………………………………………… 24

    2.  BCHF's Sixth Claim (Declaratory Relief) is Time Barred…………………………………………………… 24

I.  The Court Should Dismiss BCHF's State Claims…………….. 24

KYLE HARRIS LLP
2305 HISTORIC DECATUR ROAD, SUITE 100
SAN DIEGO, CA 92106

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Agency Holding Corp. v. Malley-Duff & Assocs., Inc.,* 483 U.S. 143 (1987)..... 5

*Alan Neuman Productions, Inc. v. Albright,* 862 F.2d 1388 (9th Cir. 1988) .14

*Applied Equip. Corp. v. Litton Saudi Arabia Ltd.,* 7 Cal.4th 503 (1994).......... 18

*Arizona v. Cook Paint & Varnish Co.*, 541 F.2d 226 (9th Cir. 1976) ............... 25

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)................................................................ 4

*Baumer v. Pachl*, 8 F.3d 1341 (9th Cir. 1993) ................................12, 13, 16, 17

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ........................................ 4, 10

*Bradbury v. Higginson*, 167 Cal. 553 (1914) .................................................... 22

*Buran Equip. Co. v. Hydro Elec. Constructors*, 656 F. Supp. 864
    (N.D. Cal. 1987) ........................................................................................ 15

*Cansino v. Bank of America* (2014) 224 Cal.App.4th 1462 ............................. 17

*Carr v. King*, 24 Cal. App. 713 (1914).............................................................. 21

*De Los Angeles Gomez v. Bank of America, N.A.,* 642 Fed. Appx. 670
    (9th Cir. 2016)........................................................................................... 16

*Eclectic Props. E., Ltd. Liab. Co. v. Marcus & Millichap Co.*, 751 F.3d
    990 (9th Cir. 2014) ......................................................................................9

*Edmondson & Gallagher v. Alban Towers Tenants Ass'n*, 48 F.3d
    1260 (D.C.Cir.1995)................................................................................... 15

*Edwards v. Marin Park, Inc.*, 356 F.3d 1058 (9th Cir. 2004) ..........................9

*Eller v. Equi Trust Life Ins. Co.*, 778 F.3d 1089 (9th Cir. 2015) ................... 15

*Ellis v. J.P. Morgan Chase & Co.,* 752 F. App'x 380 (9th Cir. 2018)............... 12

*Favila v. Katten Muchin Rosenman LLP*, 188 Cal.App.4th 189 (2010) ........... 18

*Ferguson v. Yaspan*, 233 Cal. App. 4th 676 (2014)........................................... 22

*Fox v. Ethicon Endo—Surgery, Inc.,* 35 Cal.4th 797 (2005)............................ 20

*Goodfellow v. Barritt*, 130 Cal. App. 548 (1933)............................................. 22

KYLE HARRIS LLP
2305 HISTORIC DECATUR ROAD, SUITE 100
SAN DIEGO, CA 92106

*Goren v. New Visions Int'l, Inc.,* 156 F.3d 721 (7th Cir.1998) .......................... 12

*Grimmett v. Brown,* 5 F.3d 506 (9th Cir. 1996) .................................................. 5, 7

*Grisham v. Philip Morris U.S.A., Inc.*, 40 Cal. 4th 623 (2007) ........................ 23

*Guerrero v. Greenpoint Mortgage Funding, Inc.*, 403 Fed.Appx. 154
    (9th Cir. 2010) .................................................................................... 24, 25

*Harris County Texas v. MERSCORP Inc.*, 791 F3d 545 (5th Cir. 2015) .......... 24

*Hatch v. Collins*, 225 Cal.App.3d 1104 (1990) .................................................. 20

*Higgins v. Higgins*, 11 Cal.App.5th 648, 659-660 (2017) ................................. 20

*Howard v. Am. Online Inc.*, 208 F.3d 741 (9th Cir. 2000) .......................... 16, 17

*Kearns v. Ford Motor Co.,* 567 F.3d 1120 (9th Cir. 2009) ................................ 23

*Kidron v. Movie Acquisition Corp.* 40 Cal.App.4th 1571 (1995) .............. 18, 19

*Lancaster Cmty Hosp. v. Antelope Valley Hosp. Dist.,* 940 F.2d 397
    (9th Cir. 1991) ............................................................................................... 9

*Lazar v. Sup. Ct.* 12 Cal.4th 631 (1996) .......................................................... 17

*Mackey v. Pioneer Nat'l Bank*, 867 F.2d 520 (9th Cir. 1989) ........................... 25

*Maguire v. Hibernia Savings & Loan Soc.*, 23 Cal.2d 719 (1944) .................. 24

*Medallion Television Enterprises*, Inc. v. SelecTV of California, Inc.,
    833 F.2d 1360 (1987) ................................................................................. 15

*Moore v. Kayport Package Express, Inc.*, 885 F.2d 531 (9th Cir. 1989) ............ 4

*Mostowfi v. i2 Int'l, Inc.,* 269 F. App'x 621 (9th Cir. 2008) ......................... 9, 10

*Navarro v. Block*, 250 F.3d 729 (9th Cir. 2001) ................................................. 4

*Odom v. Microsoft Corp.*, 486 F.3d 541 (9th Cir. 2007) ..................................... 9

*Pacific Recovery Solutions v. Cigna Behavioral Health, Inc.*, No.
    5:20-cv-02251-EJD, 2021 WL 1176677 (N.D. Cal. Mar. 29, 2021) . 14

*Papasan v. Allain,* 478 U.S. 265 (1986) ........................................................... 10

*Pincay v. Andrews,* 238 F.3d 1106 (9th Cir. 2001) ......................................... 5, 8

*Reves v. Ernst & Young*, 507 U.S. 170 (1993) ....................................... 11, 12, 13

KYLE HARRIS LLP
2305 HISTORIC DECATUR ROAD, SUITE 100
SAN DIEGO, CA 92106

*Roberts v. Levine*, No. 19-cv-567, 2019 WL 5650626

(S.D. Cal. Oct. 31, 2019)..................................................................18

*Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530 (9th Cir. 1984) ............4

*Rosal v. First Fed. Bank of Cal.*, 671 F. Supp. 2d 1111 (N.D. Cal. 2009)........19

*Rosado v. Wyman*, 397 U.S. 397 (1970)...............................................................24

*Rotella v. Wood*, 528 U.S. 549 (2000) ..................................................................5

*Sanford v. MemberWorks, Inc.*, 625 F.3d 550 (9th Cir. 2010) ...........................17

*Santa Maria v. Pac. Bell*, 202 F.3d 1170 (9th Cir. 2000) ....................................8

*Schmidt v. Herrmann*, 614 F.2d 1221 (9th Cir. 1980) ..........................................4

*Schneider v. TRW, Inc.*, 938 F.2d 986 (9th Cir. 1991) ........................................25

*Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393

(9th Cir. 1986)........................................................................................14

*Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479 (1985) ..............................15

*Shroyer v. New Cingular Wireless Serv., Inc.*, 622 F.3d 1035 (9th Cir. 2010)...4

*Shupe v. Nelson*, 254 Cal.App.2d 693 (1967) .....................................................21

*Swartz v. KPMG LLP*, 476 F.3d 756 (9th Cir. 2007)...............................10, 19

*United States v. Neapolitan*, 791 F.2d 489 (7th Cir. 1986)................................17

*Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954

(9th Cir. 2010) ........................................................................................5

*Walter v. Drayson*, 538 F.3d 1244  (9th Cir. 2008) ...........................................12

*Wasco Prods., Inc. v. Southwall Tech., Inc.*, 435 F.3d 989 (9th Cir. 2006)......20

*Zakar v. CHL Mortg. Pass-Through Trust 2006*, No. 11cv0457, 2011

WL 4899953 (S.D. Cal. Oct. 13, 2011)...................................................17

**Statutes and Rules**

18 U.S.C. § 287.....................................................................................................14

18 U.S.C. § 371.....................................................................................................14

18 U.S.C. § 666.....................................................................................................14

18 U.S.C. § 669.....................................................................................................14

KYLE HARRIS LLP
2305 HISTORIC DECATUR ROAD, SUITE 100
SAN DIEGO, CA 92106

| | | |
|---|---|---|
| 1 | 18 U.S.C. § 1001 | 14 |
| 2 | 18 U.S.C. § 1035 | 14 |
| 3 | 18 U.S.C. § 1347 | 14 |
| 4 | 18 U.S.C. § 1349 | 14 |
| 5 | 18 U.S.C § 1957 | 14 |
| 6 | 18 U.S.C. § 1961(1) | 13, 14 |
| 7 | 18 U.S.C. § 1962(c) | 3, 8, 12, 15 |
| 8 | 18 U.S.C. § 1962(d) | 16 |
| 9 | 28 U.S.C. § 1331 | 24 |
| 10 | 28 U.S.C. § 1367 | 24 |
| 11 | 45 CFR Part 75 | 21 |
| 12 | Cal. Bus. and Prof. Code § 17200 | 23, 24 |
| 13 | Cal. Civil Code § 3399 | 21 |
| 14 | Cal. Code Civ. P. § 338(d) | 19, 22, 24 |
| 15 | Cal. Code Civ. P. § 339(1) | 23 |
| 16 | Fed. R. Civ. P. 9(b) | passim |
| 17 | Fed. R. Civ. P. 12(b)(6) | 4 |

18
19
20
21
22
23
24
25
26
27
28

KYLE HARRIS LLP
2305 HISTORIC DECATUR ROAD, SUITE 100
SAN DIEGO, CA 92106

# I.   INTRODUCTION

The Court admonished Borrego Community Health Foundation ("BCHF" or "Plaintiff") to "consider all the arguments raised in Defendants' motion to dismiss when amending its allegations." (ECF 15, "Order" at 8).  BCHF did not do so.  The fundamental facts alleged in the Third Amended Complaint ("TAC") mirror those in the Second Amended Complaint ("SAC").  At bottom, BCHF alleges: On BCHF's behalf, former CEO Bruce Hebets executed three allegedly over-market leases; BCHF's Board of Trustees was duty-bound to approve all such leases but never did; the Board could have readily uncovered the purported fraud had it exercised any reasonable diligence; BCHF regularly, publicly reported its rents and lease terms to regulatory agencies; but, nevertheless, BCHF's Board remained unaware of the leases' terms until the FBI raided its offices in October 2020.  Despite the volume of verbiage added to the TAC, BCHF adds only two new "facts": (1) that Mikia Wallis was also part of the alleged fraud (ECF 16 (hereinafter, TAC) ¶¶40-43); and (2) that Defendants executing the three leases meant that they "[took] over operations and management control of BCHF's facilities procurement to enable the creation and implementation of the three leases that are the subject of this lawsuit." (*Id.* ¶7).  BCHF still pleads no facts to show that its board exercised any diligence at all, let alone reasonable diligence.  Instead, BCHF simply ignores that it undeniably *should have known about these claims almost a decade ago*.

