1  MIKIA WALLIS
   P.O. BOX 2023
2  Julian, CA 92036
   Telephone: (760) 239-1619
3  E-Mail: mikiawallis@yahoo.com

4  *Defendant In Pro Per*

5

6

7

8              **UNITED STATES DISTRICT COURT**

9            **SOUTHERN DISTRICT OF CALIFORNIA**

10  BORREGO COMMUNITY HEALTH          Case No. 3:22-cv-01056-TWR-NLS
    FOUNDATION, a California nonprofit
11  public benefit corporation,           Hon. Anthony J. Battaglia

12            Plaintiff,

13       vs.                              **DEFENDANT MIKIA WALLIS'S
                                          ANSWER TO PLAINTIFF
14  MIKIA WALLIS, *et. al.*               BORREGO COMMUNITY
                                          HEALTH FOUNDATION'S
15            Defendants.                 COMPLAINT**

16
                                          Complaint Filed: July 19, 2022
17
                                          Trial Date: None Set
18

19
           **COMES NOW** Defendant Mikia Wallis (In Pro Per, hereinafter Defendant
20
    Wallis) in Answer to the unverified Complaint filed by Plaintiff Borrego
21
    Community Health Foundation, as follows:
22
           Defendant Mikia Wallis generally denies each and every allegation except
23
    those hereinafter specifically admitted or those for which she lacks sufficient
24
    knowledge or information to form a belief as to the truth of the allegations.
25
    //
26
    //
27
    //
28

I.   <u>**INTRODUCTION/SUMMARY**</u>

1. ADMIT

2. Paragraphs 2-6 are argumentative and legal conjecture without a specific factual basis; therefore, no response is required. To the extent that the Court requires a response, Defendant Wallis denies the allegations set forth in Paragraph 2-6.

II.   <u>**JURISDICTION AND VENUE**</u>

3. Defendant Wallis ADMITS that this Court has jurisdiction over federal claims and supplemental jurisdiction over State claims arising from the same alleged factual basis. Defendant WALLIS ADMITS that venue is proper. Defendant Wallis denies the remainder of Paragraph 7.

III.   <u>**CAST OF CHARACTERS**</u>

4. Defendant Wallis lacks sufficient knowledge to form a belief as to the truth of the allegations, and therefore denies the allegations set forth in Paragraphs 8-11.

5. As to the allegations regarding Defendant Wallis' employment, Defendant Wallis denies the allegations set forth in Paragraph 12. As to the remaining allegations, Defendant Wallis lacks sufficient knowledge to form a belief as to the truth of the allegations, and therefore denies the allegations set forth in Paragraph 12.

6. Defendant Wallis lacks sufficient knowledge to form a belief as to the truth of the allegations, and therefore denies the allegations set forth in Paragraph 13.

7. Defendant Wallis admits she is an individual with her place of residence in Julian, CA. Defendant Wallis admits she is an attorney. Defendant Wallis admits she graduated from the University of San Diego School of Law, and was admitted to the California Bar on or about June 1, 2007. As to the remaining allegations, Defendant Wallis denies the allegations set forth in Paragraph 14.

8. Defendant Wallis lacks sufficient knowledge to form a belief as to the truth of the allegations, and therefore denies the allegations set forth in Paragraphs 15-53.

## IV.    THE SCHEMES THAT DAMAGED BORREGO HEALTH

9. Paragraphs 54-370 are argumentative and legal conjecture without a specific factual basis; therefore, no response is required. To the extent that the Court requires a response, Defendant Wallis lacks sufficient knowledge to form a belief as to the truth of the allegations, and therefore denies the allegations set forth in Paragraphs 54-370.

## V.    CLEANING HOUSE

10. Paragraphs 371-388 are argumentative and legal conjecture without a specific factual basis; therefore, no response is required. To the extent that the Court requires a response, Defendant Wallis lacks sufficient knowledge to form a belief as to the truth of the allegations, and therefore denies the allegations set forth in Paragraphs 371-388.

