**THOMPSON & COLEGATE LLP**
**3610 Fourteenth Street**
**P. O. Box 1299**
**Riverside, California 92502**
**Tel: (951) 682-5550**
**Fax: (951) 781-4012**

DIANE MAR WIESMANN (SBN 124409)
dwiesmann@tclaw.net

Attorney for Defendants
MAGALY VELASQUEZ, D.D.S.; and
MAGALY M. VELASQUEZ DDS PROFESSIONAL DENTAL CORP.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BORREGO COMMUNITY HEALTH FOUNDATION, a California nonprofit public benefit corporation,<br><br>Plaintiff,<br><br>v.<br><br>KAREN HEBETS, an individual; MIKIA WALLIS, an individual; DIANA THOMPSON, f/k/a DIANA TRONCOSO, an individual; HARRY ILSLEY, an individual; DENNIS NOURSE, an individual; MIKE HICKOK, an individual; CHUCK KIMBALL, an individual; PREMIER HEALTHCARE MANAGEMENT, INC., a California Corporation; SUMMIT HEALTHCARE MANAGEMENT, INC., a California Corporation; DARYL PRIEST, an individual; NICHOLAS PRIEST, an individual; TRAVIS LYON, an individual; | CASE NO. 3:22-cv-01056-AJB-AGS<br><br>Hon. Anthony J. Battaglia<br><br>**ANSWER TO COMPLAINT OF DEFENDANTS MAGALY VELASQUEZ, D.D.S. an individual, and MAGALY M. VELASQUEZ, DDS, PROFESSIONAL DENTAL CORP., a California corporation**<br><br>Trial Date: None<br>Action filed: July 19, 2022 |

HUSAM E. ALDAIRI, D.D.S., an individual;
ALDAIRI DDS, INC., a California corporation;
AYED HAWATMEH, D.D.S., an individual;
HAWATMEH DENTAL GROUP, P.C., a California Corporation;
ALBORZ MEHDIZADEH, D.D.S., an individual;
ALBORZ MEHDIZADEH, INC., a California Corporation;
JILBERT BAKRAMIAN, D.D.S., an individual;
MOHAMMED ALTEKREETI, D.D.S., an individual;
MAGALY VELASQUEZ, D.D.S., an individual;
MAGALY M. VELASQUEZ DDS PROFESSIONAL DENTAL CORP., a California Corporation;
ARAM ARAKELYAN D.D.S., an individual;
NEW MILLENNIUM DENTAL GROUP OF ARAM ARAKELYAN, INC., a California Corporation;
MICHAEL HOAGN, D.M.D., an individual;
WALEED STEPHAN, D.D.S., an individual;
W.A. STEPHAN, A DENTAL CORPORATION, a California Corp.;
SANTIAGO ROJO, D.D.S., an individual;
SANTIAGO A. ROJO, D.D.S., INC., a California Corporation;
MARCELO TOLEDO, D.D.S., an individual;
MARCELO TOLEDO, D.D.S., INC., a California corporation;

MARLENE THOMPSON, D.D.S., an individual;
MARLENE THOMPSON, D.D.S., INC., a California Corporation;
DOUGLAS NESS, D.D.S., an individual;
NESS DENTAL CORPORATION, A California Corporation;
GEORGE JARED, D.D.S., an individual;
GEORGE JARED D.D.S., INC., a California corporation;
JAMES HEBETS, an individual;
THE HEBETS COMPANY, a Missouri Corporation; and DOES 1-250, inclusive,

Defendants.

COME NOW DEFENDANTS MAGALY VELASQUEZ, D.D.S., an individual, and MAGALY M. VELASQUEZ, D.D.S. PROFESSIONAL DENTAL CORP, a California corporation (hereinafter referred to as "Defendants") and answer for themselves, and for no other, the unverified complaint herein as follows:

1. Defendants generally deny each and every allegation except those hereinafter specifically admitted or those without sufficient knowledge or information to form a belief as to the truth of the allegations.

2. Answering paragraphs 1-7 of the complaint, on information and belief, defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in these paragraphs, and on that basis deny each and every allegation contained therein.

3. Answering paragraphs 8-32 of the complaint, on information and belief, defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in these paragraphs, and on that basis deny each and every allegation contained therein.

4. Answering Paragraph 33 of the complaint, defendants admit the

allegations.

