Quintin Shammam (246926)
Law Office of Quintin G. Shammam
2221 Camino Del Rio South, Suite 207
San Diego, CA 92108
Tel: (619) 444-0001
Fax: (619) 501-1119
Quintin@shammamlaw.com
Attorney for Defendants
HUSAM E. ALDAIRI, D.D.S and
ALDAIRI DDS, INC.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BORREGO COMMUNITY HEALTH FOUNDATION, a California nonprofit public benefit corporation;<br><br>Plaintiff,<br><br>vs.<br><br>KAREN HEBETS, an individual;  MIKIA WALLIS, an individual;  DIANA THOMPSON, f/k/a DIANA TRONCOSO, an individual;  HARRY ILSLEY, an individual; DENNIS NOURSE, an individual;  MIKE HICKOK, an individual;  CHUCK KIMBALL, an individual;  PREMIER HEALTHCARE MANAGEMENT, INC., a California Corporation; SUMMIT HEALTHCARE MANAGEMENT, INC., a California Corporation; DARYL PRIEST, an individual; NICHOLAS PRIEST, an individual; TRAVIS LYON, an individual; HUSAM E. ALDAIRI, D.D.S., an individual; ALDAIRI DDS, INC., a California corporation; AYED HAWATMEH, D.D.S., an individual; HAWATMEH DENTAL GROUP, P.C., a California Corporation; ALBORZ MEHDIZADEH, D.D.S., an individual; | **CASE NO. 3:22-cv-01056-AJB-AGS**<br><br>Hon. Anthony J. Battaglia<br><br>**DEFENDANTS HUSAM E. ALDAIRI D.D.S. AND ALDAIRI DDS, INC.'S ANSWER TO COMPLAINT** |

**ANSWER TO COMPLAINT**
**PAGE 1 OF 11**

ALBORZ MEHDIZADEH, INC., a California Corporation; JILBERT BAKRAMIAN, D.D.S., an individual; MOHAMMED ALTEKREETI, D.D.S., an individual; MAGALY VELASQUEZ, D.D.S., an individual; MAGALY M. VELASQUEZ DDS PROFESSIONAL DENTAL CORP., a California Corporation; ARAM ARAKELYAN, D.D.S., an individual; NEW MILLENNIUM DENTAL GROUP OF ARAM ARAKELYAN, INC., a California Corporation; MICHAEL HOANG, D.M.D., an individual; WALEED STEPHAN, D.D.S., an individual; W.A. STEPHAN, A DENTAL CORPORATION, a California Corporation; SANTIAGO ROJO, D.D.S., an individual; SANTIAGO A. ROJO, D.D.S., INC., a California Corporation; MARCELO TOLEDO, D.D.S., an individual; MARCELO TOLEDO, D.D.S., INC., a California corporation; MARLENE THOMPSON, D.D.S., an individual; MARLENE THOMPSON, D.D.S., INC., a California Corporation; DOUGLAS NESS, D.D.S., an individual; NESS DENTAL CORPORATION, a California Corporation; GEORGE JARED, D.D.S., an individual; GEORGE JARED, D.D.S., INC., a California corporation; JAMES HEBETS, an individual; THE HEBETS COMPANY, a Missouri Corporation; and DOES 1-250, inclusive.

Defendants.

**ANSWER TO COMPLAINT**
**PAGE 2 OF 11**

1    1.      Defendants   HUSAM E. ALDAIRI D.D.S., and ALDAIRI DDS, INC.

2   (collectively "Defendants") hereby answers the Complaint (the "Complaint") filed by Plaintiff

3   BORREGO COMMUNITY HEALTH FOUNDATION. Defendants   generally denies each and

4   every allegation except those hereinafter specifically admitted or those without sufficient

5   knowledge or information to form a belief as to the truth of the allegations.

6    2.      Answering Paragraphs 1 through 27 of the Complaint, Defendants are without

7   sufficient knowledge or information to form a belief as to the truth of the allegations contained in

8   this paragraph, and on that basis denies each and every allegation contained therein.

9    3.      Answering Paragraph 28 of the Complaint, Defendants   admit the allegations.

10   4.      Answering Paragraph 29 of the Complaint, Defendants are without sufficient

11   knowledge or information to form a belief as to the truth of the allegations contained in this

12   paragraph, and on that basis denies each and every allegation contained therein.

13   5.      Answering Paragraph 30 of the Complaint, Defendants   admit the allegations.

