JOSEPH R. LAMAGNA (State Bar No. 246850)
JORDAN KEARNEY (State Bar No. 305483)
**HOOPER, LUNDY & BOOKMAN, P.C.**
101 W. Broadway, Suite 1200
San Diego, California 92101
Telephone: (619) 744-7300
Facsimile: (619) 230-0987
E-Mail: jlamagna@health-law.com
       jkearney@health-law.com

DEVIN M. SENELICK (State Bar No. 221478)
TARYN A. REID (State Bar No. 328772)
**HOOPER, LUNDY & BOOKMAN, P.C.**
1875 Century Park East, Suite 1600
Los Angeles, California 90067
Telephone: (310) 551-8111
Facsimile: (310) 551-8181
E-Mail: dsenelick@health-law.com
       treid@health-law.com

*Attorneys for Plaintiff Borrego Community Health Foundation*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BORREGO COMMUNITY HEALTH FOUNDATION, a California nonprofit public benefit corporation,<br><br>Plaintiff,<br><br>vs.<br><br>KAREN HEBETS, et al.<br><br>Defendants. | Case No. 3:22-cv-01056-AJB-AGS<br><br>Hon. Anthony J. Battaglia<br><br>**NOTICE OF MOTION & MOTION FOR LEAVE TO AMEND COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**FRCP 15(a)(2)**<br><br>[*Filed concurrently with the Declaration of Devin M. Senelick, Esq.*]<br><br>Judge: Hon. Anthony J. Battaglia<br>Date: February 23, 2023<br>Time: 2:00 P.M.<br>Ctrm.: 4A<br><br>Trial Date:   None Set |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on February 23, 2023 at 2:00 p.m., or as soon thereafter as counsel may be heard, in the Courtroom of the Honorable Anthony J. Battaglia, located at 221 West Broadway, San Diego, California 92101, Plaintiff Borrego Community Health Foundation ("Borrego Health"), will and herby does move the Court for an order granting leave to file a First Amended Complaint ("FAC") pursuant to Federal Rule of Civil Procedure Rule 15(a) and United States District Court Southern District Local Rules 7.1 and 15.1.

This motion will be made on the grounds that it is in the interests of justice and of judicial efficiency to allow the proposed FAC, and that such amendment will not result in prejudice to the Defendants.

This motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Devin M. Senelick, Esq. and all other pleadings on file in this matter.

DATED:  November 4, 2022         HOOPER, LUNDY & BOOKMAN, P.C.

By: _____
TARYN A. REID
Attorneys for Plaintiff Borrego Community Health Foundation

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION & STATEMENT OF FACTS

On July 19, 2022, Borrego Health filed its complaint in this action. The Complaint alleges, among other things, that while Borrego Health was attempting to complete its mission of providing healthcare to underserved communities, certain individuals and entities, both inside and outside of Borrego Health, siphoned off money from Borrego Health that should have benefitted the community it serves. The schemes include selling useless assets to Borrego Health at inflated prices, entering into one-sided agreements with Borrego Health to its detriment, committing and/or covering up healthcare fraud though improper billing of dental services, entering into leases with Borrego Health that were many times fair market rates and terms, paying themselves above-market salaries and benefits, hiring friends and family members to work for Borrego Health and paying them above-market salaries, and attempting to use Borrego Health to purchase a country club.

On October 6, 2022, the Court in this action issued an "Order Striking Certain Answers And Motions To Dismiss And Streamlining Deadlines And Briefing Schedules" (ECF 100). This order, in part, ordered all Defendants to respond to Borrego Health's Complaint on or before October 21, 2022. The Order also instructed Borrego Health to file a consolidated opposition in response to all timely filed motions to dismiss on or before November 11, 2022.

After serving the Defendants in this action, Borrego Health continued to investigate its claims further, and recently discovered evidence which demonstrates, from Borrego Health's perspective, a clear "kickback" between some of the Defendants.

