JOSEPH R. LAMAGNA (State Bar No. 246850)
JORDAN KEARNEY (State Bar No. 305483)
**HOOPER, LUNDY & BOOKMAN, P.C.**
101 W. Broadway, Suite 1200
San Diego, California 92101
Telephone: (619) 744-7300
Facsimile: (619) 230-0987
E-Mail: jlamagna@health-law.com
　　　　 jkearney@health-law.com

DEVIN M. SENELICK (State Bar No. 221478)
TARYN A. REID (State Bar No. 328772)
**HOOPER, LUNDY & BOOKMAN, P.C.**
1875 Century Park East, Suite 1600
Los Angeles, California 90067
Telephone: (310) 551-8111
Facsimile: (310) 551-8181
E-Mail: dsenelick@health-law.com
　　　　 treid@health-law.com

*Attorneys for Plaintiff Borrego Community Health Foundation*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BORREGO COMMUNITY HEALTH FOUNDATION, a California nonprofit public benefit corporation,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>KAREN HEBETS, an individual; MIKIA WALLIS, an individual; DIANA THOMPSON, f/k/a DIANA TRONCOSO, an individual; HARRY ILSLEY, an individual; DENNIS NOURSE, an individual; MIKE HICKOK, an individual; CHUCK KIMBALL, an individual; PREMIER HEALTHCARE MANAGEMENT, INC., a California Corporation; SUMMIT HEALTHCARE MANAGEMENT, INC., a California Corporation; DARYL PRIEST, an individual; NICHOLAS PRIEST, an individual; TRAVIS LYON, an individual; | Case No. 3:22-cv-01056-AJB-AGS<br><br>Hon. Anthony J. Battaglia<br><br>**REPLY TO OPPOSITION OF PREMIER MANAGEMENT, INC., DARYL PRIEST, NICHOLAS PRIEST AND TRAVIS LYON TO MOTION TO AMEND COMPLAINT**<br><br>Date:　February 23, 2023<br>Time:　2:00 p.m.<br>Crtrm.:　4A<br><br>Trial Date:　　None Set |

HOOPER, LUNDY & BOOKMAN, P.C.
101 W. BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TEL (619) 744-7300 • FAX (619) 230-0987

| | |
|---|---|
| 1 | HUSAM E. ALDAIRI, D.D.S., an individual; ALDAIRI DDS, INC., a California corporation; AYED HAWATMEH, D.D.S., an individual; HAWATMEH DENTAL GROUP, P.C., a California Corporation; ALBORZ MEHDIZADEH, D.D.S., an individual; ALBORZ MEHDIZADEH, INC., a California Corporation; JILBERT BAKRAMIAN, D.D.S., an individual; MOHAMMED ALTEKREETI, D.D.S., an individual; MAGALY VELASQUEZ, D.D.S., an individual; MAGALY M. VELASQUEZ DDS PROFESSIONAL DENTAL CORP., a California Corporation; ARAM ARAKELYAN, D.D.S., an individual; NEW MILLENNIUM DENTAL GROUP OF ARAM ARAKELYAN, INC., a California Corporation; MICHAEL HOANG, D.M.D., an individual; WALEED STEPHAN, D.D.S., an individual; W.A. STEPHAN, A DENTAL CORPORATION, a California Corporation; SANTIAGO ROJO, D.D.S., an individual; SANTIAGO A. ROJO, D.D.S., INC., a California Corporation; MARCELO TOLEDO, D.D.S., an individual; MARCELO TOLEDO, D.D.S., INC., a California corporation; MARLENE THOMPSON, D.D.S., an individual; MARLENE THOMPSON, D.D.S., INC., a California Corporation; DOUGLAS NESS, D.D.S., an individual; NESS DENTAL CORPORATION, a California Corporation; GEORGE JARED, D.D.S., an individual; GEORGE JARED, D.D.S., INC., a California corporation; JAMES HEBETS, an individual; THE HEBETS COMPANY, a Missouri Corporation; and DOES 1-250, inclusive, |
| | Defendants. |

7290324.1

2          Case No. 3:22-cv-01056-AJB-AGS
REPLY TO OPPOSITION OF PREMIER MANAGEMENT, INC., DARYL PRIEST, NICHOLAS PRIEST AND TRAVIS LYON TO MOTION TO AMEND COMPLAINT

This brief replies to the Opposition filed by Defendants Premier Healthcare Management, Inc., Daryl Priest, Nicholas Priest and Travis Lyon (the "Premier Defendants"). No other opposition briefs were filed, and a number of dentist defendants filed a notice that they did not oppose the Motion for Leave to Amend.

