UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BORREGO COMMUNITY HEALTH FOUNDATION, a California Nonprofit Public Benefit Corporation,<br><br>Plaintiff,<br><br>v.<br><br>KAREN HEBETS, an individual; et al.,<br><br>Defendants. | Case No.: 22-cv-01056-BEN-KSC<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION FOR LEAVE TO AMEND THE COMPLAINT (ECF No. 123) and**<br><br>**(2) DENYING AS MOOT ALL PENDING MOTIONS TO DISMISS (ECF Nos. 84, 101, 105, 106, 107, 110, 112)** |

Before the Court is Plaintiff Borrego Community Health Foundation's ("Plaintiff" or "BCHF") motion for leave to amend the complaint. ECF No. 123. There are over 30 defendants in this case. The only defendants who filed an opposition to Plaintiff's motion are Premier Healthcare Management, Inc., Darryl Priest, Nicholas Priest, and Travis Lyon ("Premier Defendants"). ECF No. 129. Several other defendants filed a joint statement of non-opposition. ECF No. 130. For the reasons set forth below, the Court **GRANTS** Plaintiff's motion for leave to amend the complaint.

## I.  BACKGROUND

BCHF, a California nonprofit public benefit corporation that provides healthcare services to underserved communities in the state, brings the instant civil action against various defendant individuals and business entities, asserting claims under the Racketeer Influenced and Corrupt Organizations Act and 52 other causes of action. ECF No. 1. According to the Complaint, the defendants engaged in multiple schemes, including selling assets to BCHF at inflated prices, entering into agreements with BCHF to its detriment, committing and/or covering up healthcare fraud through improper billing of dental services, entering into leases with BCHF that were above fair market rates and terms, paying themselves above-market salaries and benefits, hiring friends and relatives to work for BCHF and paying them above-market salaries, and attempting to use BCHF to purchase a country club. *Id.* at ¶ 2.

Plaintiff claims that the defendants' schemes resulted in BCHF's suspension by California's Medicaid Program, as well as an investigation by state and federal authorities for, among other things, tax and nonprofit status issues. *Id.* at ¶ 4. BCHF now "seeks to illuminate the various schemes, to seek financial compensation to recoup funds wrongly siphoned away from BCHF, and to hold the wrongdoers responsible for their actions." *Id.* at ¶ 6.

In response to Plaintiff's Complaint, several defendants filed answers and motions to dismiss.  This Court subsequently issued an order streamlining the briefing schedules for the motions to dismiss. ECF No. 100.  In lieu of filing an opposition, Plaintiff filed the instant motion for leave to amend the complaint.

## II.  LEGAL STANDARD

Whether leave to amend a pleading should be granted is governed by Federal Rules of Civil Procedure ("Rule") 15, which provides that courts should freely grant leave to amend "when justice so requires."  Fed. R. Civ. P. 15(a)(2). The Ninth Circuit has instructed that this policy is "to be applied with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (internal citations omitted).

Despite the policy of liberality, leave to amend is not automatic if sought outside of the time limits set forth in Rule 15(a)(1). In such instances, courts consider the following factors in determining whether to grant leave to amend: (1) whether the party seeking the amendment has acted in bad faith; (2) whether undue delay will result from amendment; (3) whether the opposing party will be unduly prejudiced; and (4) whether amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *accord Smith v. Pac. Prop. Dev. Co.*, 358 F.3d 1097, 1101 (9th Cir. 2004). Additionally, courts may also consider whether the party seeking leave to amend has previously amended the pleading at issue. *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004). These factors, however, are not weighed equally. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2013). Instead, the consideration of undue prejudice to the opposing party carries the greatest weight. *Id.* "Absent prejudice, or a strong showing" of the remaining factors, there exists a "presumption under Rule 15(a) in favor of granting leave to amend." *Id.*

**III.   DISCUSSION**

Plaintiff explains that after it served the defendants with the Complaint, it continued investigating its claims and recently discovered evidence of a kickback between some of the defendants. ECF No. 123 at 3. Plaintiff seeks leave to amend to add "Defendant KBH Healthcare Consulting, LLC ('KBH') to the First Amended Complaint, along with allegations relating to a 'kickback' paid by one defendant to another." *Id.* at 5. Plaintiff also proposes adding allegations aimed at addressing the concerns raised in the defendants' pending motions to dismiss, as well adding further detail relating to the defendants' conduct. *Id.*

As previously noted, only the Premier Defendants oppose Plaintiff's motion. Their opposition, however, does not substantively challenge Plaintiff's request for leave to amend. Rather, it asks the Court to condition the filing of the proposed FAC on Plaintiff's payment of the Premier Defendants' attorneys' fees, arguing that it knew or should have known that its original pleading was defective. ECF No. 129 at 6.

Although "Rule 15 does not explicitly permit the imposition of costs or sanctions," the Ninth Circuit has held that "a district court, in its discretion, may impose costs pursuant to Rule 15 as a condition of granting leave to amend in order to compensate the opposing party for additional costs incurred because the original pleading was faulty." *Gen. Signal Corp. v. MCI Telecommunications Corp.*, 66 F.3d 1500, 1514 (9th Cir. 1995). Such conditions are meant to minimize prejudice and injustice to the opposing party. *See Id.* (citing *Local 783, Allied Industrial Workers of America v. General Electric Co.*, 471 F.2d 751, 756 (6th Cir.)).

Assessing the specific circumstances of this case, the Court declines to exercise its discretion to impose conditional leave. *See Id.* The Premier Defendants fail to persuade the Court that Plaintiff's proposed FAC will prejudice them. *See Id.* ("costs may be imposed as condition of leave to amend to avoid prejudice to the opposing party"). Apart from stating that they spent time and money to oppose the original Complaint, the Premier Defendants offer no detail as to how they would be prejudiced by Plaintiff's proposed amendment. Indeed, the Premier Defendants imply that they would be raising challenges to the FAC similar to those it has previously raised. ECF No. 129 at 8 n.4. Consequently, conditional leave is not warranted.

Turning to whether leave to amend should be granted, the Court finds: (1) this matter is in its infancy, (2) Plaintiff has not previously sought leave to amend, (3) Plaintiff does not appear to have acted in bad faith, (4) amendment would not be futile, and (5) granting leave to amend is unlikely to prejudice the defendants. *See Foman*, 371 U.S. at 182. Again, no defendants have disputed otherwise. Moreover, there being no showing of prejudice in this case, the Court adheres to the "presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC*, 316 F.3d at 1052.

//
//

## IV. CONCLUSION

Accordingly, for the reasons stated herein, the Court **GRANTS** Plaintiff's motion for leave to file an amended complaint. ECF No. 123. The Clerk of Court is **DIRECTED** to file ECF No. 123-1, Plaintiff's FAC, on the docket and deem it filed as of the date of this Order. Lastly, in light of the FAC, all pending motions to dismiss are **DENIED AS MOOT**. ECF Nos. 84, 101, 105, 106, 107, 110, 112.

**IT IS SO ORDERED**.

Date: April 4, 2023

Hon. Judge Roger T. Benitez