```
THOMPSON & COLEGATE LLP
3610 Fourteenth Street
P. O. Box 1299
Riverside, California 92502
Tel: (951) 682-5550
Fax: (951) 781-4012

DIANE MAR WIESMANN (SBN 124409)
dwiesmann@tclaw.net
SUSAN KNOCK BECK (SBN 230948)
sbeck@tclaw.net

Attorney for Defendants
MAGALY VELASQUEZ, D.D.S.; and
MAGALY M. VELASQUEZ DDS PROFESSIONAL DENTAL CORP.
```

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BORREGO COMMUNITY HEALTH FOUNDATION, a California nonprofit public benefit corporation,<br><br>Plaintiff,<br><br>v.<br><br>KAREN HEBETS, an individual;<br>MIKIA WALLIS, an individual;<br>DIANA THOMPSON, f/k/a DIANA TRONCOSO, an individual;<br>HARRY ILSLEY, an individual;<br>DENNIS NOURSE, an individual;<br>MIKE HICKOK, an individual;<br>CHUCK KIMBALL, an individual;<br>PREMIER HEALTHCARE MANAGEMENT, INC., a California Corporation;<br>SUMMIT HEALTHCARE MANAGEMENT, INC., a California Corporation;<br>DARYL PRIEST, an individual; | CASE NO.   3:22-cv-01056-BEN-KSC<br><br>Hon. Roger T. Benitez<br><br>**NOTICE OF JOINDER AND JOINDER BY DEFENDANTS MAGALY VELASQUEZ, D.D.S. AND MAGALY M. VELASQUEZ DDS PROFESSIONAL DENTAL CORP. IN THE MOTION TO DISMISS PURSUANT TO RULES 12(b)(1) AND 12(b)(6) BY DEFENDANTS AYED HAWATMEH, D.D.S. and HAWATMEH DENTAL GROUP, P.C.**<br><br>Date:          July 3, 2023<br>Time:         10:30 a.m.<br>Courtroom: 5A<br>Judge:        Hon. Roger T. Benitez |

1

NOTICE OF JOINDER AND JOINDER BY DEFENDANTS MAGALY VELASQUEZ, D.D.S. AND MAGALY M. VELASQUEZ DDS PROFESSIONAL DENTAL CORP. IN THE MOTION TO DISMISS PURSUANT TO RULES 12(B)(1) AND 12(B)(6) BY DEFENDANTS AYED HAWATMEH, D.D.S. AND HAWATMEH DENTAL GROUP, P.C.

| | |
|---|---|
| NICHOLAS PRIEST, an individual; <br> TRAVIS LYON, an individual; <br> HUSAM E. ALDAIRI, D.D.S., an individual; <br> ALDAIRI DDS, INC., a California corporation; <br> AYED HAWATMEH, D.D.S., an individual; <br> HAWATMEH DENTAL GROUP, P.C., a California Corporation; <br> ALBORZ MEHDIZADEH, D.D.S., an individual; <br> ALBORZ MEHDIZADEH, INC., a California Corporation; <br> JILBERT BAKRAMIAN, D.D.S., an individual; <br> MOHAMMED ALTEKREETI, D.D.S., an individual; <br> MAGALY VELASQUEZ, D.D.S., an individual; <br> MAGALY M. VELASQUEZ DDS PROFESSIONAL DENTAL CORP., a California Corporation; <br> ARAM ARAKELYAN D.D.S., an individual; <br> NEW MILLENNIUM DENTAL GROUP OF ARAM ARAKELYAN, INC., a California Corporation; <br> MICHAEL HOAGN, D.M.D., an individual; <br> WALEED STEPHAN, D.D.S., an individual; <br> W.A. STEPHAN, A DENTAL CORPORATION, a California Corp.; <br> SANTIAGO ROJO, D.D.S., an individual; <br> SANTIAGO A. ROJO, D.D.S., INC., a California Corporation; <br> MARCELO TOLEDO, D.D.S., an individual; | Trial Date:  None <br> Action filed: July 19, 2022 |

2

NOTICE OF JOINDER AND JOINDER BY DEFENDANTS MAGALY VELASQUEZ, D.D.S. AND MAGALY M. VELASQUEZ DDS PROFESSIONAL DENTAL CORP. IN THE MOTION TO DISMISS PURSUANT TO RULES 12(B)(1) AND 12(B)(6) BY DEFENDANTS AYED HAWATMEH, D.D.S. AND HAWATMEH DENTAL GROUP, P.C.

