KEITH H. RUTMAN (CSB #144175)
501 West Broadway, Suite 1650
San Diego, California 92101-3541
Telephone: (619) 237-9072
Facsimile: (760) 454-4372
email: krutman@krutmanlaw.com

Attorney for Defendants
WALEED STEPHAN, D.D.S.,
W.A. STEPHAN, A
DENTAL CORPORATION,
a California Corporation,
MARCELO TOLEDO, D.D.S. and
MARCELO TOLEDO, D.D.S. Inc.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA
(Hon. Roger T. Benitez)

| | |
|---|---|
| BORREGO COMMUNITY HEALTH FOUNDATION, a California nonprofit Public Benefit Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>WALEED STEPHAN, D.D.S., W.A. STEPHAN, A DENTAL CORPORATION, MARCELO TOLEDO, D.D.S. and MARCELO TOLEDO, DDS, Inc et. al.,<br><br>Defendants. | Case No. 22-cv-1056-BEN (KSC)<br><br>NOTICE OF JOINDER IN MOTION TO DISMISS FIRST AMENDED COMPLAINT |

Pursuant to Local Civil Rule 7.10, Defendants, WALEED STEPHAN, D.D.S., W.A. STEPHAN, A DENTAL CORPORATION, MARCELO TOLEDO, D.D.S., and MARCELO TOLEDO, D.D.S. Inc. ("Joining Defendants") by and through their attorney, and hereby join in the Motion to Dismiss pursuant to FRCivP 12(b)(1) & 12(b)(6) filed by AYED HAWATMEH, D.D.S., and HAWATMEH DENTAL GROUP, P.C.. (Doc. 179)

**INTRODUCTION**

These Joining Defendants join in all legal arguments in support of the motion. Like Dr. Hawatmeh, Drs. TOLEDO & STEPHAN are dentists who performed

dental services Borrego's patients through their respective corporations, beginning in 2016 and 2015, respectively.

- Borrego does not have Article III standing to sue Joining Defendants. Borrego admits that it was fully reimbursed by Medi-Cal for the services rendered by Joining Defendants. Thus, Borrego does not have an injury in fact that is traceable to any alleged overbilling.
- Borrego has not pied a viable RICO claim against Joining Defendants. First, there are no allegations that Joining Defendants participated in the operation or management of the alleged RICO enterprise-a requirement under Ninth Circuit law. Second, RICO is meant to target criminal enterprises that engage in a "pattern of racketeering." If an alleged enterprise only targets one victim, then it is not the type of continuous criminal organization that RICO was intended for. Here, Borrego alleges that there was one target, Borrego itself. This is simply not a RICO case.
- Borrego has likewise failed to plead a RICO conspiracy claim. First, the failure to plead a substantive violation of RICO precludes a claim for RICO conspiracy. Here, because the purported enterprise targeted only one victim, there can be no RICO conspiracy. Second, even if there were a viable RICO claim against some defendants, there could not be a viable claim against Joining Defendants. Borrego has not pled anywhere in the FAC that Joining Defendants agreed to facilitate a scheme that includes the operation or management of the RICO enterprise.
- [T]he Court should decline to exercise supplemental jurisdiction over the state law claims against Joining Defendants. Given that the RICO claims are not viable, there is no basis for the Court to exercise jurisdiction over the remaining state law claims against Joining Defendants. Those claims are more properly heard by a California court.
- If any claim against Joining Defendants. survives this motion, and none

|   |   |
|---|---|
| 1 | should, then Drs. TOLEDO and STEPHAN should be dismissed from this |
| 2 | case in their individual capacities, as their professional corporations were |
| 3 | the signatories on their respective contracts with Borrego, and Borrego has |
| 4 | not pled facts that would be necessary to pierce the veil of the professional |
| 5 | corporations. |

6    (Hawatmeh Defendants' Points and Authorities ("P&A") at 1:10 - 2:17.)

7    Additionally, based on the date of the signings of the contracts, (10/1/16 for Dr.
8 STEPHAN and his corporation and June 16, 2015 for Dr. TOLEDO and his
9 corporation) and the last alleged date of purported overbillings (e.g., August 13, 2019
10 and November 2018, respectively) several of the causes of action in the FAC appear to
11 be time-barred as to these Joining Defendants. (See 62:6-63:10.)

12    At the very least the claims which carry a two year statutory of limitations are
13 time barred, (e.g., negligent misrepresentation, intentional interference with contractual
14 relations, intentional interference with economic relations, negligent interference with
15 prospective economic relations). (See Hawatmeh Defendants' P&As at 7:7-10:3.)
16 Moreover, the claim for "false promise" carries a three year statute of limitations and
17 the promise is alleged to have occurred in 2015 and 2016, respectively when the
18 respective Joining Defendants signed their contracts with Borrego. (Id.) Finally, many
19 of the claimed overbills by the Joining Defendants are time barred, as well. The
20 Hawatmeh Defendants' grid is instructive. (See Hawatmeh Defendants' P&As at 1:10 -
21 2:17.)

