

LOCKE LORD LLP
Mitchell J. Popham (SBN: 126194)
mpopham@lockelord.com
William Mullen (SBN: 297272)
william.mullen@lockelord.com
David Rutan (SBN 311345)
David.rutan@lockelord.com
300 S. Grand Avenue, Suite 2600
Los Angeles, CA 90071
(213) 485-1500

Attorneys for Defendants
JAMES HEBETS and THE HEBETS COMPANY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

BORREGO COMMUNITY HEALTH FOUNDATION, a California nonprofit public benefit corporation,

Plaintiff,

vs.

KAREN HEBETS, an individual; MIKIA WALLIS, an individual; DIANA THOMPSON, f/k/a DIANA TRONCOSO, an individual; HARRY ILSLEY, an individual; DENNIS NOURSE, an individual; MIKE HICKOK, an individual; CHUCK KIMBALL an individual; PREMIER HEALTHCARE MANAGEMENT, INC., a California corporation; SUMMIT HEALTHCARE MANAGEMENT, INC., a California corporation; DARYL PRIEST, an individual; NICHOLAS PRIEST, an individual; TRAVIS LYON, an individual; HUSAM E. ALDAIRI, D.D.S., an

CASE NO. 3:22-CV-01056-BEN-KSC

Honorable Roger T. Benitez
Courtroom 5A

**DEFENDANTS JAMES HEBETS AND THE HEBETS COMPANY'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

DATE: July 3, 2023
TIME: 10:30 a.m.
PLACE: 5A

Complaint Filed: July 19, 2022



Locke Lord LLP
300 S. Grand Avenue, Suite 2600
Los Angeles, CA 90071

Locke Lord LLP
300 S. Grand Avenue, Suite 2600
Los Angeles, CA 90071

individual; ALDAIRI DDS, IC., a California corporation; AYED HAWATMEH, D.D.S., an individual; HAWATMEH DENTAL GROUP, P.C., a California corporation; ALBORZ MEHDIZADEH, D.D.S., an individual; ALBORZ MEHDIZADEH, INC., a Califonria corporation; JILBERT BAKRAMIAN, D.D.S., an individual; MOHAMMED ALTEKREETI, D.D.S., an individual; MAGALY VELASQUEZ, D.D.S., an individual; MAGALY M. VELASQUEZ DDS PROFESSIONAL DENTAL CORP., a California corporation; ARAM ARAKELYAN, D.D.S., an individual; NEW MILLENIUM DENTAL GROUP OF ARAM ARAKELYAN, INC., a California corporation; MICHAEL HOANG, D.M.D., an individual; WALEED STEPHAN, D.D.S., an individual; W.A. STEPHAN, A DENTAL CORPORATION a California corporation; SANTIAGO ROJO, D.D.S., an individual; SANTIAGO A. ROJO, D.D.S., INC., a California corporation; MARCELO TOLEDO, D.D.S., an individual; MARCELO TOLEDO, D.D.S., INC., a California corporation; MARLENE THOMPSON, D.D.S., an individual; MARLENE THOMPSON, D.D.S., INC., a California corporation; DOUBLAS NESS, D.D.S., an individual; NESS DENTAL CORPORATION, a California corporation; GEORGE JARED, D.D.S., an individual; GEORGE JARED, D.D.S., INC., a California corporation; JAMES HEBETS, an individual; THE HEBETS COMPANY, a Missouri Corporation and DOES 1-250, inclusive,

Defendants.

Locke Lord LLP
300 S. Grand Avenue, Suite 2600
Los Angeles, CA 90071

# TABLE OF CONTENTS

Page No(s)

I. INTRODUCTION ..... 1

II. ARGUMENT ..... 2

A. Plaintiff's Claims Fall Outside The Applicable Limitations Periods ..... 2

B. Plaintiff Does Not Show That Its RICO Claim Is Viable ..... 3

1. Plaintiff Fails To Properly Allege Conduct, An Enterprise, Or Facts Showing Defendants Acted With A Common Purpose ..... 4

2. The Opposition Does Not Identify Any Allegations Showing That The Hebets Parties Participated In Racketeering Activity ..... 5

3. Because Plaintiff Does Not Adequately Plead A RICO Claim, Its Conspiracy Based On RICO Claim Is Also Deficient ..... 7

