Matthew J. Faust, State Bar No. 254145
Khodadad D. Sharif, State Bar No. 187992
Yasaman Sharif, State Bar No. 298318
SHARIF | FAUST LAWYERS, LTD.
600 B Street, Suite 2490
San Diego, CA  92101
Telephone:   (619) 233-6600
Facsimile:    (619) 233-6602

Attorneys for Defendants
Douglas Ness and Ness Dental Corporation

THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BORREGO COMMUNITY HEALTH FOUNDATION, a California nonprofit public benefit corporation;<br><br>        Plaintiff,<br><br>vs.<br><br>KAREN HEBETS, an individual; et al.<br><br>        Defendants. | Case No.:    3:22-cv-01056-BEN-KSC<br><br>REPLY SUPPORTING NESS DEFENDANTS' MOTION TO DISMISS AS TO FIRST AMENDED COMPLAINT<br><br>Judge:       Hon. Roger T. Benitez<br>Courtroom: 5A<br>Time:        10:30 a.m.<br>Date:        July 3, 2023 |

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ......................................................................................... II

TABLE OF AUTHORITIES .............................................................................. IV

REPLY ............................................................................................................... 1

I.   THE COURT SHOULD DISMISS THE STATE LAW CLAIMS AS AGAINST THE NESS DEFENDANTS BECAUSE THE RICO CLAIM FAILS AGAINST THE NESS DEFENDANTS. .................................................................................. 1

    A.   Conduct. ............................................................................................... 1

    B.   Pattern of Racketeering Activity. ......................................................... 2

    C.   Damages. .............................................................................................. 4

II.  THE COURT SHOULD DISMISS THE STATE LAW CLAIMS AS AGAINST THE NESS DEFENDANTS BECAUSE THE FAC FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED. ..................................................... 4

    A.   Plaintiff's Misrepresentation Claims Fail Against the Ness Defendants. ........ 4

    B.   Plaintiff's Conversion Claim Fails Against the Ness Defendants. ................ 6

    C.   Plaintiff's Interference Claims Fail Against the Ness Defendants. ............... 6

    D.   Plaintiff's Breach of Contract Claim Fails Against the Ness Defendants. ..... 7

    E.   Plaintiff's Conspiracy Claim Fails Against the Ness Defendants. ............... 7

    F.   Plaintiff's Section 17200 Claim Fails Against the Ness Defendants. ............ 8

    G.   Plaintiff's Unjust Enrichment Claim Fails Against the Ness Defendants. ..... 9

III. THE COURT SHOULD DISMISS PLAINTIFF'S CLAIMS AS THEY ARE TIME-BARRED. .................................................................................. 9

IV.  THE COURT SHOULD NOT GRANT PLAINTIFF LEAVE TO AMEND. ...... 10

CONCLUSION ........................................................................................... 10

*Borrego Community Health Foundation v. Karen Hebets, et al.*
Reply Supporting Ness Defendants' Motion to Dismiss as to FAC
iii

# TABLE OF AUTHORITIES

**FEDERAL CASES**

*Claims v. Avanir Pharms. Inc.,*
   2022 U.S. Dist. LEXIS 213975 (C.D. Cal. 2022)................................................1

*Desertrain v. City of Los Angeles,*
   754 F. 3d 1147 (9th Cir. 2014).........................................................................10

*In re Wellpoint Out-Of-Network "UCR" Rates Litig.,*
   865 F. Supp. 2d 1002 (Cal. C. D. 2011) ..................................................... 3, 4, 8

*Matchynski v. Ocwen Loan Servicing,*
   2014 U.S. Dist. LEXIS 6810 (S. D. Cal. 2014)...........................................5, 6

*Moreno v. Vi-Jon, Inc.,*
   2021 U.S. Dist. LEXIS 40032 (S. D. Cal. 2021) ...........................................9

*Myers-Taylor v. Ornua Foods N. Am., Inc.,*
   2019 U.S. Dist. LEXIS 17678 (S. D. Cal. 2019) ...........................................9

