MIKIA WALLIS
P.O. BOX 2023
Julian, CA 92036
Telephone: (760) 239-1619
E-Mail: mikiawallis@yahoo.com

*Defendant In Pro Per*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BORREGO COMMUNITY HEALTH FOUNDATION, a California nonprofit public benefit corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MIKIA WALLIS, et al.<br><br>Defendants. | Case No. 3:22-cv-01056-TWR-NLS<br><br>Hon. Roger T. Benitez<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT MIKIA WALLIS'S MOTION TO DISMISS COMPLAINT (F.R.C.P. § 12(B)(6))**<br><br>Date: July 3, 2023<br>Time: 10:30 AM<br>Courtroom: 5A |

**I.     INTRODUCTION**

Plaintiff's Consolidated Opposition (ECF 194) does not adequately address the arguments raised by Defendant Wallis in her motion to dismiss (ECF 180). Broadly speaking, the fundamental problem with Plaintiff's case, unaddressed by the FAC and Plaintiff's Opposition, is that it attempts to "shoehorn" an ordinary business

dispute into a civil RICO claim. *See e.g. McDonald v. Schencker,* 18 F.3d 491, 499 (7th Cir. 1994).

As to Defendant Wallis, Plaintiff alleges that she participated in various ways in various schemes connected to her employment by Plaintiff over an entire decade. As further outlined below, the facts alleged by Plaintiff fall far short of meeting the requirements for RICO or the other causes of action claimed by Plaintiff. Defendant Wallis is alleged to have held various roles, with various relationships (or no relationship) between co-defendants and others. Given the wide variation in the allegations, any implied pattern is illogical. Plaintiff further alleges that these schemes caused Plaintiff economic harm, but fails to establish anything resembling "<u>but for</u>" <u>causation</u> between Defendant Wallis's alleged actions and the alleged losses. Notably, unlike the "Premier Defendants," the "Board Defendants," the "Dentist Defendants," and others similarly situated, Plaintiff does <u>not</u> allege that Defendant Wallis committed any predicate acts that resulted in her fraudulently or unlawfully deriving any benefit beyond the ordinary salary and benefits of employment. Lastly, Plaintiff's Opposition fails to address the fact that its RICO claim and all other claims are time-barred. Plaintiff suggests this is an issue of fact, but it has effectively "plead itself out of court" by alleging facts that establish the defense. *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n,* 377 F.3d 682, 688 (7th Cir. 2004).

## II. REPLY

### A. *Plaintiff Fails to State a Plausible Claim for Relief in its RICO Claim.*

For the reasons further outlined below, Plaintiff's Opposition does not adequately address the argument that Plaintiff's FAC fails to plead a valid civil RICO claim against Defendant Wallis. Therefore, Defendant Wallis requests that the Court dismiss the RICO Claim.

**1. Pleading Fraudulent Acts with Particularity**

Plaintiff argues that the Rule 9(b) requirement is "relaxed when facts supporting the allegations are exclusively within the defendants' possession." (citing *Mueller v. Walgreen Corp.,* 175 F.R.D. 631, 635 (N.D. Cal. 1997). Here, however, it is implausible for Plaintiff to assert that any facts or evidence supporting Plaintiff's allegations could be within the possession of Defendant Wallis, given that Defendant Wallis left Plaintiff's employ in 2020 and, as Plaintiff acknowledges, subsequently turned over all evidence and information relevant to Plaintiff's claims to government investigators. The Rule 9(b) requirement cannot be so far relaxed that it can allow the survival of a largely groundless claim, with some slim hope that the discovery process might reveal relevant evidence. *Limestone Dev. Corp. v. Vill. Of*

*Lemont,* 520 F.3d 797, 803 (7th Cir. 2008).

### 2. Alleged "Racketeering Activities"

As Plaintiff concedes in its Opposition, the only alleged predicate acts are mail and wire fraud, 18 U.S.C. §§ 1341 & 1343, and transacting property derived from illegal activity, 18 U.S.C. § 1957. Defendant Wallis asserts that the FAC fails to plead facts sufficient to establish that she participated in the commission of any of these offenses. Further, the FAC does not allege any facts supporting the conclusion that Defendant Wallis obtained any property from a person or party through fraud or deceit.

Plaintiff's Opposition purports to cite examples of Defendant Wallis's alleged commission of predicate acts, but the FAC fails to specifically plead where, when, how, and to whom Defendant Wallis transmitted any false statement via mail or wire that was intended to deceive Plaintiff. Plaintiff also fails to allege that Defendant Wallis fraudulently attempted or conspired to obtain money or property from Plaintiff, which is a required element of a mail or wire fraud violation. *United States v. Lew,* 875 F.2d 219, 221-222 (9th Cir. 1989). Plaintiff's Opposition also fails to point to any specific alleged facts that Defendant Wallis received any money or property from anyone derived from the allegedly fraudulent transactions.