The Court should GRANT this Motion to Dismiss in its entirety because:

- The RICO claim is time-barred; BCHF has not pled it with Rule 9(b) particularity; BCHF has not plausibly pled that Defendants conducted BCHF's affairs; BCHF has not plausibly pled that Defendants engaged in racketeering activity; BCHF has not plausibly pled that Defendants engaged in a pattern of racketeering activity; and BCHF has not pled a RICO conspiracy; and

- BCHF has not pled its other five claims with particularity and each of those claims is time-barred under both state and federal law and there is nothing BCHF can truthfully allege to change the outcome in yet another round of briefing to a different court.

KYLE HARRIS LLP
2305 HISTORIC DECATUR ROAD, SUITE 100
SAN DIEGO, CA 92106

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

## II.   RELEVANT FACTS

On or about September 21, 2012, Defendant Promenade Square, LLC ("Promenade Square"), as landlord, entered into a lease with BCHF, as tenant, concerning an unfinished shell property in El Cajon, California ("Promenade Square Lease").   (TAC, Exhibit A).   The parties entered into five amendments to the Promenade Square Lease, entering into Amendment No. 5 on or about December 4, 2019. (*Id.).* The amendments generally reflected an increase in square footage to be leased or increases in tenant improvement allowances invested by Landlord, accompanied by increases in monthly rent and/or the duration of the lease.

On or about September 15, 2015, Defendant DRP Holdings, LLC ("DRP Holdings"), as landlord, entered into a lease with BCHF, as tenant, concerning a San Bernardino, California property to be acquired and built-out to BCHF's specifications ("DRP Holdings Lease").  (TAC, Exhibit B).

On or about February 2, 2016, Defendant DRP Holdings, as landlord, entered into a lease with BCHF, as tenant, concerning a Barstow, California property to be acquired and built-out to BCHF's specifications ("Inland Valley Lease").   (*Id.* Exhibit C).  The parties entered into an amendment to the Inland Valley Lease on or about April 3, 3016, reflecting an increase in the size of the space to be leased and the tenant improvement allowance to be invested, with commensurate changes to the rent rate. (*Id.*). DRP Holdings assigned the Inland Valley Lease to Defendant Inland Valley Investments, LLC ("Inland Valley") on or about August 29, 2017. (*Id.*).

BCHF submitted Annual Utilization Reports ("Reports") to California's Office of Statewide Health Planning and Development ("OSHPD"), which Reports include the "Operating Expenses" for each of BCHF's clinics.  (Exhibits 1-10 attached to Request for Judicial Notice ("RJN"), which Reports match the three properties at issue as alleged at TAC ¶¶11, 13 and 15).  Each Report BCHF submitted identified the specific amounts BCHF paid in a single year for both the rent and the utilities for (a) the Promenade Square Lease (Exhs. 1-4 to RJN), (b) the DRP Holdings Lease

KYLE HARRIS LLP
2305 HISTORIC DECATUR ROAD, SUITE 100
SAN DIEGO, CA 92106

1   (Exhs. 5-8 to RJN), and (c) the Inland Valley Lease (Exhs. 9-10 to RJN).  BCHF's

2   controller, Tami Bereki, submitted all of the Reports.  (Exh. 11 to RJN).

3   BCHF alleges that Bruce Hebets was its CEO at the time of execution of each

4   of the leases, and is now deceased.  (TAC at ¶¶6, 35. 101), Allegedly, Hebets

5   repeatedly breached his fiduciary duty to BCHF.  (*Id*. ¶¶35-37).  BCHF alleges that its

6   General Counsel at the time of execution of each of the leases, Mikia Wallis,

7   succeeded Hebets as CEO and that Wallis also concealed Hebets' wrongful conduct.

8   (*Id*. ¶¶40-43).   BCHF alleges that when it came to overseeing these three leases,

9   BCHF's Board of Trustees "would never have reason to see the Priest LLC leases…"

10  (TAC at ¶ 60), while also alleging that "[a]ll such leases require Board of Trustee's

11  approval." (ECF *Id*. ¶ 33, 10:17). Hence, BCHF admits that Hebets, Wallis, and its

12  entire Board of Trustees breached their fiduciary duties and that it cannot sue Hebets

13  for his alleged breaches because he is dead.  Instead, BCHF seeks to hold Defendants

14  accountable for the failures of its own officers and Trustees.

15  In or about October 2020, state and federal law enforcement authorities raided

16  BCHF's office in connection with a fraud investigation. (*Id*. ¶27, and fn. 1 at p. 4).

17  Thereafter, BCHF stopped making lease payments at the behest of the California

18  Department of Healthcare Services "DHCS"). (*Id*. ¶31).  The DRP Holdings Lease

19  and the Inland Valley Lease have now been terminated.  (*Id*. ¶56).  BCHF has

20  resumed paying rent to Promenade Square pursuant to the lease terms.  (*Id.* ¶56).

21  ## III.   RELEVANT PROCEDURAL BACKGROUND

22  BCHF filed its original Complaint on June 4, 2021 in San Diego Superior

23  Court.  (ECF 1-3) On or about June 7, 2021, BCHF filed a First Amended Complaint

24  ("FAC") in state court. (ECF 1-7).  On or about July 30, 2021, BCHF filed a state

25  court SAC.  (ECF 1-15).  In the SAC, BCHF asserted for the first time a claim under

26  18 U.S.C. § 1962(c), violation of the RICO Act. On August 6, 2021, Defendant DRP

27  Holdings filed a Notice of Removal. (ECF 1).  On August 20, 2021, Defendants filed

28  their Motion to Dismiss Plaintiff's SAC.  (ECF 6).   The Court issued its Order

KYLE HARRIS LLP
2305 HISTORIC DECATUR ROAD, SUITE 100
SAN DIEGO, CA 92106

1 granting Defendants' Motion as to BCHF's RICO claim, allowing BCHF leave to

2 amend, and declining to exercise jurisdiction over the state law claims.  (ECF 15).

3 BCHF filed its TAC on March 22. (ECF 16).

4 **IV.    LEGAL STANDARD**

5   A motion under Rule 12(b)(6) tests the sufficiency of the complaint. *Navarro v.*

6 *Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted where the complaint

7 lacks a cognizable legal theory. *Shroyer v. New Cingular Wireless Serv., Inc.*, 622

8 F.3d 1035, 1041 (9th Cir. 2010).  Alternatively, a complaint may be dismissed where

9 it presents a cognizable legal theory yet fails to plead essential facts under that theory.

10 *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

11   To survive a motion to dismiss, a complaint must contain sufficient factual

12 matter, accepted as true, to "state a claim to relief that is plausible on its face."

13 *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550

14 U.S. 544, 570 (2007). There must be "more than a sheer possibility that a defendant

15 has acted unlawfully." *Id.* at 678. Facts "'merely consistent with' a defendant's

16 liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly,* 550 U.S.

17 at 557). Further, the Court need not accept as true legal conclusions alleged in the

18 complaint. *Id.* The Court's review requires context-specific analysis of specific factual

19 allegations involving the Court's "judicial experience and common s*ense." Id.* at 679

20 *(*citation omitted). "[W]here the well-pleaded facts do not permit the court to infer

21 more than the mere possibility of misconduct, the complaint has alleged—but it has

22 not 'show[n]'…'that the pleader is entitled to relief.' " *Id.* Finally, repeated failure to

23 cure deficiencies by previous amendments is an appropriate basis for dismissing an

24 action with prejudice.  *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538

25 (9th Cir. 1989); *Schmidt v. Herrmann*, 614 F.2d 1221, 1223-24 (9th Cir. 1980) (failure

26 of amended complaint to comply with Rule 9(b) warrants dismissal).

27 / /

28 / /

KYLE HARRIS LLP
2305 HISTORIC DECATUR ROAD, SUITE 100
SAN DIEGO, CA 92106

# V.    ARGUMENT

## A.    BCHF's Seventh Claim (RICO) is Time-Barred.

The Court should dismiss the RICO claim because the statute of limitations has run on that claim, as the face of the TAC makes clear.  *See Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010).  The Supreme Court has established a four-year limitations period for civil RICO claims.  *Agency Holding Corp. v. Malley-Duff & Assocs., Inc.,* 483 U.S. 143, 156 (1987); *Rotella v. Wood*, 528 U.S. 549, 552 (2000).  BCHF did not file its initial complaint until June 4, 2021, nearly five and a half years after the parties executed the last allegedly-fraudulent lease.  As explained below, the statute has run on the RICO claim and BCHF fails to plead specific facts to substantiate reliance on the discovery rule or to equitably toll the statute—the TAC itself shows that Defendants did not fail to disclose the leases' terms and that BCHF failed to exercise any diligence.