## VI.    THE RICO ENTERPRISE

11. Paragraphs 388-433 are argumentative and legal conjecture without a specific factual basis; therefore, no response is required. To the extent that the Court requires a response, Defendant Wallis lacks sufficient knowledge to form a belief as to the truth of the allegations, and therefore denies the allegations set forth in Paragraphs 388-433.

## VII.    RESPONSES TO CAUSES OF ACTION AGAINST DEFENDANT WALLIS

### FIRST CAUSE OF ACTION –

### Violations under the Racketeer Influenced and Corrupt Organizations ("RICO") Act Against All Defendants

12.    Defendant Wallis lacks sufficient knowledge to form a belief as to the truth of the allegations, and therefore denies the allegations set forth in Paragraphs 434-436.

1    **FORTY-FIRST CAUSE OF ACTION –**

2    **Legal Malpractice Against Defendant Mikia Wallis**

3    13.    Defendant Wallis denies the allegations set forth in Paragraphs 677-680.

4    **FORTY-SECOND CAUSE OF ACTION –**

5    **Fraudulent Concealment Against Borrego Insiders and Premier Defendants**

6    14.    Defendant Wallis denies the allegations set forth in Paragraphs 681-688.

7    **FORTY-THIRD CAUSE OF ACTION – False Promise Against All**

8    **Defendants**

9    15.    Defendant Wallis denies the allegations set forth in Paragraphs 689-696.

10   **FORTY-FOURTH CAUSE OF ACTION – Conversion Against All**

11   **Defendants**

12   16.    Defendant Wallis denies the allegations set forth in Paragraphs 697-701.

13   **FORTY-FIFTH CAUSE OF ACTION –**

14   **Inducing Breach of Contract Against All Defendants**

15   17.    Defendant Wallis denies the allegations set forth in Paragraphs 702-709.

16   **FORTY-SIXTH CAUSE OF ACTION –**

17   **Intentional Interference with Contractual Relations Against All Defendants**

18   18.    Defendant Wallis denies the allegations set forth in Paragraphs 710-718.

19   **FORTY-SEVENTH CAUSE OF ACTION –**

20   **Intentional Interference with Prospective Economic Relations Against All**

21   **Defendants**

22   19.    Defendant Wallis denies the allegations set forth in Paragraphs 719-727.

23   **FORTY-EIGHTH CAUSE OF ACTION – Negligent Interference with**

24   **Prospective Economic Relations Against All Defendants**

25   20.    Defendant Wallis denies the allegations set forth in Paragraphs 728-737.

26   **FORTY-NINTH CAUSE OF ACTION –**

27   **Violations of Business & Professions Code § 17200, *et seq.* Against All**

28   **Defendants**

21.   Defendant Wallis denies the allegations set forth in Paragraphs 738-744.

### FIFTIETH CAUSE OF ACTION – Conspiracy Against All Defendants

22.   Defendant Wallis denies the allegations set forth in Paragraphs 745-749.

### FIFTY-FIRST CAUSE OF ACTION –
### Breach of Fiduciary Duty Against Borrego Insiders

23.   Defendant Wallis denies the allegations set forth in Paragraphs 750-753.

### FIFTY-SECOND CAUSE OF ACTION –
### Constructive Fraud Against Borrego Insiders and Premier Defendants

24.   Defendant Wallis denies the allegations set forth in Paragraphs 754-760.

### FIFTY-THIRD CAUSE OF ACTION – Unjust Enrichment/Restitution

25.   Defendant Wallis denies the allegations set forth in Paragraphs 761-762.

## VIII.  AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendant alleges that the complaint, and each and every cause of action therein, fails to state facts sufficient to constitute a cause of action against Defendant Wallis.

### SECOND AFFIRMATIVE DEFENSE

Defendant alleges that the claims for relief alleged in the complaint are barred by the applicable statute of limitations, including but not limited to Code of Civil Procedure 335.1, 338, 339, 340(3) and 340.6.