5. Answering paragraphs 34-51 of the complaint, on information and belief, defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in these paragraphs, and on that basis deny each and every allegation contained therein.

6. Answering paragraph 52 of the complaint, defendants deny that they were the agents or employees of each other; or that their acts or omissions were done in concert with each other in furtherance of a common design and agreement to accomplish a particular result, namely extracting money from Borrego Health. Defendants deny they aided and abetted each other or others in accomplishing the acts and omissions alleged herein. As to the remaining allegations, defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in these paragraphs, and on that basis deny each and every allegation contained therein.

7. Answering paragraphs 53-109 of the complaint, on information and belief, defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in these paragraphs, and on that basis deny each and every allegation contained therein.

8. Answering paragraphs 110-111 of the complaint, defendants deny each and every allegation set forth therein against them, and on information and belief, defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in these paragraphs as to other defendants, and on that basis deny each and every allegation contained therein.

9. Answering paragraphs 112-114 of the complaint, on information and belief, defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in these paragraphs, and on that basis deny each and every allegation contained therein.

10. Answering paragraphs 115-117 of the complaint, defendants deny each and every allegation set forth therein against them, and on information and belief,

defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in these paragraphs as to other defendants, and on that basis deny each and every allegation contained therein.

11. Answering paragraphs 118-146 of the complaint, on information and belief, defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in these paragraphs as to other defendants, and on that basis deny each and every allegation contained therein.

12. Answering paragraphs 147 of the complaint, defendants admit the allegations contained therein.

13. Answering paragraphs 148 of the complaint, defendants admit the allegations contained therein.

14. Answering paragraph 149 of the complaint, defendants deny all allegations in this paragraph.

15. Answering paragraph 150 of the complaint, defendants deny all allegations in this paragraph.

16. Answering paragraphs 151-222 of the complaint, on information and belief, defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in these paragraphs, and on that basis deny each and every allegation contained therein.

17. Answering paragraphs 223-224 of the complaint, on information and belief, defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in these paragraphs, and on that basis deny each and every allegation contained therein.

18. Answering paragraphs 225-275 of the complaint, on information and belief, defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in these paragraphs, and on that basis deny each and every allegation contained therein.

19. Answering paragraphs 276-324 of the complaint, on information and

belief, defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in these paragraphs, and on that basis deny each and every allegation contained therein.

20. Answering paragraphs 325-388 of the complaint, on information and belief, defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in these paragraphs, and on that basis deny each and every allegation contained therein.

21. Answering paragraph 389 of the complaint, defendants deny all allegations in this paragraph.

22. Answering paragraphs 390-391 of the complaint, on information and belief, defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in these paragraphs, and on that basis deny each and every allegation contained therein.

23. Answering paragraph 392 of the complaint, defendants deny all allegations in this paragraph.

24. Answering paragraphs 393-402 of the complaint, on information and belief, defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in these paragraphs, and on that basis deny each and every allegation contained therein.

25. Answering paragraph 403 of the complaint, defendants deny all allegations in this paragraph.

26. Answering paragraphs 404-407 of the complaint, on information and belief, defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in these paragraphs, and on that basis deny each and every allegation contained therein.

27. Answering paragraphs 408-433 of the complaint, on information and belief, defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in these paragraphs, and on that basis deny each

and every allegation contained therein.

28. Answering paragraphs 434-436 of the complaint, on information and belief, defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in these paragraphs, and on that basis deny each and every allegation contained therein.

29. Answering paragraphs 437-456 of the complaint, on information and belief, defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in these paragraphs, and on that basis deny each and every allegation contained therein.

30. Answering paragraph 457-461 of the complaint, on information and belief, defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in these paragraphs because they contain legal conclusions or arguments, and on these bases deny each and every allegation contained therein.

31. Answering paragraphs 462-501 of the complaint, on information and belief, defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in these paragraphs, and on that basis deny each and every allegation contained therein.

32. Answering paragraphs 502-525 of the complaint, on information and belief, defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in these paragraphs, and on that basis deny each and every allegation contained therein.

33. Answering paragraphs 526-531 of the complaint, on information and belief, defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in these paragraphs because they contain legal conclusions or arguments, and on these bases deny each and every allegation contained therein.

34. Answering paragraphs 532-576 of the complaint, on information and

belief, defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in these paragraphs, and on that basis deny each and every allegation contained therein.