14   6.      Answering Paragraphs 31 through 42 of the Complaint, Defendants are without

15   sufficient knowledge or information to form a belief as to the truth of the allegations contained in

16   this paragraph, and on that basis denies each and every allegation contained therein.

17   7.      Answering Paragraph 43 of the Complaint, Defendants   admit the allegations.

18   8.      Answering Paragraphs 44 through 47 of the Complaint, Defendants   are without

19   sufficient knowledge or information to form a belief as to the truth of the allegations contained in

20   this paragraph, and on that basis denies each and every allegation contained therein.

21   9.      Answering Paragraph 48 of the Complaint, Defendants deny all allegations in this

22   paragraph.

23   10.     Answering Paragraphs 49 through 118 of the Complaint, Defendants are without

24   sufficient knowledge or information to form a belief as to the truth of the allegations contained in

25   this paragraph, and on that basis denies each and every allegation contained therein.

26   11.     Answering Paragraph 119 of the Complaint, Defendants   admit the allegations.

27   12.     Answering Paragraph 120 of the Complaint, Defendants admit the allegations.

28

**ANSWER TO COMPLAINT**
**PAGE 3 OF 11**

13.     Answering Paragraph 121 of the Complaint, Defendants deny all allegations in this paragraph.

14.     Answering Paragraph 122 of the Complaint, Defendants   admit the allegations.

15.     Answering Paragraph 123 of the Complaint, Defendants   admit the allegations.

16.     Answering Paragraph 124 of the Complaint, Defendants deny all allegations in this paragraph.

17.     Answering Paragraph 125 of the Complaint, Defendants deny all allegations in this paragraph.

18.     Answering Paragraph 126 of the Complaint, Defendants deny all allegations in this paragraph.

19.     Answering Paragraph 127 of the Complaint, Defendants deny all allegations in this paragraph.

20.     Answering Paragraph 128 of the Complaint, Defendants deny all allegations in this paragraph.

21.     Answering Paragraph 129 of the Complaint, Defendants deny all allegations in this paragraph.

22.     Answering Paragraph 130 of the Complaint, Defendants deny all allegations in this paragraph.

23.     Answering Paragraph 131 of the Complaint, Defendants deny all allegations in this paragraph.

24.     Answering Paragraph 132 of the Complaint, Defendants deny all allegations in this paragraph.

25.     Answering Paragraph 133 of the Complaint, Defendants deny all allegations in this paragraph.

26.     Answering Paragraph 134 of the Complaint, Defendants deny all allegations in this paragraph.

27.     Answering Paragraphs 135 through 168 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

28.     Answering Paragraph 169 of the Complaint, Defendants   admit the allegations.

29.     Answering Paragraph 170 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

30.     Answering Paragraph 171 of the Complaint, Defendants deny all allegations in this paragraph.

31.     Answering Paragraphs 172 through 221 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

32.     Answering Paragraph 222 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

33.     Answering Paragraphs 223 through 232 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

34.     Answering Paragraph 233 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

35.     Answering Paragraph 234 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

36.     Answering Paragraph 235 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

37.     Answering Paragraph 236 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

38.     Answering Paragraphs 237 through 245 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

39.     Answering Paragraph 246 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

40.     Answering Paragraph 247 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

41.     Answering Paragraphs 248 through 390 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

42.     Answering Paragraph 391 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

43.     Answering Paragraphs 392 through 419 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

44.     Answering Paragraph 420 of the Complaint, Defendants deny all allegations in this paragraph.

45.     Answering Paragraphs 421 through 441 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

46.     Answering Paragraphs 442 through 446 of the Complaint, Defendants deny all allegations in this paragraph.

47.     Answering Paragraphs 447 through 507 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

48.     Answering Paragraphs 508 through 513 of the Complaint, Defendants deny all allegations in this paragraph.

49.     Answering Paragraphs 514 through 522 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

50.     Answering Paragraph 523 of the Complaint, Defendants deny all allegations in this paragraph.

51.     Answering Paragraphs 524 through 583 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

52.     Answering Paragraphs 584 through 591 of the Complaint, Defendants deny all allegations in this paragraph.

## SEPARATE AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

These answering Defendants  allege as an affirmative defense that the complaint, and each and every cause of action contained therein, fails to state facts sufficient to constitute a cause of action against them.

### SECOND AFFIRMATIVE DEFENSE

These answering Defendants  allege as an affirmative defense that the claims for relief alleged in the complaint are barred by any applicable statute of limitations, including but not limited to, Code of Civil Procedure §§ 335.1, 338, 339, 340(3), 340.5 and 340.6.