As such, on October 24, 2022, counsel for Borrego Health e-mailed Defendants' counsel requesting a Joint Stipulation be entered into allowing Borrego Health to file a First Amended Complaint. (Decl. of Devin M. Senelick, Esq. ¶ 5, Ex. A). While some Defendants were in agreement, others indicated that they

needed to evaluate the proposed changes first or did not respond at all. (Decl. of Devin M. Senelick ¶ 6).

As a result, Borrego Health now files the herein motion seeking to amend its Complaint to add a new Defendant and allegations to the action, as well as add additional information to address the concerns raised in several of the Defendants' motions to dismiss.

## II.    LEGAL STANDARD

The Federal Rules of Civil Procedure provide that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Indeed, there is a "presumption under Rule 15(a) in favor of granting leave to amend." See *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). This policy favoring amendment is to be applied with "extreme liberality." *Sonoma Cty. Ass'n of Retired Emps. v. Sonoma Cty.*, 708 F.3d 1109, 1117 (9th Cir. 2013). Because federal policy favors "a proper decision on the merits" and "just . . . determination of every action," leave to amend the pleadings is freely given. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

The burden is on the opposing party to establish it will be prejudiced by the amendment. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185 (9th Cir. 1987). "A motion for leave to amend should be granted unless there has been a showing that to permit the amendment would produce an undue delay in the litigation, that the motion was brought in bad faith or out of dilatory motive, that the movant has repeatedly failed to cure deficiencies in the complaint by previous amendments, that the proposed amendment would unduly prejudice an opposing party, or that the proposed amendment would result in futility for lack of merit." *Oregon Natural Desert Ass'n v. McDaniel*, 751 F. Supp. 2d 1151, 1155 (D. Or. 2011); *see Foman,* 371 U.S. at 371.

## III. PLAINTIFF'S MOTION FOR LEAVE TO AMEND SHOULD BE GRANTED

In compliance with Local Rules 7.1 and 15.1, attached hereto is a copy of the proposed First Amended Complaint (Exhibit "1") and a redlined version of the First Amended Complaint highlighting the changes between the Complaint and the proposed First Amended Complaint (Exhibit "2").[1] The amendments include adding Defendant KBH Healthcare Consulting, LLC ("KBH") to the First Amended Complaint, along with allegations relating to a "kickback" paid by one defendant to another. Specifically as it pertains to KBH, the proposed FAC alleges that KBH was used by the named defendants to receive remuneration from the schemes alleged in the complaint.

In addition to adding KBH, the FAC seeks to address the concerns raised in several of the Defendants' motions to dismiss. As such, Borrego Health has added over 100 paragraphs to the proposed FAC providing additional allegations relating to the Defendants' conduct and adding further detail.

Borrego Health's proposed amendment would cause no prejudice to Defendants, particularly in light of the fact that the proposed FAC offers further detail and particularity, precisely what the Defendants take issue with in the original complaint.

Further, there has been no bad faith or undue delay on the part of Borrego Health. Borrego Health discovered KBH's involvement recently and notified the

---

[1] A full version of the proposed FAC, including all exhibits, is attached hereto as Exhibit 1. The Exhibit List attached to the FAC makes minor revisions to the prior Exhibit List, including the removal of two pages which were superfluous to the filing of the complaint. To avoid attaching approximately 800 pages of exhibits twice, the full revised Exhibit List will only be attached to Exhibit 1 (and not to the Exhibit 2 redline).

Defendants once it became aware that KBH played a pivotal role in the alleged schemes.

As there is a presumption in favor of granting leave to amend, and Defendants do not face any prejudice in allowing the amendment, Borrego Health's motion for leave to amend should be granted.

## IV. CONCLUSION

For all the above-referenced reasons, Borrego Health respectfully requests that the Court grant its Motion for Leave to Amend its Complaint.

DATED:  November 4, 2022        HOOPER, LUNDY & BOOKMAN, P.C.

By: _____
TARYN A. REID
Attorneys for Plaintiff Borrego Community Health Foundation

HOOPER, LUNDY & BOOKMAN, P.C.
101 W. BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TEL (619) 744-7300 • FAX (619) 230-0987

7270268.8

6                                                     Case No. 3:22-cv-01056-AJB-AGS
NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND COMPLAINT