## I. INTRODUCTION

No defendant in this matter opposes Borrego Health's request for leave to file its First Amended Complaint in this matter. One set of defendants (the "Premier Defendants"), however, argue that leave should only be granted if Borrego Health is forced to pay 100 percent of the attorneys' fees those defendants spent preparing their motion to dismiss. However, (1) fee shifting is improper under these circumstances, (2) the amendment was not prompted by the Premier Defendants' (or any defendants') motion to dismiss, but rather the discovery of additional evidence, and (3) the Premier Defendants' efforts were not "wasted," since they will use most or all of those efforts in their inevitable motion to dismiss the First Amended Complaint.

Accordingly, Borrego Health respectfully requests that its Motion be granted, that the First Amended Complaint be deemed the operative complaint in this action, and that the Premier Defendants' request for its attorneys' fees be denied.

## II. THE PREMIER DEFENDANTS' REQUEST FOR ATTORNEYS' FEES IS IMPROPER

Premier Defendants assert that the Court should "exercise its discretion under FRCP 15 and condition any order granting Plaintiff Borrego Community Health Foundation's ("BCHF") Motion to Amend the Complaint on payment of certain attorneys' fees the Premier Defendants incurred in bringing their Motion to Dismiss BCHF's Complaint." (Opp. 4:3-6.) However, when applied to the facts in the present case, the authorities that Premier Defendants cite do not actually support their contention that they are entitled to attorneys' fees. As has been clearly determined by the Supreme Court of the United States, unless an exception applies,

HOOPER, LUNDY & BOOKMAN, P.C.
101 W. BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TEL (619) 744-7300 • FAX (619) 230-0987

each litigant is required to pay their own attorneys' fees and costs, regardless of the outcome. *Baker Botts L.L.P. v. Asarco LLC*, 576 U.S. 121, 126 (2015) quoting (*Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 252–253 (2010)). This is commonly known as the "American Rule." *Id.* As analyzed below, no exceptions exist to warrant Borrego Health paying for certain Premier Defendants attorneys' fees.

### A. **Premier Defendants Are Not Entitled to Attorneys' Fees**

Premier Defendants incorrectly argue that they are entitled to recover their attorneys' fees incurred as a result of filing a Motion to Dismiss and attempt to condition Borrego Health's proposed First Amended Complaint on the payment of such fees. However, the Supreme Court is clear, "[o]ur basic point of reference when considering the award of attorney's fees is the bedrock principle known as the American Rule: Each litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." *Baker Botts*, 576 U.S. at 126.

In a futile attempt to support their contention that they should be awarded attorneys' fees, Premier Defendants concoct an amorphous theory to circumvent a bedrock principle and argue that an exception to the American Rule is applicable in this case. However, as outlined above, only two exceptions to the default rule exist: (1) the existence of a contract which specifically states that the general rule will not apply and the parties agree to another regime, or (2) if a particular statute provides for attorneys' fees to be paid in way that does not follow the default rule that each litigant pays their own fees. *Id.* Neither exception applies here.

Regarding the first exception, the parties did not enter into any contract which stated that the American Rule would not be followed, nor have Premier Defendants raised such an argument.

Regarding the second exception, the Premier Defendants argue, by picking and choosing select bits of language from various cases, that Federal Rules of Civil Procedure Rule 15 ("FRCP 15") would fall under the "statute" exception and apply

to the case now at bar. The only subsection of FRCP 15 that is even remotely relevant to the present case is (a)(2) which reads, "*Other Amendments*. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justices so requires." Even the broadest reading of Rule 15 would not allow fee shifting under these circumstances.

### B. No Special Circumstance, Exceptional Nature, or Prejudice Exist to Warrant Borrego Health to Pay the Premier Defendants Attorneys' Fees

The Premier Defendants cite to select phrases from various cases to support their erroneous contention that they should be awarded attorneys' fees as a condition for Borrego Health to file a First Amended Complaint.

While the Premier Defendants authorities cite no definitive rule allowing the Court to exercise its discretion under FRCP 15, the amalgamation of their authority suggest that courts can only exercise such discretion if there are "special circumstances," "exceptional nature," or "prejudice."