| | |
|---|---|
| 1 | MARCELO TOLEDO, D.D.S., INC., a California corporation; |
| 2 | MARLENE THOMPSON, D.D.S., an individual; |
| 3 | MARLENE THOMPSON, D.D.S., INC., a California Corporation; |
| 4 | DOUGLAS NESS, D.D.S., an individual; |
| 5 | NESS DENTAL CORPORATION, A California Corporation; |
| 6 | GEORGE JARED, D.D.S., an individual; |
| 7 | GEORGE JARED D.D.S., INC., a California corporation; |
| 8 | JAMES HEBETS, an individual; |
| 9 | THE HEBETS COMPANY, a Missouri Corporation; and DOES 1-250, inclusive, |
| 10 | |
| 11 | Defendants. |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:

Pursuant to Local Civil Rule 7.1(j), Defendants MAGALY VELASQUEZ, D.D.S. and MAGALY M. VELASQUEZ DDS PROFESSIONAL DENTAL CORP. ("Joining Defendants") hereby join in the Motion to Dismiss and Supporting Points and Authorities filed by Defendants HAWATMEH, D.D.S. and HAWATMEH DENTAL GROUP, P.C. ("Hawatmeh Defendants") Said motion has been brought pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

## I.
## INTRODUCTION

Joining Defendants join in all legal arguments in support of the motion. Like Dr. Hawatmeh, Dr. Magaly Velasquez ("Dr. Velasquez") is a dentist who performed dental services Borrego's patients through her corporation, Defendant MAGALY M. VELASQUEZ DDS PROFESSIONAL DENTAL CORP. ("Velasquez Corporation") beginning almost eight (8) years ago in November of 2014. Like the Hawatmeh

3

NOTICE OF JOINDER AND JOINDER BY DEFENDANTS MAGALY VELASQUEZ, D.D.S. AND MAGALY M. VELASQUEZ DDS PROFESSIONAL DENTAL CORP. IN THE MOTION TO DISMISS PURSUANT TO RULES 12(B)(1) AND 12(B)(6) BY DEFENDANTS AYED HAWATMEH, D.D.S. AND HAWATMEH DENTAL GROUP, P.C.

Defendants, and as noted in the motion proper:

- Borrego does not have Article III standing to sue [Joining Defendants]. Borrego admits that it was fully reimbursed by Medi-Cal for the services rendered by [Joining Defendants]. Thus, Borrego does not have an injury in fact that is traceable to any alleged overbilling.

- Borrego has not pled a viable RICO claim against [Joining Defendants]. First, there are no allegations that [Joining Defendants] participated in the operation or management of the alleged RICO enterprise—a requirement under Ninth Circuit law. Second, RICO is meant to target criminal enterprises that engage in a "pattern of racketeering." If an alleged enterprise only targets one victim, then it is not the type of continuous criminal organization that RICO was intended for. Here, Borrego alleges that there was one target, Borrego itself. This is simply not a RICO case.

- Borrego has likewise failed to plead a RICO conspiracy claim. First, the failure to plead a substantive violation of RICO precludes a claim for RICO conspiracy. Here, because the purported enterprise targeted only one victim, there can be no RICO conspiracy. Second, even if there were a viable RICO claim against some defendants, there could not be a viable claim against [Joining Defendants]. Borrego has not pled anywhere in the FAC that [Joining Defendants] agreed to facilitate a scheme that includes the operation or management of the RICO enterprise.

- [T]he Court should decline to exercise supplemental jurisdiction over the state law claims against [Joining Defendants]. Given that the RICO claims are not viable, there is no basis for the Court to exercise jurisdiction over the remaining state law claims against [Joining

Defendants]. Those claims are more properly heard by a California court.

- If any claim against [Joining Defendants]. survives this motion—and none should—then [Dr. Velasquez] should be dismissed from this case in his individual capacity. [Velasquez Corporation] was the signatory on the contract with Borrego (not Dr. [Velasquez]), and Borrego has not pled facts that would be necessary to pierce the veil of [Velasquez Corporation].

(Hawatmeh Defendants' Points and Authorities ("P&A") at 1:10 – 2:17.)