**FACTS APPLICABLE TO THE JOINING DEFENDANTS**

23    In addition to the Borrego, Priest, Premier, Program Integrity and other non-
24 dentist groups facts set forth at page 2, line 19 through page 4, line 10 of the
25 Hawatmeh Defendants' Points and Authorities, the facts as to the Joining Defendants
26 are substantially similar to those of the Hawatmeh Defendants'. (See Hawatmeh
27 Defendants' P&As at 3:5-4:10.)

28    Drs. STEPHAN and TOLEDO are dentists and Borrego alleges that they

3

overbilled for dental services. (See FAC pp 220-225 and 246-258). There are no allegations that Joining Defendants "commandeered or controlled Borrego." (See Hawatmeh Defendants' P&As at 3:7-8.) This is supported by allegations that "the racketeering schemes were concealed." (Id. at 3:9-10, citing FAC pp 107,349,395, 550.)

Borrego alleges that:
1. Joining Defendants performed dental services under contract to Borrego's dental program;
2. Medi-Cal reimbursed Borrego for dental services on a per-visit basis;
3. Medi-Cal reimbursed more money if services were provided over multiple visits;
4. Premier instructed its contract dentist to bill services over multiple days in order to receive reimbursement; and
5. Borrego received the reimbursement amounting to a "handsome profit."

(FAC, pp 71-72, 132-144.)

Borrego's claims are against Dr. STEPHAN and TOLEDO's respective corporations. However, the FAC makes clear that of the two, only Dr. TOLEDO was personally a party to the Borrego contract but not his corporation. (Compare FAC pp 220, Exhibit O and pp 246, Exhibit Q.) As to Dr. STEPHAN, Borrego summarily alleges that he is the "alter ego and/or sole owner" of his corporation. (FAC pp 220.)

## LEGAL ARGUMENTS

Joining Defendants join in the Hawatmeh Defendants' legal arguments across the board as follows:

- As to Borrego's standing (Hawatmeh Defendants' P&As at 5:4-7:5);
- As to Borrego's RICO claim (Hawatmeh Defendants' P&As at 10:4-18:8); and
- The allegations against the dentist as an individual and alter ego allegations (Hawatmeh Defendants' P&As at 18:9-21:12.)

4

As to the arguments concerning the statutes of limitations, Joining Defendants join in the argument that the claims for negligent misrepresentation, false promise, intentional interference with contractual relations, intentional interference with economic relations, negligent interference with prospective economic relations be dismissed as time-barred (See Hawatmeh Defendants' P&As at 7:6 to 11:3.) This includes the Hawatmeh Defendants' argument that Conspiracy is not a separate claim for relief under California law. (See Hawatmeh Defendants' P&As at 8:6.)

Specifically, as to the RICO claim, Joining Defendants request that the claims be dismissed without leave to amend and the matter remanded to the state Court for 14 further proceedings. (See Hawatmeh Defendants' P&As at 21:13 -22:15.)

## CONCLUSION

Drs. STEPHAN and TOLEDO and their respective corporations have been accused of overbilling under an alleged clandestine scheme that admittedly used them as pawns for the personal gain of the non-dentist defendants. Moreover, and as the Hawatmeh Defendants point out, even if any overbilling had occurred, under the scheme as alleged Borrego would have been fully compensated for it.

Borrego cannot assert a RICO claim against Drs. STEPHAN and TOLEDO and their respective corporations. They had nothing to do with the control or operation of the alleged RICO enterprise and that enterprise is not the type of continuous enterprise that RICO was meant to target.

Defendants STEPHAN and TOLEDO and their respective corporations respectfully request that this court accept their joinder in the motion to dismiss by the Hawatmeh Defendants, and that the requested relief be granted as herein argued. This necessarily includes that the RICO claim be dismissed with prejudice and that the

///
///
///
///

matter be remanded to the California courts[1].

                                        Respectfully Submitted,

Dated: May 10, 2023

*Keith H Rut*
KEITH H. RUTMAN
Attorney for Defendants
WALEED STEPHAN, D.D.S.,
W.A. STEPHAN, A
DENTAL CORPORATION,
MARCELO TOLEDO, D.D.S., and
MARCELO TOLEDO, D.D.S. Inc.
Email: krutman@krutmanlaw.com

---

[1] This would include the Third Party Complain that W.A. STEPHAN, A DENTAL CORPORATION, has prepared against LUAY SIMHAIRY, DDS, LUAY SIMHAIRY, DDS INC. and TOMA, PETROS & SIMHAIRY, DDS INC. (See Docket Nos. 145-146)