C. Plaintiff Does Not Allege Facts Which Support The Necessary Elements For Its Misrepresentation Claims ..... 7

D. Plaintiff Does Not Allege An Identifiable Sum Of Money—Or One Capable Of Identification—Required For Its Conversion Claim ..... 8

E. The Hebets Parties Did Not Know Of Plaintiff's Distinct Agreements Or Economic Relationships To Support The Interference Claims ..... 9

F. Plaintiff's Violation-Of-UCL Claim Cannot Stand ..... 9

G. The Conclusory Allegations For The Conspiracy Claim Lack Merit ..... 10

H. Plaintiff Does Not Properly Allege Its Unjust Enrichment Claim ..... 10

III. CONCLUSION ..... 10

**Locke Lord LLP**
300 S. Grand Avenue, Suite 2600
Los Angeles, CA 90071

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Cathode Ray Tube (CRT) Antitrust Litig.*,
27 F. Supp. 3d 1015 (N.D. Cal. 2014) .... 3

*City of Escondido v. Gen. Reinsurance Corp.*,
2019 WL 6917983 (S.D. Cal. Dec. 18, 2019) .... 8

*Garrison v. Oracle Corp.*,
159 F. Supp. 3d 1044 (N.D. Cal. 2016) .... 3

*In re Jamster Mktg. Litig.*,
2009 WL 1456632 (S.D. Cal. May 22, 2009) .... 5

*In re WellPoint, Inc. Out-of-Network UCR Rates Litig.*,
903 F. Supp. 2d 880 (C.D. Cal. 2012) .... 4

*Mohebbi v. Khazen*,
50 F. Supp. 3d 1234 (N.D. Cal. 2014) .... 4

*Mossimo Holdings, LLC v. Haralambus*,
2017 WL 1240739 (C.D. Cal. Apr. 4, 2017) .... 9

*Odom v. Microsoft Corp.*,
486 F.3d 541 (9th Cir. 2007) .... 5

*Pac. Recovery Sols. v. Cigna Behav. Health, Inc.*,
2021 WL 1176677 (N.D. Cal. Mar. 29, 2021) .... 6

*Pac. Recovery Sols. v. United Behav. Health*,
481 F. Supp. 3d 1011 (N.D. Cal. 2020) .... 6, 7

*Pincay v. Andrews*,
238 F.3d 1106 (9th Cir. 2001) .... 3

*Rockridge Tr. v. Wells Fargo, N.A.*,
985 F. Supp. 2d 1110 (N.D. Cal. 2013) .... 10

*Saroya v. Univ. of the Pac.*,
503 F. Supp. 3d 986 (N.D. Cal. 2020) .... 8

Locke Lord LLP
300 S. Grand Avenue, Suite 2600
Los Angeles, CA 90071

*State of Cal. ex rel. Mueller v. Walgreen Corp.*, 175 F.R.D. 631 (N.D. Cal. 1997) ....4

*Tatung Co., Ltd. v. Shu Tze Hsu*, 217 F. Supp. 3d 1138 (C.D. Cal. 2016) ....4

**Federal Rules**

FRCP 9(b) .... *passim*

**Federal Statutes**

18 U.S.C. §§ 1341 and 1342 ....6

18 U.S.C. § 1956 ....6

18 U.S.C. § 1961(1) ....6

18 U.S.C. § 1962(d) ....7

RICO .... *passim*

**Locke Lord LLP**
300 S. Grand Avenue, Suite 2600
Los Angeles, CA 90071

Locke Lord LLP
300 S. Grand Avenue, Suite 2600
Los Angeles, CA 90071

## I. INTRODUCTION

Conspicuously absent from the Opposition is any legitimate argument or citation to allegations in the First Amended Complaint ("FAC") which tie James ("Jim") Hebets and The Hebets Company ("HC") (collectively, "the Hebets Parties") to any of the several unrelated and primary schemes alleged against the other defendants. Plaintiff boasts that it alleges "a multitude of schemes" with "over 100 new paragraphs" in the FAC with the mistaken belief that this scattershot approach to pleading is permissible, as Plaintiff fails to assert the necessary elements of its claims against the Hebets Parties. The Opposition confirms that Plaintiff only relies on legal conclusions and group pleadings, and there are no alleged facts which show that the Hebets Parties engaged in any misconduct. Specifically, there are no facts alleged with particularity to show any misrepresentations about bonus plans presented by the Hebets Parties to Borrego. The conclusory assertion which Plaintiff repeats that the Hebets Parties "sold overpriced 162B plans and above-market compensation analysis" is missing the necessary details in the FAC that support this fictional "scheme."