*Orr v. Bank of Am.,*
   285 F. 3d 764 (9th Cir. 2002)............................................................................2

*Reddy v. Litton Indus., Inc,*
   912 F.2d 291 (9th Cir. 1990).............................................................................4

*Rutman Wine Co. v. E. & J. Gallo Winery,*
   829 F. 2d 729 (9th Cir. 1987)..........................................................................10

*Shelton v. Ocwen Loan Servicing, LLC,*
   2019 U.S. Dist. LEXIS 169321 (S. D. Cal. 2019) ...........................................8

*TI, Ltd. v. Chavez,*
   2021 U.S. Dist. LEXIS 194133 (S. D. Cal. 2021) ...........................................5

*United States v. Diaz,*
   649 Fed. Appx. 33 (9th Cir. 2016)....................................................................1

*Borrego Community Health Foundation v. Karen Hebets, et al.*
Reply Supporting Ness Defendants' Motion to Dismiss as to FAC

iv

*United States v. Fernandez,*
    388 F. 3d 1199 (9th Cir. 2004)...........................................................................1

**STATE CASES**

*AREI II Cases,*
    216 Cal. App. 4th 1004 (2013) ...........................................................8

*Bondi v. Jewels by Edwar, Ltd.,*
    267 Cal. App. 2d 672 (1968)...............................................................5

*Favila v. Katten Muchin Rosenman LLP,*
    188 Cal. App. 4th 189 (2010)..............................................................7

*Holmes v. Securities Investor Prot. Corp,*
    503 U.S. 258 (1992)............................................................................4

*Irey v. Len,*
    191 Cal. App. 2d 13 (1961).................................................................7

*Nolte v. Cedars-Sinai Medical Center,*
    236 Cal. App. 4th 1401 (2015).........................................................10

*Salinas v. U.S.,*
    522 U.S. 52 (1997)..............................................................................1

*Tenzer v. Superscope,*
    39 Cal. 3d 18 (1985)...........................................................................5

**STATE STATUTES**

California Business and Professions Code Section 17200 .......................................8

**FEDERAL RULES**

Federal Rules of Civil Procedure, Rule 9(b)..................................................... 3, 3, 9

## REPLY

As a last resort to save its insufficiently pleaded FAC, Plaintiff contends that its limited opposition brief does not allow it to expand on all issues. However, as discussed below, Plaintiff fails to demonstrate that any of its claims against the Ness Defendants should survive the Motion. Indeed, none of the portions of the FAC to which it references in its opposition demonstrate any of its claims are sufficiently pleaded against the Ness Defendants. Most notably, for the sole purpose of having its state law contract claims involving the Ness Defendants heard in this forum, Plaintiff has brought the improperly pleaded RICO claim.  Accordingly, the FAC should be dismissed with no leave to amend.

## I.   THE COURT SHOULD DISMISS THE STATE LAW CLAIMS AS AGAINST THE NESS DEFENDANTS BECAUSE THE RICO CLAIM FAILS AGAINST THE NESS DEFENDANTS.

Plaintiff fails to demonstrate that if the Court accepts the allegations concerning the Ness Defendants as true and construes them in the light most favorable to Plaintiff, the Court should find Plaintiff has adequately pled the following elements of the RICO claim: (1) Conduct; (2) enterprise; (3) pattern of racketeering activity; and (4) damages. Most notably, the FAC is devoid of any allegations demonstrating that the Ness Defendants knowingly agreed to conspire with the other defendants to harm Plaintiff.