Unlike other named defendants, Defendant Wallis is not alleged to have derived any economic benefit from the various "schemes." In no manner is it alleged

that Defendant Wallis sought to cause Plaintiff to part with money or property. This concept of causing the "victim" to part with money or property by fraudulent conduct (using the mail or wire, or with known criminally derived property) is an essential element of these predicate acts, yet it is wholly missing from Plaintiff's FAC. *Jury Instruction 2171; Jury Instruction 8.121.*

### 3. Pattern of Racketeering

Even if the Court finds the FAC alleges facts sufficient to establish the required predicate acts, it still does not establish a pattern of racketeering activity as required. *Agency Holding Corp. v. Malley-Duff & Assoc., Inc*., 483 U.S. 143, 154 (1987). In order to show a "pattern of racketeering activity," a plaintiff must show both "relationship" and "continuity" -- that the racketeering predicates are related, and that they either constitute or threaten long-term criminal activity. *H.J. Inc. v. NW Bell Tel. Co*., 492 U.S. 229 (1989). "These predicate acts must form a pattern – that is, they must be 'ordered' or 'arranged.' It is not the number of predicate acts but the relationship that they bear to each other or to some external organizing principle that renders them ordered or arranged." *McGowan v. Weinstein,* 562 F. Supp. 3d 744, 751 (C.D. Cal. 2021).

The FAC fails to allege any relationship between the alleged predicate acts nor any relationship to any external "organizing principle." In fact, the alleged predicate acts are implausibly part of a "pattern," as they are alleged to be perpetrated by

different people at different times for different reasons. Defendant Wallis is alleged to have held different roles at different times with different relationships (or no relationship) with co-defendants and others. Plaintiff's FAC attempts to throw spaghetti at the wall in the hope that a pattern will emerge, but there is no alleged common thread. Plaintiff's Opposition fails to identify any facts or arguments remedying this deficiency.

### 4. Conspiracy

Plaintiff's Opposition argues that the FAC has pled facts sufficient to show a RICO conspiracy. However, as set forth in Defendant Wallis's Motion to Dismiss, Plaintiff's allegations in the FAC support parallel conduct that could just as easily suggest independent, legitimate action by each of the named defendants, including Defendant Wallis.

To establish conspiracy, Plaintiff must make a two-part showing: (1) that Defendant Wallis agreed to facilitate the operation of an enterprise through a pattern of racketeering activity; or (2) that Defendant Wallis agreed to the commission of at least two predicate acts. *Howard v. Am. Online Inc.*, 208 F.3d 741, 751 (9th Cir. 2000). To survive a motion to dismiss, a plaintiff alleging a RICO conspiracy claim must also plausibly allege a "meeting of the minds." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1293-1295.

1 Plaintiff's FAC and Opposition fail to state specific facts tending to show how the defendants, including Defendant Wallis, reached an agreement about the period of the conspiracy, the objective of the conspiracy, and the certain actions of the alleged conspirators taken to achieve that purpose. As noted above, Plaintiff's "spaghetti at the wall" approach fails to show any kind of pattern, let alone one in which it can logically be concluded that the co-Defendants arrived at a meeting of the minds in agreement to commit the predicate acts.

**B.** *The Claims Must Be Dismissed as Time-Barred*

Plaintiff's Opposition argues that the issue of the statute of limitations is an issue of fact to be addressed at trial rather than resolved by a Motion to Dismiss. While sometimes the statute of limitations is an affirmative defense and is not able to be resolved on a motion to dismiss, Plaintiff effectively "plead[s] itself out of court" by alleging facts that squarely establish this defense. *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n,* 377 F.3d 682, 688 (7th Cir. 2004). Plaintiff's FAC alleges that, as early as 2010, members of its Board, including named co-Defendants, had knowledge of or approved of the alleged "schemes." Plaintiff concedes that its agents possessed the knowledge – this is in fact the crux of their case against the Board Defendants. As Defendant Wallis argued in her Motion to Dismiss, a corporation cannot reasonably disclaim its own institutional knowledge by merely turning over the board and leadership team. *See Brady v. Dairy Fresh*

*Products Co.*, 974 F.2d 1149, 1154-55 (9th Cir. 1992). Therefore, it follows that the statute of limitations began to accrue - and expired - years before this action was filed. Therefore, all claims that are time-barred must be dismissed.

### C. Leave to Further Amend the FAC Should Be Denied

The Court may deny Plaintiff leave to amend the complaint if there has been a past failure to cure prior deficiencies. Here, Plaintiff already amended the complaint once, and alleges it can further amend the complaint to include further details surrounding the "schemes." Plaintiff has already had this opportunity and could have added these details in its original complaint and the nearly 200 page FAC. Therefore, the Court should deny Plaintiff leave to further amend the complaint.

### III.  PRAYER FOR RELIEF

For the foregoing reasons, Defendant Wallis asks the Court to dismiss each and every claim alleged against her and to deny Plaintiff leave to further amend the FAC.

Dated: June 23, 2023

Respectfully submitted,

*Mikia Wallis*
_____

Mikia Wallis, Defendant In Pro Per

Case No. 3:22-cv-01056-TWR-NLS

DEFENDANT MIKIA WALLIS'S REPLY - 8