### 1.    The Statute of Limitations on BCHF's RICO Claim Accrued in 2012, 2015 and 2016.

As the Court determined in its Order, the Ninth Circuit applies the "injury discovery" rule to determine when a civil RICO claim accrues.  (ECF 15 at 4, *citing Grimmett v. Brown,* 5 F.3d 506, 511 (9th Cir. 1996).  "Under that rule, the statute [of limitations] begins to run "when a plaintiff knows or should know of the injury that underlies [its] action." *Id. citing Pincay v. Andrews,* 238 F.3d 1106, 1109 (9th Cir. 2001). "The plaintiff is deemed to have constructive knowledge if it had enough information to warrant an investigation which, if reasonably diligent, would have led to discovery of the fraud."  *Id.* at 5, *citing Pincay*, 238 F.3d at 1110.  As the Court stated in its prior Order:

> BCHF had access to the records related to the leases and submitted annual cost reports, which included rent, to government agencies…Plaintiff initiated this action in June 2021. (*See* ECF 1). Based on the current factual allegations, the running of the statute is apparent. *See, e.g., Pincay*, 238 F.3d at 1109-10 (receipt of a written disclosure of one's purported injury constitutes constructive notice sufficient to start the limitations period running).

(ECF 15 at 5).

Nothing BCHF added to the TAC has changed these fundamental facts. The three leases were executed in 2012, 2015 and 2016. (TAC at Exhibits A, B and C). BCHF still alleges that one of the key roles of its management and operations is to procure facilities so that it can provide healthcare (*Id*. ¶33); that its Board of Trustees has a duty to review the leases when it procures such facilities (*Id*. ¶8); and that the Board did not use due diligence to review these three leases (*Id*. ¶6). BCHF alleges that the leases were in its records in October 2020. (*Id*. ¶¶7, 61). In short, the BCHF Board undeniably had ready access to the terms of the three leases from the time they were originally executed. In addition, BCHF concedes that it has a duty to report— and did report—to government regulatory agencies the rental costs it paid based on the three leases (*Id*. ¶¶3(a), 7(b), 34, 115(a) and 115(b)); that BCHF paid the rents due pursuant to the leases from the time the rent was first due until after October 2020, when "independent" certified real estate appraisers reviewed the leases in BCHF's possession (*Id*. ¶¶7, 29), and that at all times it informed regulators of the amount of lease expenses BCHF was paying for 20+ facilities, including those in issue (*Id*. ¶61).

Additionally, as a primary care clinic operating in California, each of BCHF's clinics was required to submit to OSHPD a verified, annual report showing such clinic's operating expenses for the previous calendar year. Cal. Health & Safety Code § 1216. From at least 2012, Bereki has served as BCHF's controller. (Exh. 11 to RJN). As BCHF's controller, Bereki submitted annual cost reports to the OSHPD reflecting the rent and utility payments that BCHF made for each of the Promenade Square, DRP Holdings, and Inland Valley properties. (Exhs. 1-10 to RJN).

BCHF was undeniably aware of the lease terms from the inception of the leases. It is not disputed the Board knew that BCHF had occupied the clinics subject to the leases; knew BCHF was paying rent for the three clinics; knew BCHF was providing medical care to patients at the clinics; and knew BCHF was reporting its costs related to the three clinics to state and federal regulatory agencies, as required by

KYLE HARRIS LLP
2305 HISTORIC DECATUR ROAD, SUITE 100
SAN DIEGO, CA 92106

KYLE HARRIS LLP
2305 HISTORIC DECATUR ROAD, SUITE 100
SAN DIEGO, CA 92106

law.  Nevertheless, despite the BCHF Board's undisputed knowledge and inaction, BCHF repeatedly alleges that the Board "would never have reason to see the Priest LLC leases unless [Hebets] decided to present the leases." (*Id.* ¶36).  But the Board had every reason to see these leases and BCHF's own allegations belie this obvious ploy to avoid the statute of limitations.  First, BCHF admits that regulations under which it operates <u>obligated</u> the Board to see these leases. (*Id.* ¶¶3-4; 8, 33).  Moreover, it is each Board member's fiduciary duty to exercise oversight of BCHF's executives, whether they are volunteers or not.  See Cal. Corp. Code §309.  Second, BCHF admits that "**all such leases require Board of Trustee's approval**" and that "all facility lease terms must be presented to the Board of Trustees for review." (*Id.* ¶¶33-34).

BCHF either knew or, through exercise of reasonable diligence, should have known, of its alleged injury at or about the time the leases originated in 2012, 2015 and 2016.  Moreover, BCHF should have been aware of the alleged injury each time it submitted to multiple regulatory agencies the cost reports based on the rents set forth in the leases.  The four-year statute on BCHF's RICO claim ran on February 2, 2020 (four years after the parties executed the Inland Valley Lease, the last of the three leases at issue).  BCHF filed its original Complaint on June 4, 2021 (ECF 1-3).  The RICO claim is time-barred.

### 2. BCHF Failed to Plead Facts To Support Equitable Tolling.

The doctrine of fraudulent concealment applies only if the plaintiff both pleads and proves (1) that the <u>defendant</u> actively misled plaintiff, and (2) that plaintiff had neither actual nor constructive knowledge of the facts constituting plaintiff's cause of action *despite plaintiff's due diligence.  Grimmett v. Brown,* 5 F.3d 506, 514 (9th Cir. 1996) (emphasis added).[1]

As the Court stated in its prior Order, "[t]he doctrine [of equitable tolling] is properly invoked only if a plaintiff establishes affirmative conduct upon the part of the defendant which would, under the circumstances of the case, lead a reasonable person

---

[1] "Equitable tolling doctrines, including fraudulent concealment, apply in civil RICO cases." *Grimmett v. Brown,* 5 F.3d at 514.

1    to believe that he did not have a claim for relief." (ECF 15 at 5, *citing Pincay*, 238

2    F.3d at 1110 and *Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1177 (9th Cir. 2000)

3    ("fraudulent concealment necessarily requires <u>active conduct by a defendant</u>, *above*

4    *and beyond the wrongdoing upon which the plaintiff's claim is filed*, to prevent the

5    plaintiff from suing on time."). (Emphasis added).

6        BCHF does not plead that any Defendant engaged in affirmative conduct

7    above and beyond the wrongdoing upon which BCHF bases its RICO claim that

8    prevented BCHF from timely filing this case.  There is no allegation that Defendants

9    concealed documents, surreptitiously collected rent, or hid the fact that it had spent

10   millions of dollars to develop the three properties to BCHF's requested specifications.

11   Instead, as discussed above, BCHF alleges that its own CEO and General Counsel

12   breached their duties to BCHF by purportedly concealing the leases from the Board,

13   that its Board was duty-bound to review and approve all such leases but failed to do

14   so, that BCHF repeatedly submitted cost reports to regulatory agencies inclusive of

15   rents paid on the three leases, and that the Board had information available to it to

16   discover the alleged fraud.  These allegations are insufficient to show Defendants

17   engaged in any "active conduct…above and beyond the wrongdoing upon which

18   [BCHF's RICO claim] is filed to prevent [BCHF] from suing on time."  Indeed, it is

19   undisputed that BCHF had the leases in its records and that Defendants did not

20   conceal anything from BCHF.  The same lack of diligence that prevents BCHF from

21   relying on the discovery rule dooms its half-hearted assertion of equitable tolling.

22   *Pincay*, 238 F.3d at 1109.  BCHF pleads facts conclusively establishing that it knew

23   or should have known of its purported RICO claim long ago.

24       **B.    Claim 7 Fails to State a Cognizable Claim.**

25           **1.    BCHF Fails To Plead RICO With Rule 9(b) Particularity.**

26   Plaintiff alleges violation of RICO under 18 U.S.C. § 1962(c). (TAC at ¶100).

27   As the Court stated in its Order:

28

KYLE HARRIS LLP
2305 HISTORIC DECATUR ROAD, SUITE 100
SAN DIEGO, CA 92106

KYLE HARRIS LLP
2305 HISTORIC DECATUR ROAD, SUITE 100
SAN DIEGO, CA 92106

"The RICO statute sets out four elements: a defendant must participate in (1) the conduct of (2) an enterprise that affects interstate commerce (3) through a pattern (4) of racketeering activity." (ECF 15 at 3, *citing Eclectic Props. E., Ltd. Liab. Co. v. Marcus & Millichap Co.*, 751 F.3d 990, 997 (9th Cir. 2014); *Odom v. Microsoft Corp.*, 486 F.3d 541, 547 (9th Cir. 2007) (*en banc*).

(ECF 15 at 3).  BCHF has not alleged facts that would establish any of these elements.

Plaintiff bases its claim on Defendants' alleged commission of mail, wire, and healthcare fraud.  (*Id.* ¶¶114 to 116).  Federal Rule of Civil Procedure 9(b) ("Rule 9(b)") "applies to civil RICO fraud claims."  *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004).  At bottom, Plaintiff's factual allegations concerning Defendants still solely assert that Defendants entered into the three leases and collected rents pursuant to the leases.  All other alleged conduct was purportedly committed by officers and/or other employees of BCHF.  As discussed below, such allegations are insufficient to allege a violation of RICO against these Defendants.