### THIRD AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff is barred from recovery herein as negligence of Plaintiff was the proximate cause of the act or acts, or event or events, alleged in the Complaint. Damages, if any, must be reduced in proportion to the negligence of Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff, with actual or constructive knowledge of the facts alleged in the Complaint, was under a duty to mitigate damages, if any.

1  Plaintiff failed to fulfill such a duty. As a consequence, Defendant Wallis is

2  exonerated from liability to Plaintiff and all damages alleged are the sole and

3  proximate result of Plaintiff's failure to mitigate damages.

4  <strong>FIFTH AFFIRMATIVE DEFENSE</strong>

5          The Complaint is further barred in that Plaintiff consented expressly and

6  impliedly to any and all acts or conduct attributed to Defendant Wallis.

7  <strong>SIXTH AFFIRMATIVE DEFENSE</strong>

8          The Complaint is barred because the damages alleged by Plaintiff, if any,

9  were caused either by the acts of Plaintiff or the acts of a third party or parties,

10  rather than any action of Defendant Wallis. Thus, any recovery by Plaintiff must be

11  apportioned, taking into account the negligence of Plaintiff and any negligent third

12  party.

13  <strong>SEVENTH AFFIRMATIVE DEFENSE</strong>

14          Defendant Wallis alleges that the Complaint is barred by the Doctrine of

15  Accord and Satisfaction.

16  <strong>EIGHTH AFFIRMATIVE DEFENSE</strong>

17          Defendant Wallis alleges that the Complaint is barred by the Doctrine of

18  Release.

19  <strong>NINTH AFFIRMATIVE DEFENSE</strong>

20          Defendant Wallis alleges that the Complaint is barred by the Doctrine of Res

21  Judicata.

22  <strong>TENTH AFFIRMATIVE DEFENSE</strong>

23          Defendant Wallis alleges that the Complaint is barred by the Doctrine of

24  "Unclean Hands."

25  <strong>ELEVENTH AFFIRMATIVE DEFENSE</strong>

26          Defendant Wallis alleges that the Complaint is barred by the Doctrine of

27  Laches.

28  //

## TWELFTH AFFIRMATIVE DEFENSE

Defendant Wallis alleges the Complaint is barred by Plaintiff's failure to exhaust administrative remedies.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendant Wallis at no time had any knowledge of any improper and/or unlawful activities of other Defendants alleged herein and, therefore, is not responsible for any of the allegations pled against Defendant Wallis.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff, at no time, had the right to rely on any of the improper and/or unlawful representations of other Defendants alleged herein and, therefore, is not responsible for any of the allegations pled against Defendant Wallis.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendant Wallis alleges the Complaint is barred by Plaintiff's Failure to Pursue Alternative Dispute Resolution as required by Agreement.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendant Wallis alleges the Complaint is barred by Plaintiff's Improper Notice of Breach.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant Wallis, having just begun the discovery process and not having sufficient time to discover all facts necessary to defend herself, hereby alleges the following affirmative defenses, upon information and belief, pursuant to Rule 8, FRCP, so as not to waive them at this time: Arbitration and Award; Assumption of Risk; Contributory Negligence; Duress; Estoppel; Failure of Consideration; Fraud; Illegality; Injury by Fellow Servant; License; Payment; Collateral Estoppel; Statute of Frauds; Lack of Privity; and Waiver.

//

//

//

## IX.   <u>PRAYER FOR RELIEF</u>

Defendant Wallis prays that the Court grant relief as follows:

    (1) Plaintiff takes nothing by way of the Complaint;

    (2) Judgment to be entered in favor of Defendant Wallis;

    (3) Defendant shall be awarded costs of suit incurred herein, including Sanctions
        pursuant to Rule 11 F.R.C.P;

    (4) Further relief as the Court deems proper.

DATED:  October 3, 2022

By: *Mikia Wallis*
_____
MIKIA WALLIS
Defendant In Pro Per