35. Answering paragraphs 577-607 of the complaint, on information and belief, defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in these paragraphs, and on that basis deny each and every allegation contained therein.

36. Answering paragraph 608 of the complaint, on information and belief, defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and on this basis deny each and every allegation contained therein.

37. Answering paragraphs 609-615 of the complaint, defendants deny all allegations in these paragraphs.

38. Answering paragraphs 616-676 of the complaint, on information and belief, defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in these paragraphs and on this basis deny each and every allegation contained therein.

39. Answering paragraphs 677-680 of the complaint, on information and belief, defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in these paragraphs and on this basis deny each and every allegation contained therein.

40. Answering paragraphs 681-688 of the complaint, on information and belief, defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in these paragraphs and on this basis deny each and every allegation contained therein.

41. Answering paragraph 689 of the complaint, on information and belief, defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and on this basis deny each and every

allegation contained therein.

42. Answering paragraphs 690-696 of the complaint, defendants deny all allegations in these paragraphs.

43. Answering paragraphs 697-701 of the complaint, defendants deny all allegations in these paragraphs.

44. Answering paragraph 702-703 of the complaint, on information and belief, defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in these paragraphs and on this basis deny each and every allegation contained therein.

45. Answering paragraphs 704-709 of the complaint, defendants deny all allegations in these paragraphs.

46. Answering paragraph 710-711 of the complaint, on information and belief, defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in these paragraphs and on this basis deny each and every allegation contained therein.

47. Answering paragraphs 712-718 of the complaint, defendants deny all allegations in these paragraphs.

48. Answering paragraph 719-723 of the complaint, on information and belief, defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in these paragraphs and on this basis deny each and every allegation contained therein.

49. Answering paragraphs 724-727 of the complaint, defendants deny all allegations in these paragraphs.

50. Answering paragraph 728-733 of the complaint, on information and belief, defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in these paragraphs and on this basis deny each and every allegation contained therein.

51. Answering paragraphs 734-737 of the complaint, defendants deny all

allegations in these paragraphs.

52. Answering paragraph 738-742 of the complaint, on information and belief, defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in these paragraphs and on this basis deny each and every allegation contained therein.

53. Answering paragraphs 743-744 of the complaint, defendants deny all allegations in these paragraphs.

54. Answering paragraph 745-747 of the complaint, on information and belief, defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in these paragraphs and on this basis deny each and every allegation contained therein.

55. Answering paragraphs 748-749 of the complaint, defendants deny all allegations in these paragraphs.

56. Answering paragraphs 750-760 of the complaint, on information and belief, defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in these paragraphs and on this basis deny each and every allegation contained therein.

57. Answering paragraph 761 of the complaint, on information and belief, defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and on this basis deny each and every allegation contained therein.

58. Answering paragraph 762 of the complaint, defendants deny all allegations in this paragraph.

59. Any and all allegations of the complaint not specifically admitted above are hereby denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

60. These answering defendants are not legally responsible for the acts or

omissions of any DOE defendants.

SECOND AFFIRMATIVE DEFENSE

61. The Complaint and every purported cause of action contained therein fails to state facts sufficient to state a cause of action against these answering defendants.

THIRD AFFIRMATIVE DEFENSE

62. As to these answering defendants, plaintiff's action is barred by the applicable statutes of limitation, including but not limited to California Code of Civil Procedure sections 335.1 338, 340(3), 340.5 and 340.6.

FOURTH AFFIRMATIVE DEFENSE

63. As to these answering defendants, plaintiff's action is barred by the failure to name indispensable parties to the action.

FIFTH AFFIRMATIVE DEFENSE

64. As to these answering defendants, plaintiff's action is barred by the provisions of California Code of Civil Procedure sections 337 and 339.

SIXTH AFFIRMATIVE DEFENSE

65. As to these answering defendants, plaintiff has failed to exercise reasonable care and diligence to avoid loss and to minimize damages. Plaintiff may not recover for losses which could and should have been prevented by reasonable efforts of its own, or by expenditures which might reasonably have been made. Plaintiff's recovery, if any, should be reduced by its own failure to mitigate its damages.