### THIRD AFFIRMATIVE DEFENSE

These answering Defendants  allege as an affirmative defense that plaintiff is barred from recovery herein in that the negligence of plaintiff was a proximate cause of the act or acts, or event or events, alleged in the complaint, and damages, if any, must be reduced in proportion to the negligence of plaintiff which caused damage to plaintiff at the times and places alleged in the complaint.

### FOURTH AFFIRMATIVE DEFENSE

These answering Defendants  allege as an affirmative defense that plaintiff, with actual or constructive knowledge of the facts alleged in the complaint, was under a duty to mitigate damages, if any, and plaintiff failed to fulfill such a duty; and, as a consequence, these answering Defendants are exonerated from liability to plaintiff and all damages alleged are the sole and proximate result of the failure of plaintiff to mitigate damages.

### FIFTH AFFIRMATIVE DEFENSE

These answering Defendants  allege as an affirmative defense that the complaint is further barred in that plaintiff consented expressly and impliedly to any acts or conduct attributed to them.

### SIXTH AFFIRMATIVE DEFENSE

These answering Defendants  allege as an affirmative defense that the complaint is barred because their treatment of patients of plaintiff and actions as to billing, as opposed to the acts of other Defendants, was at all times, lawful, professional and within the standard of care.

### SEVENTH AFFIRMATIVE DEFENSE

These answering Defendants  allege as an affirmative defense that the complaint is barred because the damages alleged by plaintiff, if any, were caused either by the acts of plaintiff or the acts of a third party or parties, rather than by any action of these answering Defendants. Thus, any recovery by plaintiff must be apportioned, taking into account the negligence of plaintiff and any negligent third party.

### EIGHTH AFFIRMATIVE DEFENSE

These answering Defendants   allege as an affirmative defense that the complaint is barred because all treatment by defendant was pursuant to adequate informed consent and lack of informed consent did not cause plaintiff or plaintiff's patients, any injury.

### NINTH AFFIRMATIVE DEFENSE

These answering Defendants allege as an affirmative defense that the complaint is barred by the doctrine of accord and satisfaction.

### TENTH AFFIRMATIVE DEFENSE

These answering Defendants   allege as an affirmative defense that the complaint is barred by the doctrine of release.

### ELEVENTH AFFIRMATIVE DEFENSE

These answering Defendants   allege as an affirmative defense that the complaint is barred by the doctrine of res judicata.

### TWELFTH AFFIRMATIVE DEFENSE

These answering Defendants allege as an affirmative defense that the complaint is barred by the doctrine of "unclean hands."

### THIRTEENTH AFFIRMATIVE DEFENSE

These answering Defendants   allege as an affirmative defense that the complaint is barred by the doctrine of laches.

### FOURTEENTH AFFIRMATIVE DEFENSE

These answering Defendants   allege as an affirmative defense that the complaint is barred because each of the alleged negligent acts of these answering Defendants, as pled in the complaint, were matters within their clinical judgment, and were appropriate exercises of such judgment and are, thus, not actionable.

### FIFTEENTH AFFIRMATIVE DEFENSE

These answering Defendants   allege as an affirmative defense that the complaint, and each cause of action therein, is barred as each cause of action is based solely upon communications that are privileged by Civil Code § 47 and therefore, such communications are not actionable under any theory of law, including but not limited to Civil Code § 56 et seq.

### SIXTEENTH AFFIRMATIVE DEFENSE

These answering Defendants   , having just begun the discovery process and not having sufficient time to discover all facts necessary to defend themselves, hereby, allege the following affirmative defenses, upon information and belief, per Rule 8, FRCP, so as not to waive them at this time: arbitration and award; assumption of risk; contributory negligence; duress; estoppel; failure of consideration; fraud; illegality; injury by fellow servant; license; payment; collateral estoppel; statute of frauds; and waiver.

### SEVENTEENTH AFFIRMATIVE DEFENSE

These answering Defendants  allege as an affirmative defense that at no time did they have any knowledge of any of the improper and/or unlawful activities of other Defendants   alleged herein and, therefore, are not responsible for any of the allegations pled against these answering Defendants.

### EIGHTEENTH AFFIRMATIVE DEFENSE

These answering Defendants   allege as an affirmative defense plaintiff, at no time, had the right to rely on any of the improper and/or unlawful representations of other Defendants  alleged herein and, therefore, are not responsible for any of the allegations pled against these answering Defendants.