For example, the Premier Defendants heavily rely on *Firchau v. Diamond Nat. Corp.* to support their flawed contention that the Court should order Borrego Health to pay their attorneys' fees in order to file a First Amended Complaint because "special circumstances" are present. However, the *Firchau* case is not comparable to the circumstances here and the "special circumstances" that the Ninth Circuit found are completely absent from the present case. While the *Firchau* court did not expressly define what "special circumstances" existed, the court's reasoning relied on the following facts: (1) this was a simple contracts case with only one cause of action in the original complaint, (2) the original complaint was dismissed, (3) the first amended complaint was filed with the first cause of action being deemed "similar" to the cause of action that had previously been dismissed, (4) the appellate court reversed the lower court's dismissal of the second cause of action in the first

1 amended complaint, and (5) a determination that the plaintiff failed "…to file
2 adequate pleadings in the first place." *Firchau v. Diamond Nat. Corp.*, 345 F.2d
3 269, 269-275 (9th Cir. 1965).

4      Here, the facts are inapposite to *Firchau*. From the onset, the present case is
5 not on appeal. Moreover, in the present case, the original complaint contained over
6 thirty defendants and over fifty causes of action in an incredibly complex and
7 intricate case. Importantly, the present case is also distinguishable because no court
8 has found any defect with the Original Complaint. Instead of relying on *Firchau*,
9 this Court should look to *Art Attacks Ink, LLC v. MGA Entertainment, Inc.* as
10 binding authority. *Art Attacks* is a more comparable case, and one which refused to
11 implement a fee shifting condition on filing a first amended complaint, which the
12 defendant also relied on *Firchau* in support. *See Art Attacks Ink, LLC v. MGA*
13 *Entertainment, Inc.* 2005 WL 8160181 *6 (S.D. Cal. May 11, 2005). Importantly,
14 the *Art Attacks* Court found that because there had been no summary judgment and
15 the facts of the first amended complaint arose from the "same general facts" as the
16 original complaint, awarding attorneys' fees was "not appropriate." *Id.* Similarly, in
17 the present case, there has been no summary judgment and the facts described in the
18 proposed First Amended Complaint arise from the same set of facts described in the
19 original Complaint.

20      Premier Defendants also cite to *General Signal Corp. v. MCI*
21 *Telecommunications Corp.*, and *In re Mortgage Fund '08 LLC*. However, both of
22 these authorities fail to demonstrate that exceptional circumstances or prejudice
23 would grant attorneys' fees in this action. In a limiting holding based on the unique
24 facts, the *General Signal Corp.* Court explained, "[a]s the district court specifically
25 stated, the costs were ordered because there had been prejudice to GSX arising from
26 the filing, and subsequent dismissal, of the original, meritless counterclaims."
27 *General Signal Corp. v. MCI Telecommunications Corp.*, 66 F.3d 1500, 1514 (9th
28 Cir. 1995). Relatedly, the Court in *In re Mortgage Fund '08 LLC*, awarded fees

6     Case No. 3:22-cv-01056-AJB-AGS
REPLY TO OPPOSITION OF PREMIER MANAGEMENT, INC., DARYL PRIEST,
NICHOLAS PRIEST AND TRAVIS LYON TO MOTION TO AMEND COMPLAINT

HOOPER, LUNDY & BOOKMAN, P.C.
101 W. BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TEL (619) 744-7300 • FAX (619) 230-0987

7290324.1

because the Court found that the Trustee who filed the original complaint, "incorrectly" alleged how the money flowed, and even possessed information knowing the complaint was incorrect prior to the filing. *In re Mortgage Fund '08 LLC*, 2015 WL 5654995 *8 (N.D. Cal. Sept. 25, 2015). These circumstances are nonexistent in the present case.

Here, there was no defect with Borrego Health's Original Complaint. In fact, no court has ruled that there was any flaw with the Original Complaint. Importantly, no prejudice would result if Borrego Health were to file a First Amended Complaint. Contrary to Premier Defendants position, courts have ruled that the mere act of filing a first amended complaint is not prejudicial. For example, the Court in *Seneca Insurance Co., Inc. v. Hanover Insurance Co.* proclaimed, "[f]urther, as this Court has previously recognized, if the very addition of claims were prejudicial, no party could seek leave to amend its complaint to add new causes of action—the additional claims would certainly always require additional time and expense to the detriment of the party opposing amendment." *Seneca Insurance Co., Inc. v. Hanover Insurance Co.* 2017 WL 10434402 *8 (C.D. Cal. Aug. 30, 2017). Indeed, Premier Defendants even admit that they plan to "seek dismissal of the First Amended Complaint on all germane grounds, <u>including those made in their Motion to Dismiss the original complaint</u>." (Opp., 8, FN 4, emphasis added.) This means that the much of the work product Premier Defendants have already completed, and are attempting to charge to Borrego Health, will be recycled and reused in their anticipated Motion to Dismiss Borrego Health's First Amended Complaint. Premier Defendants have suffered no prejudice and Borrego Health should not be forced to pay their attorneys' fees associated with the normal course of litigation.