Additionally, based on the earliest last date alleged in the FAC concerning the purported overbilling by the Joining Defendants (*e.g.,* July 11, 2018) and the last alleged date of purported overbilling (*e.g.,* June 27, 2019) several of the causes of action in the FAC are time-barred as to the Velasquez defendants. (See 62:6-63:10.) At the very least the claims which carry a two- (2-) year statutory of limitations are time barred, (*e.g.,* negligent misrepresentation, intentional interference with contractual relations, intentional interference with economic relations, negligent interference with prospective economic relations). (See Hawatmeh Defendants' P&As at 7:7-10:3.) Moreover, the claim for "false promise" carries a three- (3-) year statute of limitations and the promise is alleged to have occurred in 2014 when Velasquez Corporation signed its contract with Borrego. (Id., See also FAC at pp 60, 178.) Finally, many of the claimed overbills by the Joining Defendants are time-barred, as well. The Hawatmeh Defendants' grid is instructive:

///
///
///
///
///
///
///

| Claims | Cause of Action | Period | Authority |
|---|---|---|---|
| RICO | 1st | 4 years | *Agency Holding Corp. v. Malley-Duff & Assocs., Inc.*, 483 U.S. 143, 156 (1987) |
| Breach of Contract | 4th | 4 years | Cal. Civ. Proc. § 337(a) |
| Intentional Misrepresentation | 17th | 3 years | Cal. Civ. Proc. § 338(d) |
| Negligent Misrepresentation | 30th | 2 years | *Ventura County Nat'l Bank v. Macker*, 49 Cal. App. 4th 1528, 1531 (1996) |
| False Promise | 43rd | 3 years | Cal. Civ. Proc. § 338(d) |
| Conversion | 44th | 3 years | Cal. Civ. Proc. § 338(c) |
| Inducing Breach of Contract | 45th | 4 years | Cal. Civ. Proc. § 337(a) |
| Intentional Interference with Contractual Relations | 46th | 2 years | Cal. Civ. Proc. § 339(1) |
| Intentional Interference with Economic Relations | 47th | 2 years | Cal. Civ. Proc. § 339(1) |
| Negligent Interference with Prospective Economic Relations | 48th | 2 years | Cal. Civ. Proc. § 339(1) |
| California Unfair Competition Law, Business and Professions Code Section 17200 | 49th | 4 years | Cal. Bus. & Prof. Code § 17208 |
| Conspiracy | 50th |  | N/A [as this is not acclaim for relief unto itself under California law] |
| Unjust Enrichment/Restitution | 53rd | 3 years | Cal. Civ. Proc. § 338(d)[] |

(See Hawatmeh Defendants' P&As at 1:10 – 2:17.)

## II.

## FACTS APPLICABLE TO THE JOINING DEFENDANTS

In addition to the Borrego, Priest, Premier, Program Integrity and other non-dentist groups facts set forth at page 2, line 19 through page 4, line 10 of the Hawatmeh Defendants' Points and Authorities, the facts as to the Joining Defendants are substantially similar to those of the Hawatmeh Defendants'. (See Hawatmeh Defendants' P&As at 3:5 – 4:10.)

///

Dr. Velasquez is a dentist and Borrego alleges that she overbilled for dental services. (See FAC ¶¶ 196–203.) There are no allegations that Dr. Velasquez or Velasquez Corporation "commandeered or controlled Borrego." (See Hawatmeh Defendants' P&As at 3:7-8.) This is supported by allegations that "the racketeering schemes were concealed." (Id. at 3:9-10, citing FAC ¶¶ 107, 349, 395, 550.)

Borrego alleges that:

1. Joining Defendants performed dental services under contract to Borrego's dental program;
2. Medi-Cal reimbursed Borrego for dental services on a per-visit basis;
3. Medi-Cal reimbursed more money if services were provided over multiple visits;
4. Premier instructed its contract dentist to bill services over multiple days in order to receive reimbursement; and
5. Borrego received the reimbursement amounting to a "handsome profit."

(FAC ¶¶ 71-72, 132-144.)

Borrego's claims are against Dr. Velasquez and Velasquez Corporation although the Dr. Velasquez was not a party to the Borrego contract. (FAC ¶ 196.) In fact, Borrego admits that it did not contract with Dr. Velasquez, the individual. (Id.) Instead, Borrego summarily alleges that Dr. Velasquez is the "alter ego and/or sole owner" of the Velasquez Corporation. (Id.)