In addition, Plaintiff fails to cite any allegation in the FAC that shows its claims fall within the relevant statutes of limitations or any particular facts establishing that fraudulent concealment would apply to toll them. Plaintiff also does not establish that it alleged the required conduct, an enterprise, common purpose among the defendants, or racketeering activity to support its RICO claim. Further, Plaintiff cannot show the Hebets Parties were aware of the contracts or business relationships that Borrego purportedly had entered into to support its interference claims. Moreover, the intentional and negligent misrepresentation claims lack the necessary particularity to meet the heightened pleading standard of Federal Rule of Civil Procedure ("FRCP") 9(b), and Plaintiff does not even attempt to argue that its allegations include this essential level of detail. Since Plaintiff's causes of action are not adequately pled and there is no possibility of alleging facts under which recovery can be obtained, the Court should dismiss all of Plaintiff's claims with prejudice and deny leave to amend.

Locke Lord LLP
300 S. Grand Avenue, Suite 2600
Los Angeles, CA 90071

## II. ARGUMENT

### A. Plaintiff's Claims Fall Outside The Applicable Limitations Periods

In order to show its claims are timely when the Complaint was filed on July 19, 2022, Plaintiff asserts that "the statute of limitations period began to accrue, at the earliest, October 2020 once the government investigations revealed some of the misconduct." Opp., 17:14-17. However, Plaintiff does not assert—or allege in the FAC—that these "government investigations" uncovered any misconduct related to the alleged schemes involving the Hebets Parties. *Id.* Instead, the allegations cited in the Opposition state that Plaintiff did not have such notice "of the fact of injury throughout the eight-year life of the Priest Leases Scheme" and "[t]he Schemes were concealed by Defendants" and "the Schemes may have remained undiscovered" but for the October 2020 government investigation. FAC, ¶¶ 358 and 550. Rather than alleging any details showing that Plaintiff did not have "constructive or inquiry notice of the fact of injury throughout" the schemes, the relevant allegations involving the Hebets Parties show that Borrego was aware of the purported conduct and injury before July 19, 2018. FAC, ¶ 551.

For example, as part of the purported Jim Hebets Scheme, Plaintiff alleges that the payments to Bruce Hebets' 162B plan were $3,500 per month in 2015, $5,000 per month in 2017, and that Bruce Hebets' 162B plan was worth $1.236 million on July 9, 2018 which was supposedly a "substantial" amount. *Id.* at ¶ 416. Plaintiff alleges in the Compensation/Benefits Scheme that Bruce Hebets and the Borrego Insiders received "high" salaries, bonuses and other benefits beginning at least in 2016 and continuing into 2017. *Id.* at ¶¶ 360-63. Plaintiff does not assert that these payments to Bruce Hebets' 162B plan were hidden from Borrego or that Borrego was unaware of the amount of Bruce Hebets' 162B plan by July 9, 2018. *See* FAC, *generally*. Nor does Plaintiff allege that it was unaware of the salaries and benefits that Bruce Hebets and the Borrego Insiders received in 2016 and 2017. *Id.* Although Plaintiff's claims must have accrued on or after July 19, 2018 to be timely, these allegations establish

that Plaintiff's relevant causes of action accrued prior to this date and are time barred.

While the Opposition also contends that the FAC "alleges pervasive efforts to conceal wrongdoing" involving the other defendants' purported schemes, Plaintiff does not identify ***any*** actions taken by the Hebets Parties to conceal such information. Opp., 17:17 – 18:7. Nor does Plaintiff allege any facts with particularity under FRCP 9(b) to show the Hebets Parties engaged in fraudulent concealment to invoke equitable tolling. *Garrison v. Oracle Corp.*, 159 F. Supp. 3d 1044, 1075 (N.D. Cal. 2016).