### A.   Conduct.

Plaintiff's opposition fails to address the issue that the FAC is devoid of any factual allegations demonstrating that Ness Defendants "knowingly agreed to facilitate a scheme which includes the operation or management of a RICO enterprise." *United States v. Diaz,* 649 Fed. Appx. 33, 384 (9th Cir. 2016)(quoting *United States v. Fernandez*, 388 F. 3d 1199, 1230 (9th Cir. 2004). The FAC is devoid of any allegations that the Ness Defendants "knew about and agreed to facilitate the fraudulent scheme.'" *Claims v. Avanir Pharms. Inc.,* 2022 U.S. Dist. LEXIS 213975, *14 (C.D. Cal. 2022) (quoting *Salinas v. U.S.*, 522 U.S. 52, 118 (1997). The portion of the Plaintiff's opposition which addresses its RICO

claim and the element of conspiracy focuses on Plaintiff's allegations involving other defendants such as the Board Insiders and Premier. (Oppo., 20-25.) As to the Ness Defendants, Plaintiff only refers to paragraphs 135 and 269.[1] Neither of these two paragraphs reveal that the Ness Defendants were part of the alleged conspiracy:

> Under the Dental MSA, Premier was also responsible for training the Dental Defendants on how to properly submit their claims to Premier for payment. Premier employee, Maria Elena Fernandez, and Travis Lyon provided training to the Dental Defendants. The Borrego Insiders were also involved in ensuring Premier Defendants trained the contract dental providers in a way to maximize profits from the schemes. For example, on February 20, 2018, Karen Hebets and Travis Lyon had an afternoon phone call to discuss training protocols. (FAC., ¶ 135.)

> In 2018, Ness hired Maura Tuso to work as a dentist at Ness' dental office, Crown Dental Group. During the time Dr. Tuso worked for Ness, Dr. Tuso was suspended from participating in Medi-Cal in any capacity. When submitting her new hire paperwork to Ness, Dr. Tuso told Ness that she was on the suspended provider list. In spite of this, Ness allowed Dr. Tuso to continue to work for him and to provide dental services to Borrego and Medi-Cal patients. As a suspended provider, the treatment and service provided by Dr. Tuso was not subject to payment by Borrego Health or Medi-Cal. (FAC., ¶ 259.)

As the FAC failed to sufficiently allege the Ness Defendants knowingly participated in a conspiracy with the other defendants, the Court should find that the RICO claim fails.

## B.    Pattern of Racketeering Activity.

The FAC remains defective as it fails to allege with particularity under Rule 9(b) any "racketeering activity." As Plaintiff states in its opposition,  predicate acts for "racketeering activity" include mail and wire fraud. *Orr v. Bank of Am.,* 285 F. 3d 764,

---

1 Plaintiffs' sole argument is as follows: "Aldairi, Thompson and Ness also submitted bills for a dentist suspended by Medi-Cal to receive more improper payments. (*Id.* ¶¶ 163, 261, 269). Dentist Defendants coordinated with Premier Defendants to maximize how much money each were able to obtain through improper billing submissions. (*Id.* ¶ 135.) As it pertains to the Dentist Defendants, each received directions from Premier Defendants on how to defraud Borrego with their billing practices, and knowingly did so in order to create an additional profit for themselves. (*Id.)*" (Oppo., 25: 10-16.)

782 (9th Cir. 2002). The elements of mail and wire fraud are "(1) a scheme or artifice devised with (2) the specific intent to defraud and (3) use of the United States mail or interstate telephone wires in furtherance thereof." *Id.* "Although RICO itself is not subject to Federal Rule of Civil Procedure 9(b)'s heightened pleading standards, predicate acts alleging fraud must be pleaded with particularity." *In re Wellpoint Out-Of-Network "UCR" Rates Litig.,* 865 F. Supp. 2d 1002, 1036 (Cal. C. D. 2011). This requires allegations of "the time, place and specific content of the false representation as well as the identities of the parties to the misrepresentation." *Id.*

In its opposition, with respect to the Ness Defendants, Plaintiff argues that "[f]or the Dentist Defendants, pursuant to their contracts, payment for the fraudulently submitted bills were mailed out. (See, i.e., *Id.* ¶¶ 106, 181, Ex. E-O, Q-S.)" (Oppo. 29:19-21.) There is however no allegation, and Plaintiff does not point out to any allegation, in the FAC that: (1) the Ness Defendants devised any scheme to defraud Plaintiff or that there was any agreement reached between the Ness Defendants and other defendants (such as the Borrego Insiders) to submit fraudulent bills to Plaintiff; or (2) the Ness Defendants used mail or interstate telephone wires to submit fraudulent bills to the other defendants/Plaintiff. Paragraph 106 of the FAC, pertinent to the Ness Defendants, states:

> Payment to the dentists was typically within 24 hours of receiving a bill from the dentists, and well before any payment had been made by Medi-Cal. Further, the payments from Borrego Health to the dentists were not recouped by Premier if Medi-Cal never paid Borrego Health. The Borrego Insiders concealed the Premier Scheme from Borrego Health.

(FAC., ¶ 106.) Notably, Plaintiff's claim for mail and wire fraud fails as the FAC is devoid of any specific allegation that the Ness Defendants received payments via mail or wire. Further, the vague and general allegations in paragraphs 265-271 as to the Ness Defendants do not cure the deficiency as they fail to provide sufficient details required under Rule 9(b). Thus, the RICO claim fails.

### C.    Damages.

Plaintiff fails to address the insufficiency of its allegations that the damages suffered by it must have been proximately caused by the racketeering conduct allegedly committed by the Ness Defendants. *Holmes v. Securities Investor Prot. Corp*., 503 U.S. 258, 265-68 (1992); *Reddy v. Litton Indus., Inc*., 912 F.2d 291, 293-94 (9th Cir. 1990). "To state a claim under RICO the plaintiff is required to show that a RICO predicate offense not only was a but for cause of his injury, but was the proximate cause as well." *In re Wellpoint Out-Of-Network "UCR" Rates Litig.,* 865 F. Supp. 2d 1002, 1038 (C.D. Cal. 2011)(internal citations and quotations omitted.) Plaintiff has failed to include any specific instance of billing fraud and the amount of the alleged false billings. Thus, the RICO claim fails.

## II.    THE COURT SHOULD DISMISS THE STATE LAW CLAIMS AS AGAINST THE NESS DEFENDANTS BECAUSE THE FAC FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

As discussed in the preceding section, Plaintiff has failed to show that the overreaching RICO claim is a proper basis for the exercise of supplemental jurisdiction over the state law claims in this case. There is simply no federal question for the Court to evaluate other than the lone, improperly pleaded, claim for a RICO violation. It appears that Plaintiff, while seeking protection from the unpaid debts it owes to the Ness Defendants, in the Bankruptcy Court, is contemporaneously seeking to utilize this Court to also litigate all its claims in one forum. However, this attempt alleges no wrongdoing by the Ness Defendants and consequently raises no federal question. More importantly, there is simply no reason to lump Plaintiff's unrelated contract claims into this case. Thus, the Court should decline to exercise supplemental jurisdiction over the Ness Defendants and dismiss all claims pleaded against them. The Court should also grant this Motion because the FAC fails to properly plead any of the state law claims.

### A.    Plaintiff's Misrepresentation Claims Fail Against the Ness Defendants.

In its opposition, Plaintiff fails to address the insufficiency of the allegations

concerning the 26th C.O.A. for Intentional Misrepresentation or the 39th C.O.A. for Negligent Misrepresentation. The opposition is devoid of any arguments by Plaintiff supporting its claims for Intentional Misrepresentation or Negligent Misrepresentation against the Ness Defendants. As discussed extensively in the Ness Defendants' moving papers, those causes of action should be dismissed as Plaintiff has failed to plead the elements with the required particularity under Rule 9. As for the 43rd C.O.A. for False Promise, Plaintiff merely asserts the following:

> Regarding the Dentist Defendants, pursuant to the Dental Services Agreements each contract dental provider agreed to abide by the law and submit claims for the services rendered in accordance with Medi-Cal's 'per counter' reimbursement method. (*See* Exs. E-M, O-S.) Instead, Dentist Defendants submitted fraudulent bills in concert with instructions from Lyon. (*Id.* ¶ 135.) For Aldairi, Ness and Thompson, they also submitted bills in their names for services rendered by another (suspended) dentist. (*Id.* ¶¶ 163, 262, 270.) Borrego relied on Dentist Defendants' representations that they would only bill for services rendered in order to provide care to traditionally underserved areas. (*See* Ex. E-M, O-S.)