Rule 9(b) provides, in pertinent part: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." *See Mostowfi v. i2 Int'l, Inc.,* 269 F. App'x 621, 624 (9th Cir. 2008) (quoting *Lancaster Cmty Hosp. v. Antelope Valley Hosp. Dist.,* 940 F.2d 397, 405 (9th Cir. 1991)); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1105-06 (9th Cir. 2003); (the heightened pleading standard requires "the who, what, when, where, and how of the misconduct charged.").  BCHF comes nowhere close to complying with Rule 9(b).

Rather than providing more detailed factual allegations directed to Defendants, BCHF simply adds allegations concerning how <u>another</u> of its officers, former General Counsel and successor CEO Wallis, purportedly concealed the alleged scheme after Hebets left the company. (TAC at ¶¶40 to 43, 59-62).  The core of Plaintiff's alleged fraudulent scheme is Hebets' and "Wallis' successful concealment of the over-market leases from BCHF" (*Id.* ¶59), and that "Hebets and Wallis knew that volunteer BCHF Board members would review only those contracts presented to them, and that they would never have reason to see the Priest LLC leases unless the BCHF executive

9

KYLE HARRIS LLP
2305 HISTORIC DECATUR ROAD, SUITE 100
SAN DIEGO, CA 92106

managing the relationship with [the] Priest LLCs decided to present the leases." (*Id.* 60). Notably, BCHF does not allege that any *Defendant* concealed the leases from BCHF's Board or from anyone at BCHF. BCHF does not allege that *Defendants* collected rents surreptitiously or that *Defendants* in any way misrepresented the terms of the leases. There is no allegation whatsoever, let alone allegations sufficient under rule 9(b), that Defendants misrepresented or concealed anything from BCHF.

In addition, BCHF improperly continues to lump all Defendants together as the "Priest LLCs" (*Id.* ¶¶17, 35, 106, 108), or the "Priest entities." (*Id.* ¶¶17, 38). "Rule 9(b) does not allow a complaint to merely lump multiple defendants together" but requires a plaintiff to differentiate its allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his alleged participation in the fraud. *Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007); *Mostowfi v. i2 Int'l, Inc.,* 269 F. App'x 621, 624 (9th Cir. 2008) (finding plaintiffs' failure to satisfy Rule 9(b)'s heighted pleading standard to support their RICO claim was "exacerbated because the plaintiffs lump together the defendants without identifying the particular acts or omissions that each defendant committed.")

Failure to set forth specifically the who, what, where, when, and how regarding how each Defendant specifically engaged in conduct that allegedly defrauded BCHF is enough by itself for the Court to dismiss the RICO claim. For example, Defendant DRP Holdings did not even exist as a legal entity until August 2015. (Exh. 12 to RJN, DRP's August 25, 2015 Articles of Org.). Likewise, newly added conclusory allegations fail to provide the requisite specificity. A plaintiff's complaint must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Papasan v. Allain,* 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). BCHF alleges that "Hebets worked with his friend Darry [sic] Priest and the three Priest-owned LLC defendants herein to take over operations and management control of

BCHF's facilities procurement to enable the creation and implementation of the three leases that are the subject of this lawsuit" (TAC ¶7), and that the Priest LLCs "worked with Hebets to devise management and operational decisions at BCHF which Hebets alone could not engineer or devise due to his lack of experience and expertise in facilities leasing." (*Id.* ¶106). Similarly, BCHF alleges that "[t]hrough [Travis] Lyons' regular private meetings with Wallis, the Priest LLCs regularly continued their participation in BCHF's operations and management decisions pertaining to the Priest LLCs set up by Hebets and Priest." (TAC ¶109). These allegations fall well short of Rule 9(b)'s strict requirements. Which management and operational decisions of BCHF did each *Defendant* devise or participate in, and when? How did each *Defendant* devise and participate in each purported operational and management decision? How did Priest and Lyon "work" to take over operations and management control of BCHF's procurement of facilities? Plaintiff leaves Defendants and the Court to guess.

Even the lone specific example BCHF provides is insufficient. BCHF alleges that the parties entered into the Inland Valley Lease before Inland Valley had expended the money to complete the acquisition and substantial build-out BCHF requested. (*Id.* ¶107). Each of the Defendants is engaged in the commercial real estate business. (*Id.* ¶¶10, 12, and 14). It is not at all unusual for commercial landlords to secure a lease prior to committing millions of dollars to acquire and customize a property at the request of a lessee, especially where the property will be a Class A clinical space in Barstow. The risk of such a project is far too great for a landlord to "build it and they will come." Such an arrangement is prudent business practice, not fraud.

## 2. BCHF Fails to Plausibly Allege The Conduct Element of its RICO Claim.

BCHF must allege sufficient facts to establish that *Defendants* conducted or participated in the conduct of the enterprise's affairs. *See Reves v. Ernst & Young*,

507 U.S. 170, 183 (1993). Liability "depends on showing that the defendants conducted or participated in the conduct of the '*enterprise's* affairs,' not just their *own* affairs." *Id.* at 185 (emphasis in original).  Here, BCHF provides no factually-based allegations about how each Defendant ostensibly controlled the conduct of BCHF.

In *Reves*, the Court concluded that Ernst & Young's preparation of audit reports, meeting with the Board of Directors to explain audits, and presentations at annual meetings did not suffice to impute RICO liability because it did not rise to the level of directing an enterprise.  *Id.* at 186. "[S]imply performing services for an enterprise, even with knowledge of the enterprise's illicit nature, is not enough to subject an individual to RICO liability under § 1962(c); instead, the individual must have participated in the operation and the management of the enterprise itself." *Goren v. New Visions Int'l, Inc.,* 156 F.3d 721, 728 (7th Cir.1998); *Walter v. Drayson*, 538 F.3d 1244, 1249 (9th Cir. 2008) ("one can be 'part' of an enterprise without having a role in its management and operation.  Simply performing services for the enterprise does not rise to the level of direction, whether one is 'inside' or 'outside.'"); *Ellis v. J.P. Morgan Chase & Co.,* 752 F. App'x 380, 382 (9th Cir. 2018).

In *Baumer v. Pachl*, 8 F.3d 1341 (9th Cir. 1993), the Ninth Circuit affirmed the dismissal of RICO claims against a limited partnership's outside counsel.  The plaintiffs in *Baumer* alleged that the attorney had knowingly prepared a partnership agreement containing false statements and had actively engaged in efforts to cover-up certain fraudulent activities engaged in by the partnership.  The Court concluded that these allegations were insufficient to satisfy the operation or management test because the attorney's role "was limited to providing legal services to the limited partnership . . . . Whether [the attorney] rendered his services well or poorly, properly or improperly, is irrelevant to the *Reves* test." *Id.* at 1344.

Similarly, the TAC here is devoid of any facts that any Defendant participated in the operation or management of BCHF (the "Enterprise") in any way. To the contrary, BCHF makes clear the limited role Defendants had, alleging the "current

KYLE HARRIS LLP
2305 HISTORIC DECATUR ROAD, SUITE 100
SAN DIEGO, CA 92106

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

KYLE HARRIS LLP
2305 HISTORIC DECATUR ROAD, SUITE 100
SAN DIEGO, CA 92106

defendants are associated with the Enterprise in that they were or are the Enterprise's landlords for 3 locations." (TAC ¶101, subpara. c). Plaintiff's conclusory allegation that collectively "the Priest LLCs . . . worked with Hebets to devise management and operational decisions at BCHF" (*Id*. ¶106) fails to surmount the high bar the Supreme Court set in *Reves* and that the 9th Circuit applied in *Baumer*. Indeed, here, there are even fewer allegations to show specifically how each Defendant allegedly "worked with Hebets," when they did so, and how such "work" controlled the management and operational decisions of BCHF officers and its Board of Trustees. The conclusory allegations in the TAC are deficient as a matter of law.

Similarly deficient are Plaintiff's allegations that the parties signed one of the leases before Defendant Inland Valley had expended the funds to develop the property (*Id*. ¶107), and that representatives of Defendants met with Plaintiff's new CEO, Mikia Wallis, regarding Plaintiff's existing leases with Defendants (*Id*. ¶108). Nowhere in the TAC does Plaintiff include factual allegations to support any Defendant giving or receiving specific directions, or otherwise participating in the management of BCHF. Rather, Plaintiff alleges Defendants entered into leases with Plaintiff, at times revised the terms of those leases in response to Plaintiff's requests for additional space, and that Defendants accepted rental payments pursuant to those leases. Pursuant to *Reves*, Plaintiff has failed to specifically allege that any Defendant had "some part in directing [Plaintiff's] affairs." Defendants were, and remain, powerless to compel BCHF to do anything at all, including entering leases and honoring its obligations under such leases.

### 3. BCHF Fails To Adequately Plead That Any Defendant Engaged In Racketeering Activity.

"Racketeering activity" is "the commission of a predicate act that is one of an enumerated list of federal crimes" under 18 U.S.C. § 1961(1). In its SAC, BCHF alleged predicate acts of "federal healthcare offenses." In its Order granting Defendants' Motion to Dismiss, the Court agreed with Defendants on at least two

KYLE HARRIS LLP
2305 HISTORIC DECATUR ROAD, SUITE 100
SAN DIEGO, CA 92106

points: (1) when fraudulent acts are the alleged predicate offenses, a plaintiff must satisfy the particularity requirement under Rule 9(b), (ECF 15 at fn. 3, citing *Alan Neuman Productions, Inc. v. Albright,* 862 F.2d 1388, 1392-93 (9ᵗʰ Cir. 1988); and (2) BCHF failed to plead factual allegations to support the elements of the alleged federal healthcare offenses.  (ECF 15. at p. 4).  In its TAC, BCHF still fails to plead with particularity either (a) the alleged federal healthcare offenses, or (b) the newly alleged mail fraud and wire fraud offenses.

a.  The Alleged Federal Healthcare Offenses Are Inadequate.