SEVENTH AFFIRMATIVE DEFENSE

66. As to these answering defendants, there is insufficient knowledge or information upon which to form a belief as to whether they may have additional and as yet unknown affirmative defenses. Therefore these answering defendants reserve the right to assert additional affirmative defenses in the event discovery supports the assertion of said affirmative defenses.

EIGHTH AFFIRMATIVE DEFENSE

67. In the event that these answering defendants are found liable to plaintiff,

these answering defendants should be indemnified in whole or in part by other parties to this litigation, to Plaintiff.

NINTH AFFIRMATIVE DEFENSE

68. Plaintiff has not joined all essential parties to this action, including but not limited to heirs of Bruce Hebets.

TENTH AFFIRMATIVE DEFENSE

69. Because plaintiff did not notify these answering defendants within a reasonable time after it discovered or reasonably should have discovered the alleged breach(es), plaintiff is barred from pursuing any remedy against these answering defendants, including remedies for breach of contract, express or implied, breach of warranty, express or implied, or any other damages.

ELEVENTH AFFIRMATIVE DEFENSE

70. Plaintiff is estopped from asserting any claim or damages against these answering defendants.

TWELFTH AFFIRMATIVE DEFENSE

71. Plaintiff's conduct, acts and/or omissions constitute a waiver of any alleged breach of contract, negligence, or any other conduct, against these answering defendants.

THIRTEENTH AFFIRMATIVE DEFENSE

72. Plaintiff's conduct, acts and/or omissions in asserting its rights of recovery against these answering defendants are barred by the equitable doctrine of laches.

FIFTEENTH AFFIRMATIVE DEFENSE

73. Plaintiff's recovery by its conduct, acts and/or omissions with respect to its dealings with these answering defendants is barred by the equitable doctrine of unclean hands.

SIXTEENTH AFFIRMATIVE DEFENSE

74. Plaintiff's claims are barred in whole or in part, by the fact that plaintiff suffered no actual injury.

SEVENTEENTH AFFIRMATIVE DEFENSE

75. These answering defendants are not liable to the extent that they acted reasonably and in good faith and did not knowingly perform any acts that would constitute a violation of any rights of any person or entity, including plaintiff.

EIGHTEENTH AFFIRMATIVE DEFENSE

76. Plaintiff's damages, if any, were proximately caused by plaintiff's own acts or omissions to act in the management of its own contracts, or its own business; or the acts or omissions of other parties; any judgment rendered against these answering Defendants should thus be denied or reduced accordingly.

NINTEENTH AFFIRMATIVE DEFENSE

77. These answering defendants took all actions pursuant to legitimate business judgment, and said actions were based on legitimate business reasons, justifications and motives. Defendants' conduct was authorized by applicable law and was proper and justified. Accordingly, plaintiff's claims are barred in whole or in part.

TWENTIETH AFFIRMATIVE DEFENSE

78. Plaintiff's damages if any, are the proximate result of independent, intervening, or superseding causes and/or the conduct of others, for which these answering defendants are not responsible.

TWENTY-FIRST AFFIRMATIVE DEFENSE

79. At no time did these answering defendants have knowledge of any improper or unlawful activities of other defendants and therefore these answering defendants are not responsible for any of the allegations pled against those defendants.

TWENTY-SECOND AFFIRMATIVE DEFENSE

80. At no time did plaintiff have the right to rely upon any of the allegedly improper or unlawful acts or omissions of other defendants alleged herein and therefore these answering defendants are not responsible for any of the allegations pled against those defendants.

///

TWENTY-THIRD AFFIRMATIVE DEFENSE

81. Insofar as these answering defendants have not completed sufficient discovery of all facts necessary to defend themselves, and in order to avoid waiver of certain affirmative defenses, they hereby assert the following pursuant to Rule 8 of the Federal Rules of Civil Procedure: binding arbitration and award; assumption of risk; contributory negligence; duress; estoppel; failure of consideration; fraud; illegality; injury by fellow servant; license; payment; collateral estoppel; statute of frauds and waiver.

PRAYER

WHEREFORE, these answering defendants pray that plaintiff take nothing by way of its complaint herein, that judgment be entered in favor of these answering defendants and against plaintiff on the issues raised against them in this action, for fees and costs within the jurisdiction of this Court, and for such other and further relief as the court deems just and proper.