### NINETEENTH AFFIRMATIVE DEFENSE

These answering Defendants   allege as an affirmative defense, that at no time did they do anything as regards patient care other than to provide clinical dental care and was not in any way responsible or active in providing any billing services to anyone and had no knowledge of any alleged improprieties at any time.

**PRAYER FOR RELIEF**

WHEREFORE, the answering Defendants   prays that Plaintiff takes nothing by the Complaint on file herein, for Defendants' costs of suit incurred herein, attorney fees and for such other and further relief as to the Court may seem just and proper.

**DEMAND FOR JURY TRIAL**

Please take further notice that these answering Defendants hereby demand a trial by jury as to all claims for relief for which it is available under the 7th amendment.


DATED:  10/21/22                          LAW OFFICE OF QUINTIN G. SHAMMAM



                                          By:   _/s/ Quintin Shammam_____
                                                Quintin Shammam, Attorney for
                                                Defendants Husam Aldairi, D.D.S.
                                                and Aldairi DDS, Inc.

**ANSWER TO COMPLAINT**
**PAGE 11 OF 11**

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this case or adversary proceeding.  My business address is:  2221 Camino Del Rio S., Ste. 207, San Diego, CA 92108

A true and correct copy of the foregoing document entitled:

**ANSWER  TO COMPLAINT**

in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders, the foregoing document will be served by the court via NEF and hyperlink to the document.

On October 21, 2022, I checked the CM/ECF docket for this case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

| | |
|---|---|
| Joseph R. Lamagna<br>Jordan Kearney<br>HOOPER, LUNDY & BOOKMAN, PC<br>101 W. Broadway, Ste. 1200<br>San Diego, CA 92101 | Attorneys for Plaintiff<br>BORREGO COMMUNITY HEALTH<br>FOUNDATION<br>Tel: (619) 744-7300<br>Fax: (619) 230-0987<br>jlamagna@health-law.com<br>jkearney@health-law.com |
| Devin M. Senelick<br>Taryn A. Reid<br>HOOPER, LUNDY & BOOKMAN, PC<br>1875 Century Park East, Ste. 1600<br>Los Angeles, CA 90067 | Attorneys for Plaintiff<br>BORREGO COMMUNITY HEALTH<br>FOUNDATION<br>Tel: (310) 551-8111<br>Fax: (310) 551-8181<br>dsenelick@health-law.com<br>treid@health-law.com |
| Marcus S. Bourassa<br>MCKENZIE SCOTT PC<br>1350 Columbia Street, Ste. 600<br>San Diego, CA 92101 | Attorneys for Defendant<br>KAREN HEBETS<br><br>Tel: (619) 794-0451<br>Fax: (619) 652-9964<br>mbourassa@mckenziescott.com |
| Mikia Brayton Wallis<br>P.O. Box 2023<br>Julian, CA 92036 | Attorneys for Defendant<br>MIKIA WALLIS<br><br>Tel: (760) 239-1619<br>Fax:<br>mikia@mbwalislaw.com |

| | |
|---|---|
| LeRoy George Siddell<br>LAW OFFICE OF GEORG SIDDELL<br>2323 Broadway, Ste. 104<br>San Diego, CA  92102 | Attorneys for Defendant<br>DIANA THOMPSON<br><br>Tel:  (619) 231-3991<br>Fax:<br>attorneysiddell@yahoo.com |
| Michael Gregory Freedman<br>THE FREEDMAN FIRM<br>10100 Santa Monica Blvd., Ste. 300<br>Los Angeles, CA  90017 | Attorneys for Defendant<br>HARRY ILSLEY; DENNIS NOURSE;<br>MIKE HICKOK<br>Tel: (310) 285-2210<br>Fax: (310) 425-8845<br>michael@thefreedmanfirm.com |
| John Shepherd Kyle<br>KYLE HARRIS LLP<br>2305 Historic Decatur Road, Ste. 100<br>San Diego, CA  92106 | Attorneys for Defendant<br>PREMIER HEALTHCARE<br>MANAGEMENT, INC.;<br>DARYL   PRIEST;  NICHOLAS   PRIEST;<br>TRAVIS LYON<br>Tel: (619) 600-0644<br>Fax:<br>jkyle@klhipbiz.com |
| Laura Kimberly Gantney<br>KYLE HARRIS LLP<br>450 B Street, Ste. 1410 San Diego, CA 92101 | Attorneys for Defendant<br>PREMIER        HEALTHCARE<br>MANAGEMENT, INC.<br>Tel: (619) 600-0086<br>Fax: (619) 600-5144<br>lgantney@klhipbiz.com |
| Anthony F. Maul<br>THE MAUL FIRM PC<br>101 Broadway, Ste. 3A<br>Oakland, CA  94607 | Attorneys for Defendant<br>AYED HAWATMEH, DDS;<br>HAWATMEH DENTAL GROUP, P.C.<br>Tel: (510) 496-4477<br>Fax:<br>afmaul@maulfirm.com |
| Megan Ann Childress<br>BLEAU FOX, PLC<br>2801 West Empire Avenue<br>Burbank, CA  91504 | Attorneys for Defendant<br>ALBORZ MEHDIZADEH, DDS;<br>ALBORZ   MEHDIZADEH,   INC.;   JILBERT<br>BAKRAMIAN, DDS; ARAM ARAKELYAN,<br>DDS;<br>NEW MILLENNIUM DENTAL GROUP OF<br>ARAM ARAKELYAN INC.<br>Tel: (818) 748-3434<br>Fax: (818) 748-3436<br>mchildress@bleaufox.com |