Finally, Premier Defendants cite to *Local 783, Allied Industrial Workers of America v. General Electric Co.*, to support their contention that FRCP 15 applies as a statute exception to the prevailing rule that each party pays its own attorneys' fees. However, this authority is wholly irrelevant to the present case. First, *Local 783* is a

Sixth Circuit case, which is not controlling authority. Second, and more importantly, *Local 783* did not deal at all with attorneys' fees.

Premier Defendants have failed to articulate any special circumstance, exceptional nature, or prejudice because none exist. Litigation is still at an early stage, no discovery has commenced, no causes of action have been dismissed, and the proposed First Amended Complaint arises from the same set of facts and allegations described in the Original Complaint. Borrego Health should not be required to pay Premier Defendants attorneys' fees.

## III. EVEN IF THE REQUEST WAS PROPER, IT SHOULD BE DENIED

As discussed above, the Premier Defendants' request to be award nearly $50,000 in attorneys' fees is improper under these circumstances and should be denied. However, even if such a request was proper, it should be also denied on the merits.

The Premier Defendants' entire request is based on the premise that Borrego Health sought to amend its pleading that it "now concedes was a facially defective Complaint." (Opp. 4:16-17.) However, as the underlying Motion made perfectly clear, the primary purpose of the amendment was to add the recently-discovered kickback scheme involving KBH Healthcare Consulting LLC, not because the pleading was somehow defective. (Mot., 5:6-11.) If not for that discovery, Borrego Health would not have made any effort to amend the pleading and the motions to dismiss would have proceeded, and—Borrego Health believes—the motions would have been denied since the complaint was more than sufficient. Furthermore, the timing of the request for amendment was entirely tied to the discovery of the KBH Healthcare Consulting scheme, not because—as suggested by the Opposition—the "briefing schedule was not to BCHF's liking…." (Opp., 8:8.)

However, following the KBH Healthcare Consulting discovery, since Borrego Health <u>was already compelled</u> to seek to amend its pleading, Borrego Health also undertook to "address the concerns raised in several of the Defendants' motions to

7290324.1

8  Case No. 3:22-cv-01056-AJB-AGS
REPLY TO OPPOSITION OF PREMIER MANAGEMENT, INC., DARYL PRIEST,
NICHOLAS PRIEST AND TRAVIS LYON TO MOTION TO AMEND COMPLAINT

HOOPER, LUNDY & BOOKMAN, P.C.
101 W. BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TEL (619) 744-7300 • FAX (619) 230-0987

dismiss." (Mot., 5:12-13.) The Opposition of the Premier Defendants ignores these circumstances, despite being clearly set forth in the Motion, since it is fatal to the Premier Defendants' request. Instead, the Premier Defendants seek to punish Borrego Health for making any effort to address (and, hopefully, avoid) issues raised in the motions to dismiss.

Finally, although the Premier Defendants suggest that they should be reimbursed for nearly $50,000 of "wasted" effort (Opp., 8:4), they admit in a footnote that they are probably going to "seek dismissal of the First Amended Complaint on all germane grounds, <u>including those made in their Motion to Dismiss the original complaint</u>." (Opp., 8, FN 4, emphasis added.) Since the Premier Defendants are likely to use most or all of the work done with respect to the initial Motion to Dismiss in their inevitable motion with respect to the First Amended Complaint, clearly the effort was not "wasted."

## IV. CONCLUSION

For the reasons stated herein, Borrego Health respectfully requests that its motion for leave to amend be granted, and the Premier Defendants' request for attorneys' fees be denied.

DATED:  December 12, 2022        HOOPER, LUNDY & BOOKMAN, P.C.

By: _____
DEVIN M. SENELICK
Attorneys for Plaintiff Borrego Community Health Foundation