## III.

## JOINING DEFENDANTS JOIN IN THE HAWATMEH DEFENDANTS' LEGAL ARGUMENTS

Joining Defendants join in the Hawatmeh Defendants' legal arguments across the board as follows:

- As to Borrego's standing (Hawatmeh Defendants' P&As at 5:4-7:5);

///

- As to Borrego's RICO claim (Hawatmeh Defendants' P&As at 10:4 – 18:8); and
- The allegations against the dentist as an individual and alter ego allegations (Hawatmeh Defendants' P&As at 18:9-21:12.)

As to the arguments concerning the statutes of limitations, Joining Defendants join in the argument that the claims for negligent misrepresentation, false promise, intentional interference with contractual relations, intentional interference with economic relations, negligent interference with prospective economic relations be dismissed as time-barred (See Hawatmeh Defendants' P&As at 7:6 to 11:3.) This includes the Hawatmeh Defendants' argument that Conspiracy is not a separate claim for relief under California law. (See Hawatmeh Defendants' P&As at 8:6.)

Specifically, as to the RICO claim, Joining Defendants request that the claim be dismissed without leave to amend and the matter remanded to the state Court for further proceedings. (See Hawatmeh Defendants' P&As at 21:13 – 22:15.)

## IV.
## CONCLUSION

Dr. Velasquez and Velasquez Corporation have been accused of overbilling under an alleged clandestine scheme that admittedly used them as pawns for the personal gain of the non-dentist defendants. Moreover, and as the Hawatmeh Defendants point out, even if any overbilling had occurred, under the scheme as alleged Borrego would have been fully compensated for it.

Borrego cannot assert a RICO claim against Dr. Velasquez. She had nothing to do with the control or operation of the alleged RICO enterprise and that enterprise is not the type of continuous enterprise that RICO was meant to target.

Defendants MAGALY VELASQUEZ, D.D.S. and MAGALY M. VELASQUEZ DDS PROFESSIONAL DENTAL CORP. respectfully request that this court accept their joinder in the motion to dismiss by the Hawatmeh Defendants, and that the requested relief be granted as hereinabove argued. This necessarily includes

1  that the RICO claim be dismissed with prejudice and that the matter be remanded to
2  the California courts.
3  DATED:   May 9, 2023                                    THOMPSON & COLEGATE LLP

                                                          By: /s/ Diane Wiesmann
                                                              DIANE MAR WIESMANN
                                                              SUSAN KNOCK BECK
                                                              Attorney for Defendants,
                                                              MAGALY VELASQUEZ, D.D.S., and
                                                              MAGALY M. VELASQUEZ DDS
                                                              PROFESSIONAL DENTAL CORP.

NOTICE OF JOINDER AND JOINDER BY DEFENDANTS MAGALY VELASQUEZ, D.D.S. AND MAGALY M. VELASQUEZ DDS PROFESSIONAL DENTAL CORP. IN THE MOTION TO DISMISS PURSUANT TO RULES 12(B)(1) AND 12(B)(6) BY DEFENDANTS AYED HAWATMEH, D.D.S. AND HAWATMEH DENTAL GROUP, P.C.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this case or adversary proceeding. My business address is: 3610 Fourteenth Street, Riverside, CA 92501

A true and correct copy of the foregoing document entitled: **NOTICE OF JOINDER AND JOINDER BY DEFENDANTS MAGALY VELASQUEZ, D.D.S. AND MAGALY M. VELASQUEZ DDS PROFESSIONAL DENTAL CORP. IN THE MOTION TO DISMIS PURSUANT TO RULES 12(b)(1) AND 12(b)(6) BY DEFENDANTS AYED HAWATHMEH, D.D.S. and HAWATMEH DENTAL GROUP, P.C.** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders, the foregoing document will be served by the court via NEF and hyperlink to the document.

On May 09, 2023, I checked the CM/ECF docket for this case or adversary proceeding and determined that the persons on the Electronic Mail Notice List to receive NEF transmission at the email addresses on the Court's NEF.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

May 09, 2023                                   /s/ Corynthia Wincn
Date                                           Corynthia Wincn