It is abundantly clear from the relevant allegations that Plaintiff was aware of the supposed "high" compensation/benefits and "substantial" value of the 162B life insurance plan for Bruce Hebets in 2016 and 2017—which is when Plaintiff's claims began to accrue. FAC, ¶¶ 360 and 415-16. Plaintiff's allegations about the Compensation/Benefits, Payout and Jim Hebets Schemes show that Plaintiff at least had constructive notice of these transactions because there was purportedly "enough information to warrant an investigation which, if reasonably diligent, would have led to discovery of the fraud." *Pincay v. Andrews*, 238 F.3d 1106, 1108–10 (9th Cir. 2001) (limitations period "begins to run when a plaintiff knows or ***should know*** of the injury that underlies his cause of action.") (emphasis added). The FAC does not state that Plaintiff "could not have discovered the alleged" acts by the Hebets Parties that purportedly constitute the misconduct prior to July 19, 2018. *Cathode Ray Tube (CRT) Antitrust Litig.*, 27 F. Supp. 3d 1015, 1020 (N.D. Cal. 2014). Because Plaintiff did not file the original Complaint within four years after its claims began to accrue by 2017, each of these causes of action should be dismissed without leave to amend.

**B. Plaintiff Does Not Show That Its RICO Claim Is Viable**

The Opposition argues that the "pleading standard" for Plaintiff's RICO claim "is relaxed" because the "facts supporting the allegations are exclusively within the defendants' possession." Opp., 19:11-14. Plaintiff's premise in this respect is inherently flawed because it does not allege that "the necessary information lies within the defendant's control" and "a statement of the facts upon which the plaintiff's

Locke Lord LLP
300 S. Grand Avenue, Suite 2600
Los Angeles, CA 90071

information and belief is based." *State of Cal. ex rel. Mueller v. Walgreen Corp.*, 175 F.R.D. 631, 635 (N.D. Cal. 1997). Also, Plaintiff's assertion that it does not have access to "financial transactions among the defendants" is untenable especially when considering that Plaintiff alleges in detail Bruce Hebets' compensation and payments to his 162B life insurance plan. Opp., 19:19-22. Plaintiff has not made any showing that the allegations in support of the RICO claim are exempt from FRCP 9(b).

**1. Plaintiff Fails To Properly Allege Conduct, An Enterprise, Or Facts Showing Defendants Acted With A Common Purpose**

Although Plaintiff contends that the FAC sufficiently alleges the "conduct" element of its RICO claim (Opp., 24:5-20), the allegations describing the schemes pertaining to the Hebets Parties do not show that they "controlled the other members in the associated-in-fact enterprise." *In re WellPoint, Inc. Out-of-Network UCR Rates Litig.*, 903 F. Supp. 2d 880, 912 (C.D. Cal. 2012). Quite the opposite, the Hebets Parties merely provided executive compensation and 162B plans for Borrego pursuant to their normal business. FAC, ¶¶ 46, 372, 404, 407-411 and 413-418. The existence of this "business relationship" "does not show that [the Hebets Parties] directed the enterprise." *In re WellPoint, Inc.*, 903 F. Supp. 2d at 912; *Tatung Co., Ltd. v. Shu Tze Hsu*, 217 F. Supp. 3d 1138, 1166 (C.D. Cal. 2016) ("Simply performing services for the enterprise does not rise to the level of direction.") (internal citations omitted).

The Opposition also does not make any showing that Borrego can serve as the "Enterprise" for its RICO claim against the Hebets Parties. Opp., 26:8-13. In particular, Plaintiff does not explain how there is any "organizational, decision-making structure" among the forty-one defendants for the fourteen disparate schemes that shows any "ongoing organization" between them. *Mohebbi v. Khazen*, 50 F. Supp. 3d 1234, 1254 (N.D. Cal. 2014). Nor does the FAC include any allegations that demonstrate these essential characteristics of a RICO enterprise. The FAC is missing other critical allegations to show that Borrego is the RICO enterprise, including details establishing "the form or structure" of the enterprise, the "ways in which decisions are

Locke Lord LLP
300 S. Grand Avenue, Suite 2600
Los Angeles, CA 90071

made in the enterprise, or even the hierarchy of the alleged actors in the enterprise." *Id.* ("Plaintiff does not allege ***how*** each individual Defendant is engaged in the enterprise.") (emphasis in original). While Bruce Hebets, the Borrego Insiders and the Board Insiders held specific positions within Borrego (FAC, ¶¶ 12-22), the Hebets Parties were completely separate and did not have any affiliation or role with Borrego.