(Oppo., 34:28-35:1-8.) Indeed, a key distinction between breach of contract and promissory fraud is the intent not to perform at the making of the promise. *Tenzer v. Superscope,* 39 Cal. 3d 18, 30-31 (1985), *followed by TI, Ltd. v. Chavez*, 2021 U.S. Dist. LEXIS 194133 *23-*24 (S.D. Cal. 2021) (Hayes, J.). "[S]omething more than nonperformance is required to prove the defendant's intent not to perform his promise." *Id.* None of the allegations in the FAC, or in Plaintiff's contentions mentioned above, support a claim for promissory fraud or any of the elements:

> (1) A promise made regarding a material fact; (2) the absence of intent on the part of the defendant at the time the promise was made to perform it; (3) intent on the part of the defendant to induce action by plaintiff; (4) justifiable reliance on the promise by plaintiff; (5) nonperformance of the promise by the defendant, and (6) injury and damage proximately resulting to the plaintiff.

*Matchynski v. Ocwen Loan Servicing*, 2014 U.S. Dist. LEXIS 6810, *20-21 (S.D. Cal. 2014) (Benitez, J.) *quoting Bondi v. Jewels by Edwar, Ltd.*, 267 Cal. App. 2d 672, 677

(1968). The FAC does not allege, and Plaintiff does not contend, that the Ness Defendants intentionally made any "false promises" *to Plaintiff* prior or at the time of entering into the dental contract on which Plaintiff justifiably relied to its detriment.  The FAC contains no specific allegations regarding any of the elements; thus, the claim for False Promise fails. The misrepresentation claims against the Ness Defendants should be dismissed.

### B.   Plaintiff's Conversion Claim Fails Against the Ness Defendants.

Plaintiff has failed to address any of the issues raised by the Ness Defendants in the moving papers.  Plaintiff merely argues the following as to the Ness Defendants:

> Among other damages suffered by Borrego, the Premier Defendants and Dentist Defendants wrongfully possessed property (money) that rightfully belongs to Borrego. As alleged in the FAC, the Premier Defendants and Dentist Defendants obtained this money through a number of wrongful acts. Borrego sufficiently pleads its conversion claim against both the Premier Defendants and the Dentist Defendants. (*Id.* ¶¶ . . . 265-71 [Ness] . . .)

(Oppo., 36: 3-8.) Plaintiff has failed to address the issue that the FAC does not identify any specific sum of money either of the Ness Defendants supposedly converted, how ownership or right of possession was adversely affected by the Ness Defendant, or how that interference damaged Plaintiff. Thus, the claim for conversion should be dismissed.

### C.   Plaintiff's Interference Claims Fail Against the Ness Defendants.

The Court should dismiss the 45th C.O.A. for Inducing Breach of Contract, the 46th C.O.A. for Intentional Interference with Contract, the 47th C.O.A. for Intentional Interference with Prospective Economic Relations, and the 48th C.O.A. for Negligent Interference with Prospective Economic Relations. In its opposition, with respect to the Ness Defendants, Plaintiff asserts the following:

> Similarly, the Dentist Defendants were also aware of Borrego's contract with Medi-Cal, as they were paid by Borrego for treating its Medi-Cal patients. Despite this, the Dentist Defendants submitted fraudulent bills and were paid millions of unearned dollars. (*Id.* ¶¶ 167-83 [Hawatmeh] . . . and 265-71

[Ness].) In submitting claims that defrauded a government health care program, it was substantially certain that the contracts and economic relationship Borrego had with Medi-Cal would be disrupted.