First, "Federal healthcare offenses" are not among the statutory list of predicate acts that can constitute "racketeering activity" under 18 U.S.C. § 1961(1).  *Pacific Recovery Solutions v. Cigna Behavioral Health, Inc.*, No. 5:20-cv-02251-EJD, 2021 WL 1176677, *9 (N.D. Cal. Mar. 29, 2021).  Second, BCHF still fails to plead factual allegations that would support each statutory element of any of the alleged federal healthcare offenses (e.g,18 U.S.C. §§ 669, 1035, 1347, 287, 371, 666, 1001, and 1349).  (TAC at ¶¶116 and 117).  Third, BCHF's meager attempt to couch the alleged conduct as "an act indictable under 18 USC § 1957 (engaging in monetary transactions in criminally derived property that is derived from specified unlawful activity) is entirely conclusory and not supported by any factual allegations in the TAC.  (*Id.* ¶¶116 and 117).  BCHF's RICO claim therefore still fails to adequately allege federal healthcare offenses.

b.  The Alleged Mail Fraud and Wire Fraud Allegations Are Inadequate

To allege mail or wire fraud, the plaintiff must show (1) "a scheme or artifice to defraud"; (2) the use of the United States mails or the United States wires, depending on whether mail or wire fraud is alleged, and (3) "the specific intent to deceive or defraud." *Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1399-1400 (9ᵗʰ Cir. 1986) (citations omitted).

14

The Ninth Circuit has consistently held that under the federal mail and wire fraud statutes, a failure to disclose theory must rest upon an independent fiduciary or statutory duty to disclose owed to the party seeking relief. *Eller v. Equi Trust Life Ins. Co.*, 778 F.3d 1089, 1092 (9th Cir. 2015). BCHF does not allege that any agent of any Defendant made any misrepresentations. BCHF also does not—and cannot—allege that any Defendant owed BCHF a fiduciary or statutory duty. Instead, BCHF continues to base all of its claims, including its RICO claim, on Hebets', Wallis', and/or other BCHF employees' alleged concealment of material facts. Because BCHF has not alleged that Defendants owed it any statutory or fiduciary duty, any claims based on mail and wire fraud fail.

### 4.   BCHF Fails to Allege Any Defendant Engaged In a Pattern of Racketeering Activity.

Section 1962(c) prohibits a person from participating in the conduct of the affairs of an enterprise through a *pattern* of racketeering activity. The Supreme Court has made clear that RICO does not apply to sporadic activity. *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 n. 14 (1985):

> The infiltration of legitimate business normally requires more than one "racketeering activity" and the threat of continuing activity to be effective. It is this factor of *continuity plus relationship* which combines to produce a pattern.

*Id.* (quoting S. Rep. No. 617, 91st Cong., *1363 2d Sess. 158 (1969)) (emphasis added by the Supreme Court).

In *Medallion Television Enterprises*, the Ninth Circuit found "a single alleged fraud with a single victim" does not amount to a pattern of racketeering activity. 833 F.2d 1360 (9th Cir. 1987); see *also Edmondson & Gallagher v. Alban Towers Tenants Ass'n*, 48 F.3d 1260, 1265 (D.C.Cir.1995) (holding that the "combination of these factors (single scheme, single injury, and few victims) makes it virtually impossible for plaintiff to state a RICO claim."); and *Buran Equip. Co. v. Hydro Elec. Constructors*, 656 F. Supp. 864, 866 (N.D. Cal. 1987) (finding no civil RICO violation where "all of the alleged offenses in this case

KYLE HARRIS LLP
2305 HISTORIC DECATUR ROAD, SUITE 100
SAN DIEGO, CA 92106

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

1    related to one commercial transaction and involve a single victim and a single

2    injury").

3        Here, the conduct alleged against each Defendant does not rise to a "pattern"

4    of activity.   The allegations as to each defendant at best amount to a single act

5    (entry into a lease transaction) with a single victim (BCHF).

6    ### 5.    BCHF Fails To Adequately Plead RICO Conspiracy Under 18 U.S.C. § 1962(d).

7        Plaintiff also alleges violation of 18 U.S.C. § 1962(d) (Conspiracy) against all

8    Defendants.  (TAC at ¶¶113, 122).  But to establish a RICO conspiracy, Plaintiff must

9    allege either (1) an agreement that is a substantive violation of RICO, or (2) that each

10   of the defendants agreed to commit, or participated in, a violation of two predicate

11   offenses. *Howard v. Am. Online Inc.*, 208 F.3d 741, 751 (9th Cir. 2000) (citing 18

12   U.S.C. § 1962(d)).  A district court properly dismisses a RICO conspiracy claim when

13   none of the plaintiff's allegations plausibly suggest the named defendants had

14   knowledge of a non-party's scheme or the scope of that scheme, or that the named

15   defendants agreed and intended to participate in the non-party's scheme.  *De Los*

16   *Angeles Gomez v. Bank of America, N.A.,* 642 Fed. Appx. 670, 676 (9th Cir. 2016).

17       In *Baumer v. Pachl*, discussed *supra* at page 13, the Court affirmed dismissal

18   of a RICO conspiracy claim after finding the bare allegations of the complaint

19   provided no basis to infer assent to contribute to a common enterprise.  8 F.3d at

20   1344.  The Court found illustrative the Eleventh Circuit's analysis of what constitutes

21   an agreement with regard to RICO conspiracy:

22   > From a conceptual standpoint a conspiracy to violate RICO can be
23   > analyzed as composed of two agreements (in reality they would be
     > encompassed by the same manifestations of the defendant): an agreement
24   > to conduct or participate in the affairs of an enterprise and an agreement
     > to the commission of at least two predicate acts. Thus, a defendant who did
25   > not agree to the commission of crimes constituting a pattern of
     > racketeering activity is not in violation of section 1962(d), even though he
26   > is somehow affiliated with a RICO enterprise, and neither is the defendant
     > who agrees to the commission of two criminal acts but does not consent to
27   > the involvement of an enterprise. If either aspect of the agreement is
     > lacking then there is insufficient evidence that the defendant embraced the
     > objective of the alleged conspiracy. Thus, mere association with the
28   > enterprise would not constitute an actionable § 1962(d) violation. In a
     > RICO conspiracy, as in all conspiracies, agreement is essential.

KYLE HARRIS LLP
2305 HISTORIC DECATUR ROAD, SUITE 100
SAN DIEGO, CA 92106

*Baumer* at 1346 (citing *United States v. Neapolitan*, 791 F.2d 489, 499 (7th Cir.), *cert. denied*, 479 U.S. 940, (1986)).

Again, BCHF fails to allege any particularized agreement as to each Defendant. Likewise, because BCHF failed to adequately plead any substantive violation of RICO by any Defendant, it does not allege a conspiracy to violate RICO. *Howard*, 208 F.3d at 751; *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 559 (9th Cir. 2010).

## C.   Claim 1 Does Not State a Cognizable Claim For Relief.

### 1.   BCHF Fails To Plausibly Plead Fraud with Rule 9(b) Particularity.

BCHF's first claim seeks the imposition of a constructive trust based on fraud.[2] (TAC at ¶¶ 63-76). Claims sounding in fraud must comply with the heightened pleading requirements of F.R.C.P. 9(b). The requirement applies equally to a claim of deceit based on concealment. *Cansino v. Bank of America* (2014) 224 Cal.App.4th 1462, 1472.

In addition, a party is held to a higher standard in asserting a fraud claim against a corporate defendant. *Zakar v. CHL Mortg. Pass-Through Trust 2006*, No. 11cv0457, 2011 WL 4899953, *3 (S.D. Cal. Oct. 13, 2011). The plaintiff must name the persons who made the allegedly fraudulent misrepresentations on behalf of the corporation, and identify what they said or wrote, and to whom it was said or written. *Lazar v. Sup. Ct.* 12 Cal.4th 631, 645 (1996).

As discussed in detail above, BCHF does not say what any agent of Defendants purportedly said or did that constitutes a misrepresentation.   Nor can BCHF truthfully allege that any Defendant failed to disclose anything to BCHF or its Board or that it owed a fiduciary or statutory duty to disclose anything to BCHF or its Board.   At best, BCHF pleads that Hebets, Wallis, and its own Board breached their fiduciary duties by failing to disclose or to investigate the terms of the three leases. But there is simply no plausible basis to impute BCHF's own failings to Defendants.

[2] This brief follows federal court convention and refers to BCHF's "causes of action" as "claims for relief" or "claims."

At best, only vague and ambiguous allegations are directed at Defendants. Such allegations consist entirely of unsupported legal conclusions, devoid of specific facts to support the allegations, and/or fail to allege anything more than that the three subject leases are unduly favorable to Defendants in the opinion of Plaintiff's hired appraiser years after execution. [3] Such allegations fall far short of Rule 9 specificity.

Moreover, BCHF has not and cannot allege truthfully any conspiracy. The "basis of a civil conspiracy is the formation of a group of two or more persons who have agreed to a common plan or design to commit a tortious act." *Kidron v. Movie Acquisition Corp.* 40 Cal.App.4th 1571, 1582 (1995). To state a cause of action for conspiracy, the complaint must allege (1) the formation of a group of two or more persons who agreed to a common plan or design to commit a tortious act; (2) a wrongful act committed pursuant to the agreement; and (3) resulting damages. *Roberts v. Levine*, No. 19-cv-567, 2019 WL 5650626, *13 (S.D. Cal. Oct. 31, 2019) (citing *Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal.4th 503 (1994)). The conspiring defendants must have "actual knowledge that a tort is planned and concur in the tortious scheme with knowledge of its unlawful purpose." *Kidron* at 1582. Additionally, "[k]nowledge of the planned tort must be combined with intent to aid in its commission." *Id.* Because fraud is the object of an alleged conspiracy, BCHF must plead fraud and conspiracy with specificity. *Favila v. Katten Muchin Rosenman LLP*, 188 Cal.App.4th 189, 211 (2010).