DATED: October 20, 2022

THOMPSON & COLEGATE LLP

By:____________________________
DIANE MAR WIESMANN
Attorney for Defendants,
MAGALY VELASQUEZ, D.D.S., and
MAGALY M. VELASQUEZ DDS
PROFESSIONAL DENTAL CORP.

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this case or adversary proceeding. My business address is: 3610 Fourteenth Street, Riverside, CA 92501

A true and correct copy of the foregoing document entitled: **ANSWER TO COMPLAINT OF DEFENDANTS MAGALY VELASQUEZ, D.D.S. an individual, and MAGALY M. VELASQUEZ, DDS, PROFESSIONAL DENTAL CORP., a California corporation** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders, the foregoing document will be served by the court via NEF and hyperlink to the document.

On October 20, 2022, I checked the CM/ECF docket for this case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

| | |
|---|---|
| Joseph R. Lamagna<br>Jordan Kearney<br>HOOPER, LUNDY & BOOKMAN, PC<br>101 W. Broadway, Ste. 1200<br>San Diego, CA 92101 | Attorneys for Plaintiff<br>BORREGO COMMUNITY HEALTH FOUNDATION<br><br>Tel: (619) 744-7300<br>Fax: (619) 230-0987<br>jlamagna@health-law.com<br>jkearney@health-law.com |
| Devin M. Senelick<br>Taryn A. Reid<br>HOOPER, LUNDY & BOOKMAN, PC<br>1875 Century Park East, Ste. 1600<br>Los Angeles, CA 90067 | Attorneys for Plaintiff<br>BORREGO COMMUNITY HEALTH FOUNDATION<br><br>Tel: (310) 551-8111<br>Fax: (310) 551-8181<br>dsenelick@health-law.com<br>treid@health-law.com |
| Marcus S. Bourassa<br>MCKENZIE SCOTT PC<br>1350 Columbia Street, Ste. 600<br>San Diego, CA 92101 | Attorneys for Defendant<br>KAREN HEBETS<br><br>Tel: (619) 794-0451<br>Fax: (619) 652-9964<br>mbourassa@mckenziescott.com |

| | |
|---|---|
| Mikia Brayton Wallis<br>P.O. Box 2023<br>Julian, CA 92036 | Attorneys for Defendant<br>MIKIA WALLIS<br><br>Tel: (760) 239-1619<br>Fax:<br>mikia@mbwalislaw.com |
| LeRoy George Siddell<br>LAW OFFICE OF GEORG SIDDELL<br>2323 Broadway, Ste. 104<br>San Diego, CA 92102 | Attorneys for Defendant<br>DIANA THOMPSON<br><br>Tel: (619) 231-3991<br>Fax:<br>attorneysiddell@yahoo.com |
| Michael Gregory Freedman<br>THE FREEDMAN FIRM<br>10100 Santa Monica Blvd., Ste. 300<br>Los Angeles, CA 90017 | Attorneys for Defendant<br>HARRY ILSLEY; DENNIS NOURSE;<br>MIKE HICKOK<br><br>Tel: (310) 285-2210<br>Fax: (310) 425-8845<br>michael@thefreedmanfirm.com |
| John Shepherd Kyle<br>KYLE HARRIS LLP<br>2305 Historic Decatur Road, Ste. 100<br>San Diego, CA 92106 | Attorneys for Defendant<br>PREMIER HEALTHCARE<br>MANAGEMENT, INC.;<br>DARYL PRIEST; NICHOLAS PRIEST;<br>TRAVIS LYON<br><br>Tel: (619) 600-0644<br>Fax:<br>jkyle@klhipbiz.com |
| Laura Kimberly Gantney<br>KYLE HARRIS LLP<br>450 B Street, Ste. 1410<br>San Diego, CA 92101 | Attorneys for Defendant<br>PREMIER HEALTHCARE<br>MANAGEMENT, INC.<br><br>Tel: (619) 600-0086<br>Fax: (619) 600-5144<br>lgantney@klhipbiz.com |