| | |
|---|---|
| Michael Karl Pazdernik<br>ADAMS & CORZINE<br>740 Oak Avenue Parkway, Ste. 120<br>Folsom, CA  95630 | Attorneys for Defendant<br>MOHAMMED ALTEKREETI, DDS<br>Tel:  (916) 296-0577<br>Fax:  (916) 983-3922<br>mpazdernik@aclawyers.com |
| Benjamin J. Fenton<br>Nicholas D. Jurkowitz<br>FENTON LAW GROUP<br>1990 South Bundy Drive, Ste. 777<br>Los Angeles, CA  90025 | Attorneys for Defendant<br>MICHAEL HOANG, DDS<br><br>Tel:  (310) 444-5244<br>Fax:  (310) 444-5280<br>bfenton@fentonlawgroup.com<br>njurkowitz@fentonlawgroup.com |
| Keith Rutman<br>501 West Broadway, Ste. 1650<br>San Diego, CA  92101-3541 | Attorneys for Defendant<br>WALEED STEPHAN, DDS;<br>W.A. STEPHAN, A DENTAL CORPORATION<br>Tel: (619) 237-9072<br>Fax: (760) 454-4372<br>krutman@krutmanlaw.com |
| Daniel Elliott Katz<br>REID & HELLYER APC<br>P.O. Box 1300<br>Riverside, CA  92502 | Attorneys for Defendant<br>SANTIAGO ROJO, DDS;<br>SANTIAGO A. ROJO, DDS, INC.<br>Tel: (951) 682-1771<br>Fax: (951) 686-2415<br>bsmith@rhlaw.com |
| Robert W. Frank<br>NEIL, DYMOTT, FRANK, MCCABE &<br>HUDSON<br>110 West A Street, Ste. 1200<br>San Diego, CA  92101 | Attorneys for Defendant<br>MARLENE THOMPSON, DDS, INC.<br>Tel: (619) 238-2247<br>Fax: (619) 238-1562<br>rfrank@neildymott.com |
| Robert W. Harrison<br>WILSON, ELSER, MOSKOWITZ,<br>EDELMAN & DICKER<br>401 West A Street, Ste. 1900<br>San Diego, CA  92101 | Attorneys for Defendant<br>MARLENE THOMPSON, DDS, INC.<br>Tel: (619) 321-6200<br>Fax: (619) 321-6201<br>robert.harrison@wilsonelser.com |
| Khodadad Darius Sharif<br>Matthew J. Faust<br>SHARIF FAUST LAWYERS, LTD.<br>600 B Street, Ste. 2490<br>San Diego, CA  92101 | Attorneys for Defendant<br>DOUGLAS NESS, DDS;<br>NESS DENTAL CORPORATION<br>Tel: (619) 233-6600<br>Fax: (619) 233-6602<br>sharif@shariffaust.com<br>faust@shariffaust.com |

| | |
|---|---|
| Mitchell J. Popham<br>Rory S. Miller<br>David Ronald Rutan William Colin Mullen LOCKE LORD LLP<br>300 South Grand Avenue, Ste. 2600<br>Los Angeles, CA 90071 | Attorneys for Defendant<br>JAMES HEBETS, DDS; THE HEBETS COMPANY<br>Tel: (213) 485-1500<br>Fax: (213) 485-1200<br>mpopham@locklord.com<br>rory.miller@lockelord.com<br>david.rutan@lockelord.com<br>william.mullen@lockelord.com |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated:  10/21/2022                         /s/ Quintin Shammam

                                               By: Quintin Shammam