Similarly, the Opposition does not reference any "specific allegations in support of the common purpose" "to engage in a particular fraudulent course of conduct" in the FAC. *In re Jamster Mktg. Litig.*, 2009 WL 1456632, at *5 (S.D. Cal. May 22, 2009). Instead, Plaintiff merely cites to allegations pertaining to the various disconnected schemes and states that "defendants acted with the common purpose of defrauding Borrego and improperly siphoning funds out of Borrego." Opp., 26:8-11. Plaintiff's assertion is exactly the type of "overarching common purpose to engage in fraudulent conduct" which is insufficient to plead a common purpose. *In re Jamster Mktg. Litig.*, 2009 WL 1456632, at *5 (S.D. Cal. May 22, 2009).

Critically, Plaintiff neglects to refute that the Hebets Parties did not have any contact with the Dentist Defendants or did not participate in—or even know about—eleven of the fourteen alleged schemes which they are not named as actors in the FAC. The alleged fourteen schemes involving many unrelated parties did not "function as a continuing unit," but rather operated separately to purportedly siphon money from Borrego. *Odom v. Microsoft Corp.*, 486 F.3d 541, 552 (9th Cir. 2007).

**2. The Opposition Does Not Identify Any Allegations Showing That The Hebets Parties Participated In Racketeering Activity**

Plaintiff states that each of the alleged schemes "involve some use of mail or wire" and for the "Hebets Company Defendants, funds were transferred to Bruce Hebets via wire or mail monthly." Opp., 29:15-22. Despite Plaintiff's assertion in this respect, Plaintiff only cites to one allegation in support which states that Bruce Hebets "was receiving" payments for his 162B plan in 2015 and 2017 that resulted in "tax free bonuses every month." FAC, ¶ 415. Glaringly absent from this allegation is

Locke Lord LLP
300 S. Grand Avenue, Suite 2600
Los Angeles, CA 90071

any reference to the use of the United States mail or interstate telephone wires in furtherance of the alleged scheme or any involvement by the Hebets Parties in delivering these monies to Bruce Hebets. 18 U.S.C. §§ 1341 and 1342. In fact, Plaintiff does not allege that any wire transfers were made to Bruce Hebets or the Hebets Parties as part of the "Jim Hebets Scheme" that satisfy the requisite elements.

In addition, Plaintiff's claim that "Defendants do not contest the merits of the allegations pursuant to Federal health care offenses" is unequivocally false. Opp., 30:2-4. As stated in the Motion, the Hebets Parties contend that Plaintiff has failed to properly allege racketeering activity for the cited federal health care offenses.

Notably, Plaintiff attempts to mislead the Court by stating that the Hebets Parties rely on *Pac. Recovery Sols. v. Cigna Behav. Health, Inc.*, 2021 WL 1176677 (N.D. Cal. Mar. 29, 2021) to support its assertion that federal healthcare offenses cannot serve as predicates for a RICO claim. Opp., 28:7-9, n. 11. In reality, the Hebets Parties did not cite to *Cigna Behav. Health, Inc.*, but cited to a different case—*Pac. Recovery Sols. v. United Behav. Health*, 481 F. Supp. 3d 1011 (N.D. Cal. 2020)—which held that health care offenses "cannot serve as predicates for a RICO claim because they are not listed in 18 U.S.C. § 1961(1)." 481 F. Supp. 3d at 1027.

The plaintiffs in *United Behav. Health* argued that the health care offenses "can give rise to a RICO claim to the extent that they relate to the laundering instruments in violation of 18 U.S.C. § 1956." *Id.* However, the court noted that while money laundering is listed in Section 1961 and can serve as a RICO predicate offense, the complaint was "devoid of allegations that defendants engaged in money-laundering activities." *Id.* Similarly here, Plaintiff states that "specified unlawful activity" under Section 1956 (the "Laundering of monetary instruments" statute) is defined as "an offense involving a 'Federal health care offense.'" Opp., 28:9-11. However, Plaintiff does not allege that the Hebets Parties committed money laundering. *See* FAC, *generally*. As a result, Plaintiff cannot benefit from the "specified unlawful activity" definition under Section 1956 in order to fit within the "racketeering activity" offenses

Locke Lord LLP
300 S. Grand Avenue, Suite 2600
Los Angeles, CA 90071

listed in Section 1961 for its alleged violations of federal health care statutes.