(FAC., 38: 3-11.) The FAC does not allege that the Ness Defendants knew of or intentionally undertook any intentionally wrongful acts which were intended by the Ness Defendants to disrupt any relationship between Plaintiff and others. Contrary to Plaintiff's contention, nowhere in the FAC or in paragraphs 265-271, it is stated that the Ness Defendants knowingly or intentionally undertook actions which were intended by them to disrupt Plaintiff's relationship with Medi-Cal. Thus, the FAC fails on all grounds, and the Court should dismiss all of the interference claims against the Ness Defendants.

### D.    Plaintiff's Breach of Contract Claim Fails Against the Ness Defendants.

The Court should dismiss the 14th C.O.A. for Breach of Contract against the Ness Defendants. Plaintiff's contention that Dr. Ness entered into a contract with Plaintiff is untenable. The contract, attached as Exhibit S to the FAC, states that only the Ness Dental Corporation was a party to the contract. Alter ego allegations involving Dr. Ness do not make him a party to the contract; if Plaintiff succeeds on its contract claim against the corporation and on its alter ego allegations against the individual, then Dr. Ness may be held personally liable to Plaintiff. *Irey v. Len,* 191 Cal. App. 2d 13 (1961).  Contrary to Plaintiff's contention, the allegations of alter ego are neither sufficient nor specific. As outlined in the Ness Defendants' moving papers, the FAC is devoid of any specific allegations supporting the elements of the alter ego theory. Accordingly, the FAC fails to plead a breach of contract action against the Ness Defendants.

### E.    Plaintiff's Conspiracy Claim Fails Against the Ness Defendants.

The Court should dismiss the 50th C.O.A. for conspiracy against the Ness Defendants. "Civil conspiracy is not an independent tort . . . [a conspiracy] must be activated by the commission of an actual tort." *Favila v. Katten Muchin Rosenman LLP,* 188 Cal. App. 4th 189, 206 (2010). A plaintiff alleging civil conspiracy is required to

show that "each member of the conspiracy acted in concert and came to a mutual understanding to accomplish a common and unlawful plan, and that one or more of them committed an overt act to further it." *Shelton V. Ocwen Loan Servicing, LLC,* 2019 U.S. Dist. LEXIS 169321 at 10 (S. D. Cal. 2019)(Battaglia, J)(dismissing an improperly pleaded conspiracy claim). "It is not enough that the conspirators knew of an intended wrongful act, they must agree—expressly or tacitly—to achieve it." *Id.* (quoting *AREI II Cases*, 216 Cal. App. 4th 1004,1022 (2013).)

Plaintiff's brief discussion of the conspiracy claim states, "[a]s outlined above, defendants all acted in concert with one another and as such, Borrego seeks liability and damages reflective of the defendants' conduct pursuant to its tort-based claims." (Oppo. 43: 5-7.) However, as the portions of the opposition pertaining to the Ness Defendants and referenced to in the previous sections of this brief demonstrate, the FAC does not plead in anything more than uncertain terms how either of the Ness Defendants were involved in any other party's conspiracy. The FAC alleges multiple "schemes" (although not specifically alleged to be conspiracies) supposedly perpetrated by the Insider Defendants, there are no allegations tying the Ness Defendants. Contrary to Plaintiff's contention, there is no allegation anywhere in the FAC that the Ness Defendants "agreed to a common plan or design to commit a tortious act." *Favila,* 188 Cal. App. 4th at 206. Indeed, even "actual knowledge of the planned tort, without more, is insufficient to serve as the basis for a conspiracy claim." *Id.* Accordingly, this claim fails.

## F.   Plaintiff's Section 17200 Claim Fails Against the Ness Defendants.

The Court should dismiss the 49th C.O.A. for violation of Bus. & Prof. Code § 17200 as against the Ness Defendants. As extensively discussed before, Plaintiff's UCL claim under the fraud prong fails as the FAC has failed to plead fraud with the required particularity under Rule 9 (b). *In re Wellpoint Out-Of-Network "UCR" Rates Litig.,* 865 F. Supp. 2d at 1047. Plaintiff's UCL claim under the unfair prong fails as the allegations are

made in the barest of senses and there is no way to evaluate what conduct that Plaintiff contends the Ness Defendants engages in that is unfair. Accordingly, this claim fails.