BCHF has not come close to satisfying this high pleading standard. As discussed above, there are no allegations that any Defendant made a specific agreement to commit any wrongful act with Hebets or Wallis. Rather than specific facts, BCHF once again relies on presumptions: "Promenade, DRP, and Inland Valley

---

[3] Defendants dispute BCHF's unsupported assertions that any of the three leases calls for payment in excess of "fair market rent." However, even if BCHF amended its claims to assert more detailed allegations that would support its view of "fair market rent," it could not state a claim for fraudulent concealment against Defendants. Unlike billing for unperformed services, billing in excess of fair market value does not impose a duty to disclose. *Rhodeman v. Ocwen Loan Servicing, LLC*, No. EDCV 18-2363, 2020 WL 4727289, *7 (S.D. Cal. July 30, 2020).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

KYLE HARRIS LLP
2305 HISTORIC DECATUR ROAD, SUITE 100
SAN DIEGO, CA 92106

KYLE HARRIS LLP
2305 HISTORIC DECATUR ROAD, SUITE 100
SAN DIEGO, CA 92106

1    **are presumed to know BCHF's** business…;" Promenade, DRP, and Inland Valley

2    **are presumed to know FMR** [Fair Market Rent] for their leases…"  (TAC at ¶54).

3    In other words, because BCHF cannot plead any detailed facts showing that any

4    Defendant was aware of and agreed to participate in any alleged scheme, it asks the

5    court to presume that Defendants intended to commit fraud simply because the leases

6    were purportedly charging rates above some *ex post facto* and arbitrary

7    determination of "fair market rent" by unnamed "appraisers."  The law does not

8    permit BCHF to presume Defendants' scienter.  Moreover, BCHF fails to take into

9    account other explanations for the terms of the leases, such as the millions of dollars

10   invested in advance and the extreme risk Defendants assumed in developing these

11   properties for BCHF, not the least of which was the potential that Defendants could

12   get stuck with white-elephant clinics in far-flung parts of California should BCHF fail

13   to generate business necessary to service the leases.  (TAC ¶¶ 54, 73).

14        Critically, Rule 9(b) does not allow a complaint to "merely lump multiple

15   defendants together but requires plaintiffs to differentiate allegations when suing more

16   than one defendant and inform each defendant separately of the allegations

17   surrounding his alleged participation in the fraud." *Swartz v. KPMG LLP*, 476 F.3d

18   756, 764-65 (9th Cir. 2007) (internal quotation omitted). While Hebets owed a

19   fiduciary duty to BCHF, none of the Defendants owed such a duty. A party who is not

20   in a fiduciary relationship with the plaintiff cannot be held liable for conspiracy to

21   breach a duty owed only by a fiduciary, or for conspiracy to commit constructive

22   fraud. *See, e.g.*, *Kidron*, *supra*, at 1597-1598.

23        **2. BCHF's First Claim (Imposition of Constructive Trust) is Time-Barred.**

24        The statute of limitations on a fraud claim is three-years. C.C.P. § 338(d). *Rosal*

25   *v. First Fed. Bank of Cal*., 671 F. Supp. 2d 1111, 1131 (N.D. Cal. 2009). The

26   gravamen of BCHF's claim for imposition of constructive trust is fraud and the

27   applicable statute of limitations is three years because the equitable action

28   (constructive trust) is subject to the statute of limitations that governs the underlying

---

19

KYLE HARRIS LLP
2305 HISTORIC DECATUR ROAD, SUITE 100
SAN DIEGO, CA 92106

1  substantive right. *See Hatch v. Collins*, 225 Cal.App.3d 1104, 1110 (1990); *Higgins v.*

2  *Higgins*, 11 Cal.App.5th 648, 659-660, 663 (2017).

3        BCHF's claim for constructive trust is grounded on the same purported fraud as

4  its RICO claim:  the alleged failure of Hebets and/or Wallis to disclose the three leases

5  or their material terms to the BCHF Board at the time Hebets executed the leases

6  (TAC ¶¶ 64-71).  The alleged fraud occurred at the time Hebets executed each lease.

7  Thus, the claim for imposition of constructive trust accrued as follows: Promenade

8  Lease—September 21, 2012; DRP Lease—September 15, 2015; and Inland Valley

9  Lease—February 2, 2016. (TAC ¶44, 15:3-4 and Exh. A to TAC; TAC ¶46, 15:12-13

10  and Exh. B to TAC; and TAC ¶49, 15:21-22 and Exh. C to TAC).   Accordingly, the

11  statute ran on BCHF's claim for constructive trust as follows: Promenade Lease—

12  **September 21, 2015;** DRP Lease—**September 15, 2018;** and Inland Valley Lease—

13  **February 2, 2019**.  BCHF did not file its initial complaint in Superior Court until

14  **June 4, 2021** (ECF 1-3), more than six years past the statute of limitations date for the

15  Promenade Lease; nearly three years past the statute of limitations date for the DRP

16  Lease; and over two years past statute of limitations date for the Inland Valley Lease.

17  Accordingly, all of BCHF's fraud-based claims are time-barred.

18        For the reasons discussed above in connection with the RICO claim, neither the

19  discovery rule nor equitable tolling can salvage BCHF's untimely claims.   "The

20  discovery rule only delays accrual until the plaintiff has, or should have, inquiry

21  notice of the cause of action." *Fox v. Ethicon Endo—Surgery, Inc.*, 35 Cal.4th 797,

22  807-08, (2005) ("A plaintiff whose complaint shows on its face that his claim would

23  be barred without the benefit of the discovery rule <u>must specifically plead facts to</u>

24  <u>show</u> (1) the time and manner of discovery and (2) <u>the inability to have made earlier</u>

25  <u>discovery despite reasonable diligence</u>.") (emphasis added)). To allege equitable

26  tolling based on fraudulent concealment, a complaint must meet the particularity

27  requirements of Rule 9(b). *See Wasco Prods., Inc. v. Southwall Tech., Inc.*, 435 F.3d

28  989, 991-92 (9th Cir. 2006) (requiring a plaintiff to meet Rule 9(b) pleading standards

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

where plaintiff's tolling argument sounds in fraud). As discussed above, BCHF's failure to exercise even a modicum of diligence is dispositive. Its fraud claim accrued when BCHF executed each of the three leases and is time-barred.

Moreover, the allegations of concealment are not plausible on their face. BCHF admits that state and federal regulatory schemes required the Board to review and approve BCHF's leases and budgets annually before BCHF submitted the proposed budgets to regulators for approval. The annual budgets had to include operating expenses, including the costs associated with leases for real property, in accordance with Cost Principles under 45 CFR Part 75.[4] It is simply not plausible that BCHF's entire Board remained unaware of the terms of the three leases for up to nine years based on anything that the Defendants did or failed to do.

### D.     Claim 2 Does Not State A Plausible Claim for Relief.

### 1. BCHF Fails To Plead Reformation With Rule 9 Particularity.

BCHF's second claim seeks reformation based on fraud. (TAC at ¶¶ 77-85). For the reasons set forth above, BCHF fails to plead the underlying fraud with the requisite particularity and the Court should dismiss its reformation claim.

Civil Code § 3399 governs reformation. To claim reformation of a written instrument, the pleader must show that by reason of fraud practiced by one of the parties, "there were thus omitted from the instrument certain material terms and conditions, or, in other words, that the language of the writing failed, for some reason, to express the intention of the parties." *Carr v. King*, 24 Cal. App. 713, 724 (1914). The "intention of the parties" refers to "a single intention which is entertained by both parties." *Shupe v. Nelson*, 254 Cal.App.2d 693, 700 (1967).

---

[4] *See* 45 CFR 75.308(a) and 45 CFR 75 Subpart E (Cost Principles (sects. 75.400 – 75.477); *see also* U.S. Health Resources & Services Administration, *Health Center Program Compliance Manual* (August 20, 2018), Ch. 17: Budget, pp.69 – 70 [available at https://bphc.hrsa.gov/sites/default/files/bphc/programrequirements/pdf/hc-compliance-manual.pdf] (citing 45 CFR 75.308(a) and 45 CFR 75 Subpart E).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

KYLE HARRIS LLP
2305 HISTORIC DECATUR ROAD, SUITE 100
SAN DIEGO, CA 92106

KYLE HARRIS LLP
2305 HISTORIC DECATUR ROAD, SUITE 100
SAN DIEGO, CA 92106

1   Here, BCHF does not allege "what the real agreement was" with respect to

2   each lease at the time it was executed.  BCHF also does not allege that any of the

3   leases "failed…to express the intention of the parties."  To the contrary, BCHF alleges

4   that the parties deliberately intended the leases to provide for purportedly excessive

5   durations and allegedly excessive rents.  In other words, BCHF plainly alleges

6   <u>absence</u> of mistake, and its reformation claim fails.