| | |
|---|---|
| Anthony F. Maul<br>THE MAUL FIRM PC<br>101 Broadway, Ste. 3A<br>Oakland, CA 94607 | Attorneys for Defendant<br>AYED HAWATMEH, DDS;<br>HAWATMEH DENTAL GROUP, P.C.<br><br>Tel: (510) 496-4477<br>Fax:<br>afmaul@maulfirm.com |
| Megan Ann Childress<br>BLEAU FOX, PLC<br>2801 West Empire Avenue<br>Burbank, CA 91504 | Attorneys for Defendant<br>ALBORZ MEHDIZADEH, DDS;<br>ALBORZ MEHDIZADEH, INC.;<br>JILBERT BAKRAMIAN, DDS;<br>ARAM ARAKELYAN, DDS;<br>NEW MILLENNIUM DENTAL GROUP OF ARAM ARAKELYAN INC.<br><br>Tel: (818) 748-3434<br>Fax: (818) 748-3436<br>mchildress@bleaufox.com |
| Michael Karl Pazdernik<br>ADAMS & CORZINE<br>740 Oak Avenue Parkway, Ste. 120<br>Folsom, CA 95630 | Attorneys for Defendant<br>MOHAMMED ALTEKREETI, DDS<br><br>Tel: (916) 296-0577<br>Fax: (916) 983-3922<br>mpazdernik@aclawyers.com |
| Benjamin J. Fenton<br>Nicholas D. Jurkowitz<br>FENTON LAW GROUP<br>1990 South Bundy Drive, Ste. 777<br>Los Angeles, CA 90025 | Attorneys for Defendant<br>MICHAEL HOANG, DDS<br><br>Tel: (310) 444-5244<br>Fax: (310) 444-5280<br>bfenton@fentonlawgroup.com<br>njurkowitz@fentonlawgroup.com |
| Keith Rutman<br>501 West Broadway, Ste. 1650<br>San Diego, CA 92101-3541 | Attorneys for Defendant<br>WALEED STEPHAN, DDS;<br>W.A. STEPHAN, A DENTAL CORPORATION<br><br>Tel: (619) 237-9072 |

| | |
|---|---|
| | Fax: (760) 454-4372<br>krutman@krutmanlaw.com |
| Daniel Elliott Katz<br>REID & HELLYER APC<br>P.O. Box 1300<br>Riverside, CA 92502 | Attorneys for Defendant<br>SANTIAGO ROJO, DDS;<br>SANTIAGO A. ROJO, DDS, INC.<br><br>Tel: (951) 682-1771<br>Fax: (951) 686-2415<br>bsmith@rhlaw.com |
| Robert W. Frank<br>NEIL, DYMOTT, FRANK, MCCABE & HUDSON<br>110 West A Street, Ste. 1200<br>San Diego, CA 92101 | Attorneys for Defendant<br>MARLENE THOMPSON, DDS, INC.<br><br>Tel: (619) 238-2247<br>Fax: (619) 238-1562<br>rfrank@neildymott.com |
| Robert W. Harrison<br>WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER<br>401 West A Street, Ste. 1900<br>San Diego, CA 92101 | Attorneys for Defendant<br>MARLENE THOMPSON, DDS, INC.<br><br>Tel: (619) 321-6200<br>Fax: (619) 321-6201<br>robert.harrison@wilsonelser.com |
| Khodadad Darius Sharif<br>Matthew J. Faust<br>SHARIF FAUST LAWYERS, LTD.<br>600 B Street, Ste. 2490<br>San Diego, CA 92101 | Attorneys for Defendant<br>DOUGLAS NESS, DDS;<br>NESS DENTAL CORPORATION<br><br>Tel: (619) 233-6600<br>Fax: (619) 233-6602<br>sharif@shariffaust.com<br>faust@shariffaust.com |
| Mitchell J. Popham<br>Rory S. Miller<br>David Ronald Rutan<br>William Colin Mullen<br>LOCKE LORD LLP<br>300 South Grand Avenue, Ste. 2600<br>Los Angeles, CA 90071 | Attorneys for Defendant<br>JAMES HEBETS, DDS;<br>THE HEBETS COMPANY<br><br>Tel: (213) 485-1500<br>Fax: (213) 485-1200<br>mpopham@locklord.com |

| | |
|---|---|
| | rory.miller@lockelord.com<br>david.rutan@lockelord.com<br>william.mullen@lockelord.com |

**2. SERVED BY UNITED STATES MAIL**:

On , I served the following persons and/or entities at the last known addresses in this case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.C.P. 5 and/or controlling LBR, on (*date*)*****, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | |
|---|---|
| October 20, 2022 | /s/ Sandy Waggle |
| *Date* | *Sandy Waggle* |