Moreover, the FAC does not allege specific facts showing that the Hebets Parties violated the health care statutes that constitute a "Federal health care offense." FAC, ¶¶ 545-548. The one allegation that Plaintiff cites in the Opposition regarding "Compensation Split Arrangements" pertains to Bruce Hebets providing "access to his contacts at other FQHCs", but not Borrego. Opp., 31:3-5; FAC, ¶ 422. Besides Borrego not being involved in this alleged conduct, Plaintiff does not explain how it constitutes a federal health care offense. Opp., 30:5 – 31:5. Plaintiff's inability to identify any allegations that amount to racketeering activity is fatal to its RICO claim.

**3. Because Plaintiff Does Not Adequately Plead A RICO Claim, Its Conspiracy Based On RICO Claim Is Also Deficient**

Plaintiff argues that its RICO conspiracy cause of action is viable because the FAC alleges defendants' "participation in at least two predicate acts." Opp., 31:15-21. As noted above, Plaintiff does not plead the necessary elements for its RICO cause of action. Thus, Plaintiff's conspiracy claim under 18 U.S.C. § 1962(d) is similarly without merit and should be dismissed. *Pac. Recovery Sols.*, 481 F. Supp. 3d at 1028.

**C. <u>Plaintiff Does Not Allege Facts Which Support The Necessary Elements For Its Misrepresentation Claims</u>**

In support of its false promise, fraudulent concealment, and intentional and negligent misrepresentation causes of action, Plaintiff argues that the Hebets Parties "represented that they were experts in the field of executive compensation" and then "created a sham, inflated compensation evaluation and concealed that a member of the Hebets family was involved." Opp., 35:9-12. Plaintiff also contends that the Hebets Parties "falsely represented that the 162B plans would not be subject to tax penalties" and Borrego relied upon "false information" provided by the Hebets Parties "leading to inflated salaries for its executives." *Id.* at 35:12-16. Missing from the Opposition—as well as FAC—are facts which satisfy each of the elements of the misrepresentation claims. In particular, Plaintiff does not allege that the Hebets

Locke Lord LLP
300 S. Grand Avenue, Suite 2600
Los Angeles, CA 90071

Parties had any (a) knowledge of falsity/lack of reasonable ground for believing the statement(s) to be true or (b) intent to defraud, which are essential elements of the misrepresentation causes of action. *See* Mot., 17:19 – 18:10. Nor does Plaintiff allege any facts which explain why the compensation evaluation of Borrego's executives were purportedly a "sham" and "inflated" or how Jim Hebets' name not appearing on the documents presented to Borrego was problematic. Similarly, Plaintiff does not allege facts which show that the Hebets Parties knew that Borrego would be subject to any "tax penalty" for participating in the 162B compensation plan such that Jim Hebets' representation about the same could even conceivably be fraudulent.

Further, Plaintiff does not meet the heightened pleading standard under FRCP 9(b) for the allegations in support of these claims. Mot., 18:8-10. Plaintiff fails to allege with any specificity the "'who, what, when, where, and how' of the misconduct charged" for these particular claims. *City of Escondido v. Gen. Reinsurance Corp.*, 2019 WL 6917983, at *13 (S.D. Cal. Dec. 18, 2019). Instead, Plaintiff asserts conclusory and vague allegations regarding the conduct involving the Hebets Parties.

### D. <u>Plaintiff Does Not Allege An Identifiable Sum Of Money—Or One Capable Of Identification—Required For Its Conversion Claim</u>

The Opposition states that Plaintiff's damages resulted when, among other things, the Hebets Parties "took Borrego's property for sham executive compensation evaluations and sham retirement benefit evaluations." Opp., 36:20-21. Plaintiff also cites to an allegation in the FAC which states that the 162B bonus plan "would pay Bruce Hebets and others additional compensation" while also "siphoning millions to Jim Hebets' insurance company." FAC, ¶ 372. However, the FAC does not—and cannot—allege a "specific, identifiable sum" of money that was subject to the Hebets Parties' alleged conversion by a wrongful act. *Saroya v. Univ. of the Pac.*, 503 F. Supp. 3d 986, 999 (N.D. Cal. 2020) (internal citations omitted). Instead, Plaintiff only alleges a generalized claim for money which is "not actionable." *Id.* While Plaintiff asserts that "alleging a sum that is capable of identification is sufficient," Plaintiff has

Locke Lord LLP
300 S. Grand Avenue, Suite 2600
Los Angeles, CA 90071

not alleged any amount of money capable of identification by stating that Bruce Hebets and others were paid "additional compensation" from the 162B bonus plan and HC purportedly siphoned millions of dollars away from Borrego. Opp., 35:27 – 36:2.