### G. Plaintiff's Unjust Enrichment Claim Fails Against the Ness Defendants.

The Court should dismiss the 53rd C.O.A. for Unjust Enrichment.  As discussed in the moving papers, "in order to successfully plead a quasi-contract claim based on unjust enrichment, a plaintiff must show some fraud." *Moreno v. Vi-Jon, Inc.,* 2021 U.S. Dist. LEXIS 40032, *25 (S. D. Cal. 2021) citing *Myers-Taylor v. Ornua Foods N. Am., Inc.,* 2019 U.S. Dist. LEXIS 17678, *14-15 (S. D. Cal. 2019)(Huff, J.) Contrary to Plaintiff's contention, it has failed to plead the claim for fraud with the required specificity under Rule 9(b) and has failed to properly address this issue in the opposition. Thus, the claim fails.

## III. THE COURT SHOULD DISMISS PLAINTIFF'S CLAIMS AS THEY ARE TIME-BARRED.

It is alleged that the Ness Defendants' fraudulent contract was executed on May 2, 2016, six years prior to commencement of this lawsuit. It is also alleged that Dr. Ness hired Dr. Tuso and submitted bills on behalf of Dr. Tuso in 2018. Although in its opposition, Plaintiff attempts to argue that with respect to the other defendants, Plaintiff had no reason to discover the wrongful acts, Plaintiff does not have much to state with respect to the Ness Defendants.  Plaintiff merely contends that ". . . Ness and Thompson submitted bills in their names for services rendered by a Medi-Cal suspended dentist. (*Id.* ¶¶ 163, 262, 270)." (Oppo., 18: 6-7.) Plaintiff's reference to paragraph 550, wherein it is alleged that "*most* [schemes] did not come to light until, at the earliest, October 2020 during a government investigation," is not convincing as to the Ness Defendants, because: (1) Plaintiff uses the term "most" and not "none" thus implying that at least some may have come to light before October 2020; (2) there are no allegations in the FAC which would justify Plaintiff's position that it had no reason to discover the 2016 contract or any of the alleged misconduct by the Ness Defendants before October 2020. Accordingly, the claims against the Ness

Defendants are time-barred.

## IV.   THE COURT SHOULD NOT GRANT PLAINTIFF LEAVE TO AMEND.

Plaintiff fails to explain why further amendment would not be futile, when the first leave to amend it was granted proved to be futile. "Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile." *Rutman Wine Co. v. E. & J. Gallo Winery,* 829 F. 2d 729, 738 (9th Cir. 1987). Amongst other factors, the Court may consider "whether the plaintiff has previously amended the complaint." *Desertrain v. City of Los Angeles,* 754 F. 3d 1147, 1154 (9th Cir. 2014). "The plaintiff has the burden of proving the possibility of cure by amendment." *Nolte v. Cedars-Sinai Medical Center,* 236 Cal. App. 4th 1401, 1406 (Cal. 2015). After the Ness Defendants and some other defendants filed their motions to dismiss as to the Complaint on the same or substantially similar grounds raised in the current pending motions to dismiss, Plaintiff obtained leave of Court to amend the defective Complaint. Plaintiff already utilized an opportunity to amend the Complaint after having had the opportunity to review the defendants' original motions to dismiss. That first amendment proved to be futile as the FAC remains defective for the same or substantially similar reasons raised in the original motions to dismiss as to the Complaint. Thus, allowing Plaintiff further leave to amend would be similarly futile, especially since Plaintiff has made no attempt to describe  any additional facts it may possess.

## <u>CONCLUSION</u>

For the stated reasons, the Court should grant the Motion with no leave to amend.

SHARIF | FAUST LAWYERS, LTD.

Dated:   June 23, 2023          BY:          /s/ Matthew J. Faust
                                             Matthew J. Faust, Esq.
                                             Attorneys for Defendants
                                      Douglas Ness and Ness Dental Corporation