7   **2.    BCHF's Second Claim (Reformation) is Time-Barred**

8   The gravamen of BCHF's reformation claim is the same alleged fraud and

9   concealment that serves as the basis for its RICO claim and its first claim to

10   constructive trust. (*Compare* TAC ¶¶64-71 and ¶¶78-81). California courts have long

11   held that the three-year limitations period for fraud under C.C.P. § 338(d) is

12   applicable to actions seeking the *equitable* remedy of *reformation. Bradbury v.*

13   *Higginson*, 167 Cal. 553, 557-558 (1914); *Goodfellow v. Barritt*, 130 Cal. App. 548,

14   557-558 (1933). Accordingly, the arguments above regarding the RICO claim and

15   first claim (imposition of constructive trust) apply equally to reformation.

16   **E.    Claim 3 Does Not State a Cognizable Claim for Relief.**

17   **1.    BCHF Fails To Plead Rescission With Rule 9(b) Particularity.**

18   BCHF's third claim seeks rescission of the three leases based on fraud. (TAC

19   ¶¶ 86-89).  For the reasons set forth above, BCHF's fails to plead the underlying fraud

20   with the requisite particularity and the Court should dismiss its rescission claim.

21   **2.    BCHF's Third Claim (Rescission) is Time-Barred**

22   Rescission is subject to a four-year statute of limitations under C.C.P. §

23   337(c); *see Ferguson v. Yaspan*, 233 Cal. App. 4th 676, 683 (2014). The four-year

24   statute ran as follows: Promenade Lease—**September 21, 2016;** DRP Lease—

25   **September 15, 2019;** and Inland Valley Lease—**February 2, 2020**.

26   Because the same alleged fraud and concealment serves as the basis for the

27   RICO claim, the first claim (constructive trust) and the third claim (rescission), the

28   same arguments apply and the four-year statute bars BCHF's rescission claim.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

**F.    Claim 4 Does Not State a Cognizable Claim for Relief.**

     **1.    BCHF Fails To Plead Money Had And Received With Rule 9(b) Particularity.**

BCHF's fourth claim for Money Had and Received is also based on the same alleged fraud. (TAC at ¶¶ 90-91).   For the reasons set forth above, the Court should dismiss BCHF's money had and received claim.

     **2.    BCHF's Fourth Claim (Money Had And Received) is Time-Barred.**

  "The statute of limitations to bring a claim for money had and received is two years and does not run until the discovery of the loss." C.C.P. § 339(1). The two-year statute ran as follows: Promenade Lease—**September 21, 2014;** DRP Lease—**September 15, 2016;** and Inland Valley Lease—**February 2, 2017**.   Because the fourth claim is based upon the same alleged fraud alleged to support the RICO and other claims, (TAC ¶¶91-93), the claim is time-barred for the same reasons.

**G.    Claim 5 Fails to State a Cognizable Claim For Relief.**

     **1.    BCHF Fails To Plead Unfair Competition With Rule 9(b) Particularity.**

BCHF's fifth claim for violation of California Business and Professions Code § 17200 is also based on the same alleged fraud and purportedly unlawful conduct. (TAC ¶¶94-97). Rule 9(b)'s heightened pleading standard applies to UCL claims where the claims are grounded in fraud. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009). Thus, the pleading *as a whole* must satisfy the particularity requirement of Rule 9(b), and the Court need not separately analyze the UCL claim under the unfairness prong. *Id.* at 1127. For the reasons set forth above, BCHF fails to plead the underlying fraud with the requisite specificity and fails to allege facts demonstrating that members of the public are likely to be deceived.   Thus, the Court should dismiss its UCL claim.

     **2.    BCHF's Fifth Claim (Unfair Competition) is Time-Barred.**

  An action for "unfair competition" (Bus. & Prof. C. § 17200) must be filed within four years after accrual. Bus. & Prof. C. § 17208; *see Grisham v. Philip Morris*

KYLE HARRIS LLP
2305 HISTORIC DECATUR ROAD, SUITE 100
SAN DIEGO, CA 92106

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

*U.S.A., Inc.*, 40 Cal. 4th 623, 639 (2007). Because the same alleged fraud and concealment serves as the basis for the first, fifth and RICO claims, the same arguments apply and the B&P Code §17200 is time-barred.

### H.  Claim 6 Does Not State a Cognizable Claim for Relief.

#### 1.  BCHF Fails To Plead Declaratory Relief With Rule 9(b) Particularity.

BCHF's sixth claim (declaratory relief) is also based on the same alleged fraud. (TAC ¶¶98-99). Rule 9(b)'s heightened pleading standard applies to that claim. Moreover, declaratory relief is a procedural device for granting a remedy. It does not create any substantive rights or causes of action. *Harris County Texas v. MERSCORP Inc.*, 791 F3d 545, 552 (5th Cir. 2015).

#### 2.  BCHF's Sixth Claim (Declaratory Relief) is Time-Barred.

The gravamen of BCHF's sixth claim (declaratory relief) is the same alleged fraud and concealment that serves as the basis for its RICO claim and its claim to constructive trust. (TAC ¶¶98-99).  Accordingly, the three-year statute of limitations in C.C.P. §338(d) applies to the sixth claim (declaratory relief). *See Maguire v. Hibernia Savings & Loan Soc.*, 23 Cal.2d 719, 733-734 (1944). Because the same alleged fraud and concealment serves as the basis for the both the RICO claim and the first claim (constructive trust) and the sixth claim (declaratory relief), the same arguments apply and the sixth claim is also time-barred.

### I.  The Court Should Dismiss BCHF's State Claims.

This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 because BCHF asserted a RICO claim.  (TAC ¶24).  This Court has supplemental jurisdiction over the asserted state law claims pursuant to 28 U.S.C. § 1367, as the RICO claim and the state law claims arose from the same alleged transaction and occurrence.  *Guerrero v. Greenpoint Mortgage Funding, Inc.*, 403 Fed.Appx. 154, 157 (9th Cir. 2010).  The "commonsense policy of pendent jurisdiction" is "the conservation of judicial energy and the avoidance of multiplicity of litigation." *Rosado v. Wyman*, 397 U.S. 397, 405 (1970).

KYLE HARRIS LLP
2305 HISTORIC DECATUR ROAD, SUITE 100
SAN DIEGO, CA 92106

Even when a court dismisses the federal claims over which it had original jurisdiction, the court may properly retain supplemental jurisdiction over pendent state law claims where returning them to state court would be a waste of judicial resources. *Schneider v. TRW, Inc.*, 938 F.2d 986, 994 (9ᵗʰ Cir. 1991); *see also Mackey v. Pioneer Nat'l Bank*, 867 F.2d 520, 523 (9ᵗʰ Cir. 1989) ("retention of jurisdiction well served the purposes of judicial economy and efficiency" after case had been in federal court only four months); *Arizona v. Cook Paint & Varnish Co.*, 541 F.2d 226, 227-28 (9ᵗʰ Cir. 1976) (no abuse of discretion to retain pendent claims after "considerable time" of nine months); and *Guerrero*, 403 Fed.Appx. at 157 (no abuse of discretion where court dismissed state claims without leave to amend after taking into account concerns of judicial efficiency and comity). It is the "*district* judge who is in the best position to determine whether enough resources have been expended to make dismissal a waste at any given point." *Schneider*, 938 F.2d at 994 (emphasis in original).

Here, Plaintiff has had three opportunities to amend its claims. The case has been pending in federal court for eight months. In the Court's Order, the Court provided substantial guidance to Plaintiff. (ECF 15.) Yet Plaintiff's TAC makes clear that all of its claims are hopelessly time-barred and that Plaintiff has still failed to plead any actionable fraud. Enough resources have been expended. The Court should dismiss all of Plaintiff's claims without leave to amend.

Dated: April 5, 2022

Respectfully submitted,

KYLE HARRIS LLP

By:   /s/ John S. Kyle
John S. Kyle, Esq.
Jeffrey B. Harris, Esq.
Laura K. Gantney, Esq.
KYLE HARRIS LLP

Attorneys for Defendants
DRP HOLDINGS, LLC; INLAND VALLEY INVESTMENTS, LLC; and PROMENADE SQUARE, LLC

KYLE HARRIS LLP
2305 HISTORIC DECATUR ROAD, SUITE 100
SAN DIEGO, CA 92106

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

Jeffrey B. Harris, Esq. (SBN 202422)
jharris@klhipbiz.com
John S. Kyle, Esq. (SBN 199196)
jkyle@klhipbiz.com
Laura K. Gantney, Esq. (SBN 199297)
lgantney@klhipbiz.com
KYLE HARRIS LLP
2305 Historic Decatur Road, Suite 100
San Diego, CA 91206
Tel: (619) 600-0086

Attorneys for Defendants
DRP HOLDINGS, LLC; INLAND
VALLEY INVESTMENTS, LLC;
PROMENADE SQUARE, LLC

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BORREGO COMMUNITY HEALTH FOUNDATION, a California non-profit public benefit corporation,<br><br>Plaintiff,<br><br>v.<br><br>INLAND VALLEY INVESTMENTS, LLC, a California limited liability company; DRP HOLDINGS, LLC, a California limited liability company; PROMENADE SQUARE, LLC, a California limited liability company; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO. 3:21-CV-01417-L-AGS<br><br>**DECLARATION OF LAURA K. GANTNEY, ESQ. IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT**<br><br>Date: May 9, 2022<br>Time: 10:30 a.m.<br>Courtroom: 5B<br><br>Hon. M. James Lorenz<br><br>**NO ORAL ARGUMENT PURSUANT TO CIV. L.R. 7.1** |

I, Laura K. Gantney, declare:

1. I am an attorney licensed before this Court and an associate at Kyle Harris, LLP, attorneys of record for Defendants DRP Holdings, LLC; Inland

Valley Investments, LLC and Promenade Square, LLC. I have personal knowledge of the facts stated below and could testify competently thereto if called upon to do so.