### E. The Hebets Parties Did Not Know Of Plaintiff's Distinct Agreements Or Economic Relationships To Support The Interference Claims

The Opposition contends that HC "would surely be aware that a FQHC has contracts with Medi-Cal" because HC was supposedly "'experts' in the field" and Jim Hebets evaluated "the funds Borrego received from the Medi-Cal contract." Opp., 39:6-15. Plaintiff is wrong. Despite Plaintiff's hollow assertion that the Hebets Parties have such knowledge of these contracts, the FAC is entirely missing any allegations which show that the Hebets Parties were aware of Plaintiff's business contracts, including the ones with the dental providers, or any of the other purported schemes. FAC, ¶¶ 372, 404 and 407-420. There is also no allegation in the FAC that Jim Hebets evaluated any Medi-Cal contract or funds received therefrom. Plaintiff also does not allege in the FAC that the Hebets Parties intended to "induce a breach or disruption of the contractual relationship." *Mossimo Holdings, LLC v. Haralambus*, 2017 WL 1240739, at *5 (C.D. Cal. Apr. 4, 2017). Further, for its interference with prospective economic relations claims, Plaintiff has not sufficiently alleged any independently wrongful or negligent conduct by the Hebets Parties, or that they owe Plaintiff a duty of care—which the Opposition does not dispute. Mot., 22:4 – 23:4.

### F. Plaintiff's Violation-Of-UCL Claim Cannot Stand

Plaintiff argues that it has "sufficiently pled its UCL claims" because the UCL claim is "premised in its RICO and state law claims." Opp., 43:27-28. Beyond citing to a few cases for the purported pleading standard for a UCL claim, Plaintiff does not make any effort to establish that this claim is sufficient as alleged in the FAC. *Id.* at 43:8-28. On the other hand, the Motion explains in detail how Plaintiff does not plead fraud with the necessary particularity under FRCP 9(b), which is critical to Plaintiff's claims under the "unfair" and "fraudulent" prongs of the UCL. Mot., 23:5-25.

Locke Lord LLP
300 S. Grand Avenue, Suite 2600
Los Angeles, CA 90071

### G. The Conclusory Allegations For The Conspiracy Claim Lack Merit

Similar to the statements alleged in support of Plaintiff's conspiracy claim in the FAC, the Opposition asserts in the most cursory manner that "defendants all acted in concert with one another" and "Borrego seeks liability and damages reflective of the defendants' conduct pursuant to its tort-based claims." Opp., 43:5-7. Not only do Plaintiff's defective underlying tort claims related to the Hebets Parties' purported schemes doom the conspiracy claim, but there are also no facts which establish that the Hebets Parties knew about and agreed to join any of the other alleged schemes involving the Borrego Insiders, Premier Defendants or Dentist Defendants. The fraudulent schemes alleged also do not provide the necessary detail under FRCP 9(b). *Rockridge Tr. v. Wells Fargo, N.A.*, 985 F. Supp. 2d 1110, 1157 (N.D. Cal. 2013).

### H. Plaintiff Does Not Properly Allege Its Unjust Enrichment Claim

The Opposition states that the allegation that "it would be inequitable for the defendants to retain the money obtained via the alleged schemes" is sufficient to allege Plaintiff's unjust enrichment claim. Opp., 44:7-8. Plaintiff does not, however, cite any paragraphs in the FAC which demonstrate that this cause of action is adequate or explain how the general, conclusory allegation pled in support of the claim can prevent dismissal. FAC, ¶ 891. Moreover, Plaintiff's flawed misrepresentation claims are fatal to its unjust enrichment cause of action.

## III. CONCLUSION

For the foregoing reasons and those set forth in the Motion to Dismiss, all of Plaintiff's causes of action in the FAC against the Hebets Parties should be dismissed without leave to amend and with prejudice.

Dated: June 23, 2023

Respectfully submitted,
LOCKE LORD LLP

By: ______________________
Mitchell J. Popham
William Mullen
David Rutan
*Attorneys for Defendants JAMES HEBETS and THE HEBETS COMPANY*

Locke Lord LLP
300 S. Grand Avenue, Suite 2600
Los Angeles, CA 90071