2. In the instant matter, Defendants ask the Court to take judicial notice of Annual Utilization Reports ("Reports") that Plaintiff Borrego Community Health Foundation ("Plaintiff") submitted to California's Office of Statewide Health Planning and Development ("OSHPD"). The Reports can be found on the website for the Department of Health Care Access and Information ("HCAI"), formerly OSHPD ("HCAI Website"). The URL for the reports currently available on the HCAI Website is https://reports.siera.hcai.ca.gov.

3. The Reports may be found by searching the HCAI Website for the name and location of each clinic. For purposes of locating the Reports on the HCAI website, Plaintiff refers to its El Cajon facility that it leases from Defendant Promenade Square, LLC at 133 W. Main Street in El Cajon, California as "Centro Medico, El Cajon;" Plaintiff refers to its San Bernardino facility that it leased from Defendant DRP Holdings, LLC at 590 N. D Street in San Bernardino, California as "D Street Medical Center;" and Plaintiff refers to its Barstow facility that it leased from Defendant Inland Valley Investments, LLC at 750 E. Main Street in Barstow, California as "Barstow Community Health Center."

4. Attached as Exhibit 1 to Defendants' Request for Judicial Notice is a true and correct copy of the Annual Utilization Report of Primary Care Clinics submitted by Tami Bereki on behalf of Plaintiff on April 26, 2017 for the Centro Medico, El Cajon clinic located at 133 W. Main Street in El Cajon, California, for the report period ending on December 31, 2016, which report is currently available on the HCAI Website. Defendants have highlighted Exhibit 1 on page 1 to reflect the Plaintiff representative who submitted that report and the date the report was submitted, and Defendants have highlighted Exhibit 1 on page 11 to reflect the

KYLE HARRIS LLP
2305 HISTORIC DECATUR ROAD, SUITE 100
SAN DIEGO, CA 92106

DECLARATION OF LAURA K. GANTNEY, ESQ. IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS TAC

KYLE HARRIS LLP
2305 HISTORIC DECATUR ROAD, SUITE 100
SAN DIEGO, CA 92106

1   Operating Expense line items for "Rent/Depreciation/Mortgage Interest" and
2   "Utilities."

3       5.    Attached as Exhibit 2 to Defendants' Request for Judicial Notice is a
4   true and correct copy of the Annual Utilization Report of Primary Care Clinics
5   submitted by Tami Bereki on behalf of Plaintiff on June 19, 2018 for the Centro
6   Medico, El Cajon clinic located at 133 W. Main Street in El Cajon, California, for
7   the report period ending on December 31, 2017, which report is currently available
8   on the HCAI Website. Defendants have highlighted Exhibit 2 on page 1 to reflect
9   the Plaintiff representative who submitted that report and the date the report was
10  submitted, and Defendants have highlighted Exhibit 2 on page 11 to reflect the
11  Operating Expense line items for "Rent/Depreciation/Mortgage Interest" and
12  "Utilities."

13      6.    Attached as Exhibit 3 to Defendants' Request for Judicial Notice is a
14  true and correct copy of the Annual Utilization Report of Primary Care Clinics
15  submitted by Tami Bereki on behalf of Plaintiff on April 30, 2019 for the Centro
16  Medico, El Cajon clinic located at 133 W. Main Street in El Cajon, California, for
17  the report period ending on December 31, 2018, which report is currently available
18  on the HCAI Website. Defendants have highlighted Exhibit 3 on page 1 to reflect
19  the Plaintiff representative who submitted that report and the date the report was
20  submitted, and Defendants have highlighted Exhibit 3 on page 11 to reflect the
21  Operating Expense line items for "Rent/Depreciation/Mortgage Interest" and
22  "Utilities."

23      7.    Attached as Exhibit 4 to Defendants' Request for Judicial Notice is a
24  true and correct copy of the Annual Utilization Report of Primary Care Clinics
25  submitted by Tami Bereki on behalf of Plaintiff on June 22, 2018 for the D Street
26  Medical Center clinic located at 590 N. D Street in San Bernardino, California, for
27  the report period ending on December 31, 2017, which report is currently available
28  on the HCAI Website. Defendants have highlighted Exhibit 4 on page 1 to reflect

DECLARATION OF LAURA K. GANTNEY, ESQ. IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS TAC

KYLE HARRIS LLP
2305 HISTORIC DECATUR ROAD, SUITE 100
SAN DIEGO, CA 92106

the Plaintiff representative who submitted that report and the date the report was submitted, and Defendants have highlighted Exhibit 4 on page 11 to reflect the Operating Expense line items for "Rent/Depreciation/Mortgage Interest" and "Utilities."

8. Attached as Exhibit 5 to Defendants' Request for Judicial Notice is a true and correct copy of the Annual Utilization Report of Primary Care Clinics submitted by Tami Bereki on behalf of Plaintiff on June 22, 2018 for the D Street Medical Center clinic located at 590 N. D Street in San Bernardino, California, for the report period ending on December 31, 2017, which report is currently available on the HCAI Website. Defendants have highlighted Exhibit 5 on page 1 to reflect the Plaintiff representative who submitted that report and the date the report was submitted, and Defendants have highlighted Exhibit 5 on page 11 to reflect the Operating Expense line items for "Rent/Depreciation/Mortgage Interest" and "Utilities."

9. Attached as Exhibit 6 to Defendants' Request for Judicial Notice is a true and correct copy of the Annual Utilization Report of Primary Care Clinics submitted by Tami Bereki on behalf of Plaintiff on April 30, 2019 for the D Street Medical Center clinic located at 590 N. D Street in San Bernardino, California, for the report period ending on December 31, 2018, which report is currently available on the HCAI Website. Defendants have highlighted Exhibit 6 on page 1 to reflect the Plaintiff representative who submitted that report and the date the report was submitted, and Defendants have highlighted Exhibit 6 on page 11 to reflect the Operating Expense line items for "Rent/Depreciation/Mortgage Interest" and "Utilities."

10. Attached as Exhibit 7 to Defendants' Request for Judicial Notice is a true and correct copy of the Annual Utilization Report of Primary Care Clinics submitted by Tami Bereki on behalf of Plaintiff on September 4, 2020 for the D Street Medical Center clinic located at 590 N. D Street in San Bernardino,

4

KYLE HARRIS LLP
2305 HISTORIC DECATUR ROAD, SUITE 100
SAN DIEGO, CA 92106

California, for the report period ending on December 31, 2019, which report is currently available on the HCAI Website. Defendants have highlighted Exhibit 7 on page 1 to reflect the Plaintiff representative who submitted that report and the date the report was submitted, and Defendants have highlighted Exhibit 7 on page 11 to reflect the Operating Expense line items for "Rent/Depreciation/Mortgage Interest" and "Utilities."

11. Attached as Exhibit 8 to Defendants' Request for Judicial Notice is a true and correct copy of the Annual Utilization Report of Primary Care Clinics submitted by Tami Bereki on behalf of Plaintiff on June 21, 2021 for the D Street Medical Center clinic located at 590 N. D Street in San Bernardino, California, for the report period ending on December 31, 2020, which report is currently available on the HCAI Website. Defendants have highlighted Exhibit 8 on page 1 to reflect the Plaintiff representative who submitted that report and the date the report was submitted, and Defendants have highlighted Exhibit 8 on page 11 to reflect the Operating Expense line items for "Rent/Depreciation/Mortgage Interest" and "Utilities."

12. Attached as Exhibit 9 to Defendants' Request for Judicial Notice is a true and correct copy of the Annual Utilization Report of Primary Care Clinics submitted by Tami Bereki on behalf of Plaintiff on September 4, 2020 for the Barstow Community Health Center clinic located at 750 E. Main Street in Barstow, California, for the report period ending on December 31, 2019, which report is currently available on the HCAI Website. Defendants have highlighted Exhibit 9 on page 1 to reflect the Plaintiff representative who submitted that report and the date the report was submitted, and Defendants have highlighted Exhibit 9 on page 11 to reflect the Operating Expense line items for "Rent/Depreciation/Mortgage Interest" and "Utilities."

13. Attached as Exhibit 10 to Defendants' Request for Judicial Notice is a true and correct copy of the Annual Utilization Report of Primary Care Clinics

submitted by Tami Bereki on behalf of Plaintiff on June 21, 2021 for the Barstow Community Health Center clinic located at 750 E. Main Street in Barstow, California, for the report period ending on December 31, 2020, which report is currently available on the HCAI Website. Defendants have highlighted Exhibit 10 on page 1 to reflect the Plaintiff representative who submitted that report and the date the report was submitted, and Defendants have highlighted Exhibit 10 on page 11 to reflect the Operating Expense line items for "Rent/Depreciation/Mortgage Interest" and "Utilities."

14. Attached as Exhibit 11 to Defendants' Request for Judicial Notice is a true and correct copy of the first page of the LinkedIn professional profile for Tami Bereki, which is currently available at the URL https://www.linkedin.com/in/tami-bereki-140811137.

15. Attached as Exhibit 12 to Defendants' Request for Judicial Notice is a true and correct copy of the Articles of Organization of a Limited Liability Company for Defendant DRP Holdings, LLC, filed with the California Secretary of State on August 25, 2015. This document is available on the California Secretary of State's website.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct of my own personal knowledge as of April 5, 2022.

By: ___/s/ Laura K. Gantney___

Laura K. Gantney, Esq.

KYLE HARRIS LLP
2305 HISTORIC DECATUR ROAD, SUITE 100
SAN DIEGO, CA 92106

DECLARATION OF LAURA K. GANTNEY, ESQ. IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS TAC